MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    JEANNETTE A. VARGAS
        BRIAN M. FELDMAN
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone Nos. (212) 637-2678/2777
Facsimile Nos. (212) 637-2702/2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- x

AMNESTY INTERNATIONAL USA, CENTER          :
FOR CONSTITUTIONAL RIGHTS, INC., and       :
WASHINGTON SQUARE LEGAL SERVICES,          :     **ECF CASE**
INC.,                                      :
                                           :     ANSWER
                                           :
                    Plaintiffs,            :
                                           :     07 CV 5435 (LAP)
         v.                                :
                                           :
CENTRAL INTELLIGENCE AGENCY,               :
DEPARTMENT OF DEFENSE,                      :
DEPARTMENT OF HOMELAND SECURITY,           :
DEPARTMENT OF JUSTICE, DEPARTMENT          :
OF STATE, AND THEIR COMPONENTS,            :
                                           :
                    Defendants.            :
--------------------------------------------------------- x

        Defendants the Central Intelligence Agency ("CIA"), the United States

Department of Defense ("DOD"), the United States Department of Homeland Security ("DHS"),

the United States Department of Justice ("DOJ"), and the United States Department of State (the

"State Department") and their respective components (collectively, the "defendants"), by their

attorney, Michael J. Garcia, United States Attorney for the Southern District of New York,

answer the complaint of Amnesty International USA ("Amnesty"), Center for Constitutional

Rights, Inc. ("CCR"), and Washington Square Legal Services ("WSLS") (collectively,

"plaintiffs") upon information and belief as follows:

1.     Paragraph 1 of the complaint constitutes plaintiffs' characterization of the nature of this action, to which no response is required.

2.     Neither admit nor deny the allegations contained in paragraph 2 of the complaint because the allegations are vague and ambiguous.  To the extent a response is required, deny the allegations in paragraph 2 of the complaint, except admit and aver that President George W. Bush (the "President") stated in a speech given on September 6, 2006, the text of which is archived at www.whitehouse.gov/news/releases/2006/09/print/20060906-3.html ("President Bush's September 6 Speech" or the "September 6 Speech"), that "a small number of suspected terrorist leaders and operatives captured during the war have been held and questioned outside the United States, in a separate program operated by the Central Intelligence Agency" and "[i]n [certain] cases, it has been necessary to move [some] individuals to an environment where they can be held secretly."  Further admit and aver that Secretary of State Condoleezza Rice (the "Secretary of State") stated in a speech given on December 5, 2005, the text of which is archived at www.state.gov/secretary/rm/2005/57602.htm ("Secretary of State Rice's December 5 Speech" or the "December 5 Speech"), that "[f]or decades, the United States and other countries have used 'renditions' to transport terrorist suspects from the country where they were captured to their home country or to other countries where they can be questioned, held, or brought to justice."

3.     Neither admit nor deny the allegations contained in paragraph 3 of the complaint because the allegations are vague and ambiguous.  To the extent a response is required, deny the allegations in paragraph 3 of the complaint, except admit and aver that the

President stated, in his September 6 Speech, that "[m]any specifics of this program, including where these detainees have been held and the details of their confinement, cannot be divulged [because d]oing so would provide our enemies with information they could use to take retribution against our allies and harm our country," and that "procedures were designed to be safe, to comply with our laws, our Constitution and our treaty obligations."  Further admit and aver that the Secretary of State stated, in her December 5 Speech, that "there have long been many . . . cases where, for some reason, [a] local government cannot detain or prosecute a suspect, and traditional extradition is not a good option[, and i]n those cases the local government can make the sovereign choice to cooperate in a rendition," but that "[t]he United States does not transport, and has not transported, detainees from one country to another for the purpose of interrogation using torture," and that "[t]he United States has not transported anyone, and will not transport anyone, to a country when we believe he will be tortured."  To the extent that plaintiffs seek to characterize "conditions of confinement and interrogation practices" of "a program of detention and interrogation approved by the Director of the Central Intelligence Agency," respectfully refer the Court to Executive Order 13440, Interpretation of the Geneva Convention Common Article 3 as Applied to a Program of Detention and Interrogation Operated by the Central Intelligence Agency, 72 Fed. Reg. 40707 (July 24, 2007).

        4.     Paragraph 4 of the complaint constitutes plaintiffs' characterizations of President Bush's September 6 Speech and Secretary of State Rice's December 5 Speech, to which no response is required.  To the extent a response is required, respectfully refer the Court to the text of those speeches for a true and complete statement of their contents.

5.      Deny the allegations in paragraph 5 of the complaint and footnote 1, except admit and aver that (a) the CIA, DOD, the Department of the Army ("Army"), the Department of the Navy ("Navy"), the Department of the Air Force ("Air Force"), the Defense Intelligence Agency ("DIA"), DOJ, the Federal Bureau of Investigation ("FBI"), DOJ's Office of Intelligence Policy and Review ("OIPR"),[1] and the State Department received a FOIA request, dated December 21, 2004, from CCR (collectively, the "CCR FOIA Requests"); and that (b) the CIA, DOD, DIA, Army, Navy, the United States Marine Corps (the "Marine Corps"), Air Force, DHS, DHS's Directorate for Policy, the United States Immigration and Customs Enforcement ("ICE"), the U.S. Customs and Border Protection ("CBP"), the United States Citizenship and Immigration Services ("USCIS"), DHS's Office of Intelligence and Analysis ("OIA"), DOJ, the FBI, OIPR, and the State Department received two FOIA requests, dated April 25, 2006, from Amnesty and WSLS, and the United States Coast Guard ("Coast Guard") received two FOIA requests, dated May 15, 2006, from Amnesty and WSLS (collectively, "the Amnesty FOIA Requests"), and respectfully refer the Court to the CCR FOIA Requests and the Amnesty FOIA Requests (collectively, the "FOIA Requests") for a true and complete statement of their contents.

6.      Deny the allegations in paragraph 6 of the complaint.

---

[1] OIPR and the Counterrorism and Counterespionage Sections of DOJ's Criminal Division were recently consolidated to form the National Security Division ("NSD"), whose core mission is to coordinate DOJ's efforts to combat terrorism and protect national security. The NSD is responsible for assisting the Attorney General and other senior Department and Executive Branch officials in ensuring that the national security-related activities of the U.S. are consistent with relevant law; overseeing terrorism investigations and prosecutions; handling counterespionage cases and matters; obtaining court authorizations for the collection of foreign intelligence under the Foreign Intelligence Surveillance Act ("FISA"); and conducting oversight of intelligence agency compliance with certain national security legal requirements.

7.     The first sentence of paragraph 7 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, deny the allegations in the first sentence of paragraph 7.  The second sentence of paragraph 7 constitutes plaintiffs' characterization of this action, to which no response is required.  To the extent a response is required, deny the allegations in the second sentence of paragraph 7.

8.     Paragraph 8 of the complaint constitutes plaintiffs' allegations as to jurisdiction and venue, to which no response is required.  To the extent a response is required, deny the allegations in paragraph 8 of the complaint and respectfully refer the Court to the statutes cited in paragraph 8 of the complaint for a true and complete statement of their provisions.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

12.     Paragraph 12 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, deny the allegations in paragraph 12 of the complaint, except admit that the CIA is an agency with the meaning of 5 U.S.C. § 552(f)(1).

13.     Paragraph 13 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, admit the allegations in paragraph 13 of the complaint.

14.     Paragraph 14 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, admit the allegations in paragraph 14 of the complaint.

15.     Paragraph 15 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, admit the allegations in paragraph 15 of the complaint..

16.     Paragraph 16 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, admit the allegations in paragraph 16 of the complaint.

17.     Neither admit nor deny the allegations contained in paragraph 17 of the complaint because the allegations are vague and ambiguous.  To the extent a response is required, deny the allegations in paragraph 17 of the complaint, except admit and aver that the President stated, in his September 6 Speech, that "a small number of suspected terrorist leaders and operatives captured during the war have been held and questioned outside the United States, in a separate program operated by the Central Intelligence Agency" and "[i]n [certain] cases, it has been necessary to move [some] individuals to an environment where they can be held secretly."  Further admit and aver that the Secretary of State stated in her December 5 Speech, that "[f]or decades, the United States and other countries have used 'renditions' to transport

terrorist suspects from the country where they were captured to their home country or to other countries where they can be questioned, held, or brought to justice."

18.     Paragraph 18 of the complaint constitutes plaintiffs' characterizations of the news article and report cited therein, to which no response is required.  To the extent a response is required, respectfully refer the Court to the text of those articles for a true and complete statement of their contents.

19.      Paragraph 19 of the complaint constitutes plaintiffs' characterizations of the news article and report cited therein, to which no response is required.  To the extent a response is required, respectfully refer the Court to the text of those articles for a true and complete statement of their contents.

20.     Paragraph 20 constitutes plaintiffs' characterizations of selective quotations from Secretary of State Rice's December 5 Speech, to which no response is required. To the extent a response is required, respectfully refer the Court to the text of the speech for a true and complete statement of its contents.

21.     Paragraph 21 of the complaint constitutes plaintiffs' characterizations of the news articles cited therein, to which no response is required.  To the extent a response is required, respectfully refer the Court to the text of those articles for a true and complete statement of their contents.

22.     Paragraph 22 of the complaint constitutes plaintiffs' characterizations of the news articles cited therein, to which no response is required.  To the extent a response is required, respectfully refer the Court to the text of those articles for a true and complete statement of their contents.

23.     Paragraph 23 of the complaint constitutes plaintiffs' characterizations of the news articles and reports cited therein, to which no response is required.  To the extent a response is required, respectfully refer the Court to the text of those articles and reports for a true and complete statement of their contents.

24.     The first sentence of paragraph 24 of the complaint constitutes plaintiffs' characterizations of selective quotations from President Bush's September 6 Speech, to which no response is required.  To the extent a response is required, respectfully refer the Court to the text of the speech for a true and complete statement of its contents.  The second sentence of paragraph 24 of the complaint constitutes plaintiffs' characterizations of  two documents released by the Office of the Director of National Intelligence, entitled "Summary of the High Value Terrorist Detainee Program" and "Biographies of High Value Terrorist Detainees Transferred to the US Naval Base at Guantanamo Bay" respectively, to which no response is required.  To the extent a response is required, respectfully refer the Court to the text of those documents for a true and complete statement of their contents.

25.     Paragraph 25 of the complaint constitutes plaintiffs' characterizations of President Bush's September 6 Speech and the two documents released by the Office of the Director of National Intelligence, entitled "Summary of the High Value Terrorist Detainee Program" and "Biographies of High Value Terrorist Detainees Transferred to the US Naval Base at Guantanamo Bay" respectively, to which no response is required.  To the extent a response is required, respectfully refer the Court to the text of the speech and the cited documents for a true and complete statement of their contents.

26.     Paragraph 26 of the complaint constitutes plaintiffs' characterizations of President Bush's September 6 Speech and the two documents released by the Office of the Director of National Intelligence, entitled "Summary of the High Value Terrorist Detainee Program" and "Biographies of High Value Terrorist Detainees Transferred to the US Naval Base at Guantanamo Bay" respectively, to which no response is required.  To the extent a response is required, respectfully refer the Court to the text of the speech and the cited documents for a true and complete statement of their contents.

27.     Paragraph 27 of the complaint constitutes plaintiffs' characterizations of the news article cited therein, to which no response is required.  To the extent a response is required, respectfully refer the Court to the article for a true and complete statement of its contents.

28.     Paragraph 28 of the complaint constitutes plaintiffs' characterizations of the news report cited therein, to which no response is required.  To the extent a response is required, respectfully refer the Court to the news report for a true and complete statement of its contents.

29.     Paragraph 29 and footnote 3 constitute plaintiffs' characterization of their FOIA Requests, to which no response is required.  To the extent a response is required, respectfully refer the Court to the FOIA Requests for a true and complete statement of their contents.

30.     Deny the allegations in paragraph 30 and footnotes 4 and 5 of the complaint, except admit and aver that the CIA, DOD, the Army, the Navy, the Air Force, the DIA, DOJ, the FBI, OIPR, and the State Department received the CCR FOIA Requests; that the

CCR FOIA Requests contained requests for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A) and expedited processing pursuant to 5 U.S.C. § 552(a)(4)(E); that by letter dated February 2, 2005, the CIA denied CCR's request for a fee waiver and for expedited processing; that by letter dated December 30, 2004, DOD granted CCR's request for a fee waiver and denied CCR's request for expedited processing; that by letter dated April 19, 2006, the Air Force informed CCR that there were no assessable fees; that by letter dated January 21, 2005, the FBI granted CCR's request for expedited processing; that by letter dated March 29, 2005, OIPR granted CCR's request for expedited processing; and that by letter dated January 18, 2005, the State Department granted CCR's request for a fee waiver and denied CCR's request for expedited processing, and respectfully refer the Court to the text of those letters for a true and complete statement of their contents.

31.    Deny the allegations in paragraph 31 and footnotes 6 and 7 of the complaint, except admit and aver that the CIA, DOD, DIA, the Army, the Navy, the Air Force, the Marine Corps, DHS, DHS's Directorate for Policy, ICE, CBP, USCIS, the Coast Guard, OIA, DOJ, the FBI, OIPR, and the State Department received the Amnesty FOIA Requests; that the Amnesty FOIA Requests contained requests for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E); that by letters dated May 5, 2006, DOD denied Amnesty and WSLS's requests for expedited processing; that by letters dated May 10, 2006, the DIA denied Amnesty and WSLS's requests for expedited processing; that by letters dated June 7, 2006, the Navy waived fees related to the processing of the Amnesty FOIA Requests; that by letter dated June 8, 2006, the Marine Corps waived fees related to the processing of the Amnesty FOIA Requests; that by letter dated May 3, 2006, DHS

waived search-related fees for the Amnesty FOIA Requests and denied Amnesty and WSLS's

requests for expedited processing; that by letters dated May 11, 2006, ICE waived search-related

fees for the Amnesty FOIA Requests and denied Amnesty and WSLS's requests for expedited

processing; that by letter dated June 7, 2006, OIPR granted Amnesty and WSLS's requests for

expedited processing; and that by letters dated August 25, 2006 and August 29, 2006, the State

Department denied Amnesty and WSLS's requests for a fee waiver and for expedited processing;

and respectfully refer the Court to the text of those agency decisions for a true and complete

statement of their contents.

   32. Deny the allegations in paragraph 32 of the complaint.

   33. Deny the allegations in paragraph 33 of the complaint.

   34. Deny the allegations in paragraph 34 of the complaint, except admit and

aver that by letter dated February 2, 2005, the CIA notified CCR that the CIA would process the

CCR FOIA Request "in accordance with its standard procedures" but that "to the extent [its]

latest request covers any material requested in [its] previous requests for information pertaining

to detainees (F-2004-01456 and F-2004-00066), it will be treated as a duplicate request and not

processed"; that by letter dated April 19, 2006, the Air Force notified CCR that the Air Force

had conducted an appropriate search and that no documents responsive to the CCR FOIA

Request were found; that by letter dated May 27, 2005, the FBI notified CCR that the FBI had

retrieved one three-page document responsive to the CCR Request, and released that document

with redactions made pursuant to 5 U.S.C. §§ 552(b)(2), (b)(6), (b)(7)(C), (b)(7)(D), and

(b)(7)(F); that by letter dated March 29, 2005, OIPR notified CCR that "the fact of the existence

or non-existence of records concerning the matters relating to those set forth in [the CCR

Request] is properly classified under Executive Order 12958, as amended," and that,
"[a]ccordingly, [OIPR could] neither confirm nor deny the existence of records responsive to
[the] request pursuant to 5 U.S.C. § 552(b)(1)"; that by letter dated February 22, 2005, the
Department of State notified CCR that the Department of State had retrieved two documents
from the Central Foreign Policy Records responsive to the CCR Request, and withheld those
documents in full pursuant to 5 U.S.C. § 552(b)(1); that by letter dated March 2, 2006, the
Department of State notified CCR that the Department of State had retrieved ten documents
responsive to the CCR Request from the Bureau of Population, Refugees and Migration Affairs
and the Bureau of South Asian Affairs, referred four of those documents to other agencies for
review, withheld five documents in full pursuant to 5 U.S.C. § 552(b)(1), (b)(5), and (b)(6), and
released one document with redactions made pursuant to 5 U.S.C. § 552(b)(6); that by letter
dated March 2, 2006, the Department of State notified CCR that the Bureau of International
Organization Affairs and the Office of the Legal Adviser had conducted appropriate searches and
that no documents responsive to the Amnesty Requests were found; that by letter dated
November 6, 2006, the Army notified Amnesty and WSLS that the National Detainee Reporting
Center, within the Office of the Provost Marshal General, had conducted an appropriate search
and that no documents responsive to the Amnesty Requests were found; that by letters dated
June 7, 2006, the Navy notified Amnesty and WSLS that the Navy had conducted an appropriate
search and that no documents responsive to the Amnesty FOIA Requests were found; that by
letter dated June 8, 2006, the Marine Corps notified Amnesty and WSLS that the Marine Corps
Intelligence Agency and the Judge Advocate Division had conducted an appropriate search and
that no records responsive to the Amnesty FOIA Requests were found; that by letter dated May

26, 2006, the Air Force notified Amnesty and WSLS that the Air Force Office of the Judge

Advocate's Operations Law Division conducted an appropriate search and that on records

responsive to the Amnesty FOIA Requests were found; that by letter dated November 28, 2006,

DHS notified Amnesty and WSLS that DHS had conducted an appropriate search and that no

records responsive to the Amnesty FOIA Requests were found; that by letters dated September

21, 2006, ICE notified Amnesty and WSLS that ICE was "working diligently" on the Amnesty

FOIA Requests; that by letter dated May 17, 2006, the CBP Office of International Affairs

("INA") notified Amnesty and WSLS that INA had conducted an appropriate search and that no

documents responsive to the Amnesty FOIA Requests were found; that by letter dated June 1,

2006, CBP notified Amnesty and WSLS that CBP had retrieved four pages of responsive

documents from its Office of Field Operations ("OFO"), and released those documents with

redactions pursuant to 5 U.S.C. § 552(b)(2) and (b)(7)(C); that by letter dated June 8, 2006, the

CBP Office of Anti-Terrorism ("OAT") notified Amnesty and WSLS that OAT had determined

that CBP had no documents responsive to the Amnesty FOIA Requests; that by letter dated May

10, 2006, USCIS notified Amnesty and WSLS that "responsive documents are not under the

purview of USCIS"; that by letter dated June 6, 2006, the Coast Guard notified Amnesty and

WSLS that the Coast Guard had conducted an appropriate search and no documents responsive

to the Amnesty FOIA Requests were found; that by letter dated July 6, 2006, Amnesty and

WSLS filed an administrative appeal of the Coast Guard's response with the Commandant (CG

611) of the Coast Guard; that by letter dated September 20, 2006, the Coast Guard Freedom of

Information Officer remanded the Amnesty FOIA Requests for continued processing; that by

letter dated July 25, 2006, OIA notified Amnesty and WSLS that OIA had conducted an

appropriate search and that no documents responsive to the Amnesty FOIA Requests were found; that by letter dated May 18, 2006, the FBI notified Amnesty and WSLS that the FBI had retrieved one three-page document responsive to the Amnesty FOIA Requests, and released the document with redactions made pursuant to 5 U.S.C. § 552(b)(2), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(F); that by letter dated April 2, 2007, the Office of Information and Privacy ("OIP"), which adjudicates all appeals from agencies within the Department of Justice, notified Amnesty and WSLS, on behalf of the Executive Office for United States Attorneys ("EOUSA"), that EOUSA had retrieved one page responsive to the Amnesty FOIA Requests, and released the responsive portion of that page in full; that by letter dated October 30, 2006, OIPR notified Amnesty and WSLS that OIPR could "neither confirm nor deny the existence of records responsive to [the Amnesty FOIA] request pursuant to 5 U.S.C. § 552(b)(1)"; that by letter dated February 1, 2007, the Department of State notified Amnesty and WSLS that the Department of State had retrieved two documents responsive to the Amnesty FOIA Requests from its Bureau of South and Central Asian Affairs, and released those documents in full; that by letter dated February 1, 2007, the Department of State notified Amnesty and WSLS that the Department of State had conducted an appropriate search of its Central Foreign Policy Records and the Bureau of Population, Refugees and Migration and that no documents responsive to the Amnesty FOIA Requests were found; and respectfully refer the Court to the text of those letters for a true and complete statement of their contents.

35.     Deny the allegations in paragraph 35 of the complaint, except admit and aver that by letter dated February 2, 2005, the CIA denied CCR's request for a fee waiver and for expedited processing; that by letter dated December 30, 2004, DOD granted CCR's request for a

fee waiver and denied CCR's request for expedited processing; that by letter dated April 19, 2006, Air Force informed CCR that there were no assessable fees; that by letter dated January 21, 2005, the FBI granted CCR's request for expedited processing; that by letter dated March 29, 2005, OIPR granted CCR's request for expedited processing; that by letter dated January 18, 2005, the State Department granted CCR's request for a fee waiver and denied CCR's request for expedited processing; that by letters dated May 5, 2006, DOD denied Amnesty and WSLS's requests for expedited processing; that by letters dated May 10, 2006, the DIA denied Amnesty and WSLS's requests for expedited processing; that by letters dated June 7, 2006, the Navy waived fees related to the processing of the Amnesty FOIA Requests; that by letter dated June 8, 2006, the Marine Corps waived fees related to the processing of the Amnesty FOIA Requests; that by letter dated May 3, 2006, DHS waived search-related fees for the Amnesty FOIA Requests and denied Amnesty and WSLS's requests for expedited processing; that by letters dated May 11, 2006, ICE waived search-related fees for the Amnesty FOIA Requests and denied Amnesty and WSLS's requests for expedited processing; that by letter dated June 7, 2006, OIPR granted Amnesty and WSLS's requests for expedited processing; and that by letters dated August 25, 2006 and August 29, 2006, the State Department denied Amnesty and WSLS's requests for a fee waiver and for expedited processing; and respectfully refer the Court to the text of those agency decisions for a true and complete statement of their contents.

36.    Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 35 of the complaint as though fully set forth in this paragraph.

37.     Paragraph 37 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, deny the allegations in paragraph 37 of the complaint.

38.     Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 37 of the complaint as though fully set forth in this paragraph.

39.     Deny the allegations in paragraph 39 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature of plaintiffs' information and beliefs.

40.     Paragraph 40 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, deny the allegations in paragraph 40 of the complaint.

41.     Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 40 of the complaint as though fully set forth in this paragraph.

42.     Paragraph 42 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, deny the allegations in paragraph 42 of the complaint.

43.     Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 42 of the complaint as though fully set forth in this paragraph.

44.     Deny the allegations in paragraph 44 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature of plaintiffs' information and beliefs.

45.     Paragraph 45 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, deny the allegations in paragraph 45 of the complaint.

46.     Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 45 of the complaint as though fully set forth in this paragraph.

47.     Paragraph 47 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, deny the allegations in paragraph 47 of the complaint.

48.     Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 47 of the complaint as though fully set forth in this paragraph.

49.     Deny the allegations in paragraph 49 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature of plaintiffs' information and beliefs.

50.     Paragraph 50 of the complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, deny the allegations in paragraph 50 of the complaint.

51.     The allegations in the unnumbered paragraph following paragraph 50 of the complaint and commencing with the word "WHEREFORE" state plaintiffs' request for relief, to which no response is required.  To the extent a response is required, deny that plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

## FIRST DEFENSE

52.     The court lacks subject matter jurisdiction over the complaint in whole or in part because plaintiffs failed to exhaust administrative remedies.

## SECOND DEFENSE

53.     The complaint should be dismissed in whole or part for failure to state a claim upon which relief could be granted.

## THIRD DEFENSE

54.     The complaint should be dismissed to the extent that a search for responsive agency records would significantly interfere with the operation of the defendants' automated systems.   See 5 U.S.C. § 552(a)(3)(C).

## FOURTH DEFENSE

55.     Defendants have exercised due diligence in processing plaintiffs' FOIA Requests and exceptional circumstances exist that necessitate additional time for the defendants to complete their processing of the FOIA Requests.   See 5 U.S.C. § 552(a)(6)(C).

## FIFTH DEFENSE

56.     Some or all of the requested documents are exempt from disclosure.   See 5 U.S.C. § 552(b).

## SIXTH DEFENSE

57.     The Court lacks subject matter jurisdiction over plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

## SEVENTH DEFENSE

58.     Some or all of plaintiffs' claims are barred by res judicata or collateral estoppel.

## EIGHTH DEFENSE

59.     The complaint should be dismissed to the extent that plaintiffs' requests seek operational files of the CIA and/or the DIA.   <u>See</u> 50 U.S.C. §§ 431, 432c.

WHEREFORE, the defendants demand judgment dismissing the complaint and granting such other and further relief as this Court deems just and proper, including costs and disbursements.

Dated:          New York, New York
                August 3, 2007

                                MICHAEL J. GARCIA
                                United States Attorney for the
                                Southern District of New York,
                                Attorney for Defendants


                        By:     ____/s/_____
                                JEANNETTE A. VARGAS
                                BRIAN M. FELDMAN
                                Assistant United States Attorneys
                                86 Chambers Street, Third Floor
                                New York, New York 10007
                                Telephone Nos. (212) 637-2678/2777
                                Facsimile Nos. (212) 637-2702/2717

TO:     Bruce M. Berman
        Kyle M. DeYoung
        Wilmer Cutler Pickering Hale and Dorr LLP
        1875 Pennsylvania Avenue, N.W.
        Washington, D.C. 20006
        Attorneys for Plaintiff