UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

AMNESTY INTERNATIONAL USA, CENTER
FOR CONSTITUTIONAL RIGHTS, INC., and
WASHINGTON SQUARE LEGAL SERVICES, INC.,

      Plaintiffs,

      v.

CENTRAL INTELLIGENCE AGENCY,
DEPARTMENT OF DEFENSE, DEPARTMENT
OF HOMELAND SECURITY, DEPARTMENT
OF JUSTICE, DEPARTMENT OF STATE, and
THEIR COMPONENTS,

      Defendants.

07 CV 5435 (LAP)

**DECLARATION OF
CATRINA M. PAVLIK-KEENAN**

---

I, Catrina Pavlik-Keenan, hereby declare and state as follows:

1. I am the Freedom of Information Act ("FOIA") Officer of the Freedom of Information Act/Privacy Act Office at U.S. Immigration and Customs Enforcement ("ICE") within the Department of Homeland Security ("DHS") (the "ICE FOIA Office"). I make this declaration in support of the Department of Homeland Security's Motion for Partial Summary Judgment. The statements I make in this declaration are made on the basis of personal knowledge, my review of files within the ICE FOIA Office, and information I have received in the performance of my official duties.

2. I have held the position of FOIA Officer in the ICE FOIA Office since December 18, 2006. As the FOIA Officer, I am the individual primarily responsible for the oversight of the ICE FOIA office. My official duties and responsibilities include receiving, logging, tracking,

and processing all FOIA requests made pursuant to 5 U.S.C. § 552, and reviewing responses to FOIA requests processed by other FOIA paralegal specialists on my staff.

**Receipt Of Plaintiffs' FOIA Request**

3.   On May 8, 2006, the ICE Information Disclosure Unit, Mission Support Division, Office of Investigations, received a FOIA request from Plaintiffs, Amnesty International USA and Washington Square Legal Services, Inc. (collectively, "Plaintiffs"). Plaintiffs' FOIA request was dated April 25, 2006, addressed to ICE, and entitled "Request Submitted Under the Freedom of Information Act for Records Concerning Detainees, including 'Ghost Detainees/Prisoners,' 'Unregistered Detainees/Prisoners,' and 'CIA Detainees/Prisoners'" (the "FOIA Request" or "Plaintiffs' FOIA Request"). The FOIA Request sought records regarding "individuals who were, have been, or continue to be deprived of their liberty by or with the involvement of the United States and about whom the United States has not provided public information," including records regarding their "apprehension, transfer, detention, and interrogation." A true and complete copy of Plaintiffs' FOIA Request is attached to this declaration as Exhibit A.

4.   By letter dated May 11, 2006, the ICE Information Disclosure Unit acknowledged Plaintiffs' FOIA Request and assigned it FOIA tracking number 2006DRO22078. A true and complete copy of the May 11, 2006 acknowledgement letter is attached to this declaration as Exhibit B.

**ICE's Searches**

5.   Initially, ICE tasked the Office of Detention and Removal Operations ("DRO"), a component of ICE, with searching for records responsive to Plaintiffs' Request because DRO is regularly involved in the detention and removal of aliens.

6. DRO consists of five divisions: the Criminal Alien Division, the Compliance Enforcement Division, the Removal Management Division, the Detention Management Division, and the Management Development Program. The primary intelligence component of DRO, which maintains all or nearly all of DRO's classified information, is the Office of DRO Intelligence Operations within the Criminal Alien Division. The ICE FOIA Office forwarded the FOIA Request to the Chief of Intelligence Operations because our staff believed that Intelligence Operations was the office within DRO most likely to have responsive documents.

7. Based on his knowledge of DRO Intelligence Operations and on discussions with personnel within his office, the Chief of Intelligence Operations informed our staff that his office was not likely to have any records responsive to the FOIA Request. The Chief of Intelligence Operations further informed our staff that, based on his knowledge of DRO Intelligence Operations, he knew that DRO did not detain individuals "about whom the United States has not provided public information."

8. Nevertheless, the Chief of Intelligence Operations personally conducted a search for responsive records. He first conducted an unclassified search of Intelligence Operations' electronic files by searching through the Intelligence Operations files on the DRO shared drive for any records responsive to the FOIA Request. He searched the shared drive by opening the electronic folders, and documents within those folders, as necessary to determine if any documents were responsive. He found no responsive documents.

9. The Chief of Intelligence Operations also personally searched Intelligence Operations' classified safe for any documents responsive to the FOIA Request. He conducted the search by hand to determine whether any document was responsive to the FOIA Request. None of the documents were responsive to the FOIA Request.

10. The Chief of Intelligence then forwarded the FOIA Request to each of the Deputy Assistant Directors for the operational divisions of DRO, i.e., each of the divisions listed in paragraph 6, except the Management Development Program. All of the Deputy Assistant Directors responded that, based on their knowledge of the activities of their divisions, they knew their divisions would not have any records responsive to the FOIA Request.

11. In light of the no records response from DRO, the ICE FOIA Office tasked three other components of ICE: the Office of Investigations, because that office conducts criminal investigations into threats to national security; the Office of Intelligence, because that office analyzes intelligence information for ICE; and the Office of International Affairs, because that office supports ICE with intelligence relating to criminal investigations, DRO-related investigations, and officer safety.

12. The ICE Information Disclosure Unit, which handles all FOIA requests involving the Office of Investigations, determined that the only office within the Office of Investigations likely to have responsive records would be the National Security Division. The National Security Division is headed by a Deputy Assistant Director. Our office sent a copy of the FOIA request to the Acting Deputy Assistant Director of the National Security Division, and he informed us, based on his knowledge of the activities of the National Security Division, that he knew that the division would not have any records responsive to the FOIA Request.

13. The Operations Divisions of the Office of Intelligence and the Office of International Affairs are also each headed by a Deputy Assistant Director. Our office sent a copy of the FOIA request to each of the Deputy Assistant Directors for Operations in these divisions, and both Deputy Assistant Directors informed us that, based on their knowledge of the activities

of their divisions, they knew their divisions would not have any records responsive to the FOIA Request.

14. Both Deputy Assistant Directors also informed us that they do not have any programs that involve detaining individuals "about whom the United States has not provided public information." Moreover, they both informed us that their divisions do not engage in apprehension, transfer, detention, or interrogation operations.

15. In an abundance of caution, the Operations Deputy Assistant Director for the Office of International Affairs additionally conducted a hand search of his classified records for any records responsive to the FOIA Request. He found none.

16. At the request of the ICE FOIA Office, the Office of Investigations also conducted a NetLEADS search of the Treasury Enforcement Communications System ("TECS") database. TECS is used by the Office of Investigations, the Office of Intelligence, and the Office of International Affairs. Although none of these offices was likely to have any documents responsive to the FOIA Request, if any documents regarding apprehension, transfer, detention, or interrogation were maintained by these offices, TECS is the system of records that would be most likely to include such documents.

17. TECS includes a wide range of law enforcement information from a variety of federal, state and local sources. TECS records include the records of known criminal law violators and wanted persons. The records include personal information on individuals, such as their names, aliases, dates of birth, addresses, physical descriptions, and identification numbers, as well as details and circumstances regarding searches, arrests, and seizures of persons and things.

18. To search TECS using unstructured terms requires an outside search application, such as NetLEADS, which permits the search of general unstructured terms. The NetLEADS search matrix permits the query of single terms, multiple terms, or a combination of terms within one or all of the following TECS database reports: Intelligence Reports, Reports of Investigations ("ROIs"), and Seized Asset and Case Tracking System ("SEACATS") incident reports. ROIs are investigative reports detailing the course of an investigation. A single ROI may contain agency codes, narratives, and personally identifiable information. SEACATS incident reports are ICE and Customs and Border Protection's ("CBP") automated system for tracking seized assets, seizures, penalties, liquidated damages activities, and all related revenue issues. For example, a SEACATS incident report would be created in TECS pursuant to a seizure at a port of entry.

19. The terms used to run the NetLEADS query are as follows: (1) "ghost" with "prisoner," "prisoners," "imprisonment," "imprisoned," "imprison," "detainee," "detainees," "detention"; (2) "unregistered" with "prisoner," "prisoners," "imprisonment," "imprisoned," "imprison," "detainee," "detainees," "detention"; and (3) "CIA" with "prisoner," "prisoners," "imprisonment," "imprisoned," "imprison," "detainee," "detainees," "detention." All of the documents produced by the queries were searched for any records responsive to the FOIA Request. No responsive records were found.

20. In a letter to Plaintiffs dated August 15, 2007, the ICE FOIA Office issued a final response to Plaintiffs' FOIA Request, stating that no responsive records were found. A true and complete copy of the August 15, 2007 response is attached to this declaration as Exhibit C.

21.	The searches conducted in this matter were consistent with ICE procedures for responding to requests under the FOIA. All files likely to contain responsive materials were searched.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Signed this 30th day of November, 2007.

*[signature]*
CATRINA M. PAVLIK-KEENAN
FOIA Officer
Freedom of Information Act Office
U. S. Immigration and Customs Enforcement
United States Department of Homeland Security