UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

AMNESTY INTERNATIONAL USA, CENTER
FOR CONSTITUTIONAL RIGHTS, INC. and
WASHINGTON SQUARE LEGAL SERVICES, INC.,

    Plaintiffs,

v.

CENTRAL INTELLIGENCE AGENCY,
DEPARTMENT OF DEFENSE, DEPARTMENT
OF HOMELAND SECURITY, DEPARTMENT
OF JUSTICE, DEPARTMENT OF STATE, and
THEIR COMPONENTS,

    Defendants.

07 CV 5435 (LAP)

**DECLARATION OF SHARI SUZUKI**

---

I, Shari Suzuki, hereby declare and state as follows:

1. I am the Chief of the Freedom of Information Act Appeals Policy and Litigation Branch ("FAPLB") in the Regulations and Disclosure Law Division of the Office of International Trade at the U.S. Customs and Border Protection ("CBP") of the Department of Homeland Security ("DHS"). I make this declaration in support of the Department of Homeland Security's Motion for Partial Summary Judgment. The statements I make in this declaration are made on the basis of personal knowledge, my review of CBP files, and information I have received in the performance of my official duties.

2. The FAPLB is the office within DHS/CBP that is charged with managing and responding to administrative appeals of initial responses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

3.  I have served as the FAPLB Chief since April 2, 2006. As Chief of the FAPLB, I am responsible for the overall supervision and management of the FAPLB. My responsibilities include, inter alia, giving guidance and instructions to CBP personnel regarding the processing of FOIA requests, adjudicating administrative appeals that concern FOIA requests, and overseeing all CBP activities related to information disclosure. As Chief of the FAPLB, I am familiar with the procedures followed by CBP in responding to requests for information from its files pursuant to the provisions of the FOIA.

**Receipt of Plaintiffs' FOIA Request**

4.  **By letter dated April 25, 2006**, Plaintiffs Amnesty International USA and Washington Square Legal Services, Inc. (collectively, "Plaintiffs") submitted a FOIA request addressed to CBP, entitled "Request Submitted Under the Freedom of Information Act for Records Concerning Detainees, including 'Ghost Detainees/Prisoners,' 'Unregistered Detainees/Prisoners,' and 'CIA Detainees/Prisoners'" (the "FOIA Request" or "Plaintiffs' FOIA Request"). The FOIA Request sought records regarding "individuals who were, have been, or continue to be deprived of their liberty by or with the involvement of the United States and about whom the United States has not provided public information." A true and complete copy of Plaintiffs' FOIA Request is attached to this declaration as Exhibit A.

**CBP Searches**

5.  **At the time** the request was received, CBP consisted of twenty offices: the Office of the Commissioner, the Office of Finance, the Office of Human Resources Management, the Office of Training and Development, the Equal Employment Opportunity Office, the Office of Anti-Terrorism, the Office of Policy and Planning, the Office of Public Affairs, the Office of Information and Technology, the Office of Chief Counsel, the Office of the Secure Border Initiative, the Office of the Secure Freight Initiative, the Office of Congressional Affairs, the

2

Office of Internal Affairs, the Office of Intelligence, the Office of International Affairs, the Office of Field Operations, the Office of the Border Patrol, the Office of Customs and Border Protection Air and Marine, and the Office of International Trade.

6. Upon receiving the request, my office determined that CBP would not likely have records responsive to the request because CBP does not have any programs, known to our office staff, which involve detaining individuals "about whom the United States has not provided public information."

7. Nevertheless, we determined that, if any office at CBP would have responsive records, the most likely would be: the Office of International Affairs, because that office focused on, inter alia, global security and counter-terrorism; the Office of Field Operations, because that office handled CBP inspections, interdiction, and security at ports of entry; the Office of Anti-Terrorism, because that office was the leader in CBP's anti-terrorism efforts; the Office of Intelligence, because that office was the central intelligence branch of CBP; [1] and the Office of Public Affairs, because that office interacted with the public regarding activities at CBP and, therefore, might have received complaints regarding the issues presented in the FOIA Request.

**Office of International Affairs**

8. At the time we received the FOIA Request, the Office of International Affairs consisted of four divisions: the Training and Assistance Division; the Policy and Programs Division (which is responsible for developing strategies for international negotiations); the Foreign Operations Divisions (which is responsible for advocating CBP positions in international forums); and Administration and Program Support.

---

[1] On October 1, 2007, the Office of Anti-Terrorism and the Office of Intelligence were merged to form a new office named the Office of Intelligence and Operations Coordination ("OIOC"). OIOC manages all aspects of the intelligence cycle and ensures that intelligence is fully integrated into CBP's interdiction, apprehension and enforcement actions and operations.

3

9.  The FOIA Processor for the Office of International Affairs forwarded the request to the Training Assistance Division because that was the only division that she believed, based on her knowledge of the operations of the Office of International Affairs, might have responsive records.

10. The Director of the Training Assistance Division stated that the division did not maintain any programs related to the issues covered by the FOIA request and would not have responsive documents.

11. Accordingly, the Office of International Affairs responded to Plaintiffs by letter dated May 17, 2006, indicating that the office did not have responsive records. A true and complete copy of the May 17, 2006 letter is attached to this declaration as Exhibit B.

**Office of Field Operations**

12. The Office of Field Operations maintains records regarding individuals primarily in the Treasury Enforcement Communications System ("TECS"). TECS records include the records of known criminal law violators and wanted persons. The records include personal information on individuals, such as their names, aliases, dates of birth, addresses, physical descriptions, and identification numbers, as well as details and circumstances regarding searches, arrests, and seizures of persons and things. Personnel in the Office of Field Operations use TECS to record information about individuals.

13. A search of TECS, using the NetLEADS search engine and terms drawn from the FOIA Request, was conducted by U.S. Immigration and Customs Enforcement, as detailed in the declaration of Catrina M. Pavlik-Keenan. No responsive documents were located.

14. In addition to the TECS search, the Office of Field Operations' FOIA Processor showed the FOIA Request to the Executive Director of the Office of Admissibility Requirements and Migration Control, which is a division of the Office of Field Operations. The FOIA

4

Processor made an inquiry with the Executive Director because the office he managed, Admissibility Requirements and Migration Control, handles issues regarding admissibility into the United States, and the FOIA Processor believed that he might have additional information about any responsive records.

15. The Executive Director indicated that, based on his knowledge of the operations of the division, there were no documents in his division responsive to the FOIA Request. He recalled, however, from his personal experience in an Immigration and Naturalization Service office outside the Office of Field Operations, a record that he erroneously believed was responsive to the request. The Executive Director searched a compact disc he maintained from his prior work and located the four-page document.

16. The Office of Field Operations responded by letter dated June 1, 2006, indicating that it was releasing four pages with redactions. A true and complete copy of the June 1, 2006 letter is attached to this declaration as Exhibit C.

### Office of Anti-Terrorism

17. The Office of Anti-Terrorism FOIA Processor first performed an electronic search of the office's "Enterprise Program Management Office ("ePMO"). The ePMO is a web-enabled project work management system that was used to identify, assign and track work activity within the Office of Anti-Terrorism. The ePMO was used as an internal tracking system and a shared network drive for all Office of Anti-Terrorism products, and contained all correspondence received by, all working documents of, and all documents issued by the Office of Anti-Terrorism.

18. The FOIA Processor conducted the ePMO search using the following search term "Ghost Detainees." "Ghost Prisoners," "Unregistered Detainees," "Unregistered Prisoners," "CIA Detainees" "CIA Prisoners," "Other Governmental Agency Detainees" and

"OGA Detainees." No responsive documents were located.

19. In addition to the ePMO search, the FOIA Processor performed a search of hard copy files within the Office of Anti-Terrorism. The hard copy files consisted of incoming correspondence and outgoing final products signed by the Assistant Commissioner of the Office of Anti-Terrorism. Although the documents in the hard copy files would be likely to be found in ePMO, a manual search of these hard copy files was also performed by scanning the files for the keywords mentioned in the previous paragraph. No responsive records were located.

20. The FOIA Processor also searched the Office of Anti-Terrorism's shared network drive because, prior to the existence of the ePMO, the staff at the Office of Anti-Terrorism would save work products to the shared network drive. The FOIA Processor conducted the search using the search terms previously identified. No responsive documents were located.

21. By letter dated June 8, 2006, the Office of Anti-Terrorism informed Plaintiffs that any responsive records were not of the type reasonably expected to be located within any office within CBP. A true and complete copy of the June 8, 2006 letter is attached to this declaration as Exhibit D.

### Office of Intelligence

22. The FOIA Processor for the Office of Intelligence forwarded the FOIA Request to the six divisions within the Office of Intelligence: Enterprise Management (which handled budget and administration); the Analysis and Assessment Branch; Intelligence Support to Operations; Information Acquisition and Management; Security Workforce Management; and International Intelligence Programs (which handled the Container Security Initiative at various international ports).

23. All of the division directors responded to the FOIA Processor, and stated, based on their knowledge of the operations of their division, that they knew their division did not have

any records responsive to the FOIA Request. The division directors further indicated that the Office of Intelligence was not responsible for detainees of the type described in the FOIA request, i.e., "individuals who were, have been, or continue to be deprived of their liberty by or with the involvement of the United States and about whom the United States has not provided public information."

24.   Moreover, the Director of Information Acquisition and Management indicated that records of the Office of Intelligence were primarily maintained in TECS, which, as noted above, had been searched with the NetLEADS search engine, which returned no responsive documents.

### Office of Public Affairs

25.   The FOIA Processor for the Office of Public Affairs, based on her knowledge of the operations of the office, forwarded the request to the Customer Service Center ("CSC"), as the only office within the Office of Public Affairs likely to have responsive records. The CSC handles general inquiries about CBP requirements and procedures. The CSC also receives CBP-related complaints and maintains the "Questions" module on the CBP public website, which is an automated database that enables the general public to obtain information about CBP requirements at any time of day.

26.   The head of the CSC searched for records by calling up a report for the "emerging issues" category of questions for the past year. The "emerging issues" categories include new questions that are not covered by existing categories, such as importing procedures and requirements, requirements for international travelers, and exporting requirements. She scanned the entries made by CSC staff describing the nature of inquiries to CBP for terms such as "Ghost Detainees," "Ghost Prisoners," "Unregistered Detainees," "Unregistered Prisoners," "CIA Detainees," "CIA Prisoners" and "transit of prisoners of war." No responsive documents were

7

located.

27. The searches conducted in this matter were consistent with CBP procedures for responding to requests under the FOIA. All files likely to contain responsive materials were searched.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 30th day of November 2007, in Washington, D.C.

Shari Suzuki, Chief
FOIA Appeals, Policy & Litigation Branch,
Regulations and Disclosure Law Division,
Office of International Trade
U.S. Customs and Border Protection
Washington, D.C. 20229