UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

AMNESTY INTERNATIONAL USA, CENTER
FOR CONSTITUTIONAL RIGHTS, INC., and
WASHINGTON SQUARE LEGAL SERVICES, INC.,

        Plaintiffs,

        v.

CENTRAL INTELLIGENCE AGENCY,
DEPARTMENT OF DEFENSE, DEPARTMENT
OF HOMELAND SECURITY, DEPARTMENT
OF JUSTICE, DEPARTMENT OF STATE, and
THEIR COMPONENTS,

        Defendants.

07 CV 5435 (LAP)

**DECLARATION OF NICOLE BERTUCCI**

---

I, Nicole Bertucci, hereby declare and state as follows:

1. I am the Freedom of Information Act ("FOIA") Coordinator in the Department of Homeland Security's ("DHS's" or "the Department's") Office of Policy (the "Office of Policy"). I make this declaration in support of the Department of Homeland Security's Motion for Partial Summary Judgment. The statements I make in this declaration are made on the basis of personal knowledge, my review of FOIA files within the Office of Policy, and information I have received in the performance of my official duties.

2. I have held the position of FOIA Coordinator for the Office of Policy since October 15, 2007. As the FOIA Coordinator, my official duties and responsibilities include processing FOIA requests and fielding requests for information from the public. The FOIA Coordinator is a new position within the Office of Policy. Before this position was created, the DHS Disclosure/FOIA Office (the "DHS FOIA Office") received FOIA requests and, when

appropriate, tasked them to the Office of Policy. The Office of Policy did not assume full responsibility for processing FOIA requests until April 2, 2007.

**Receipt Of Plaintiffs' FOIA Request**

3. By letter dated April 25, 2006, Plaintiffs Amnesty International USA and Washington Square Legal Services, Inc. (collectively, "Plaintiffs") submitted a FOIA request addressed to the DHS Directorate for Policy, entitled "Request Submitted Under the Freedom of Information Act for Records Concerning Detainees, including 'Ghost Detainees/Prisoners,' 'Unregistered Detainees/Prisoners,' and 'CIA Detainees/Prisoners'" (the "FOIA Request" or "Plaintiffs' FOIA Request"). The FOIA Request sought records regarding "individuals who were, have been, or continue to be deprived of their liberty by or with the involvement of the United States and about whom the United States has not provided public information." A true and complete copy of Plaintiffs' FOIA Request is attached to this declaration as Exhibit A.

4. At the time the FOIA Request was made, the DHS FOIA Office was responsible for coordinating the processing of FOIA requests for the Office of Policy. Accordingly, upon receipt of Plaintiffs' FOIA Request, the Office of Policy transferred the FOIA Request to the DHS FOIA Office.

5. The DHS FOIA Office acknowledged receipt of Plaintiffs' FOIA Request by letter dated May 3, 2006. A true and complete copy of the May 3, 2006 letter is attached to this declaration as Exhibit B.

**Description Of The Office of Policy**

6. The Office of Policy was created in July 2005 to centralize departmental policy development and coordination, to provide a management tool for the Department's senior leadership, and to facilitate long-term strategic planning and risk-based allocation of

departmental resources. The mission of the office is to strengthen homeland security by developing and integrating Department-wide policies, planning, and programs in order to coordinate the Department's prevention, protection, response and recovery missions and to ensure consistency and integration of missions throughout the Department. The Office of Policy is thus the central office for developing and communicating policies across multiple components of DHS. The Office of Policy does not conduct any field operations.

### The Office of Policy's Searches

7. By memorandum dated August 4, 2006, the Acting Director for the DHS FOIA Office tasked the Acting Chief of Staff for the Office of Policy with searching for records responsive to Plaintiffs' FOIA Request. The Office of Policy began its search for responsive documents after receipt of the August 4, 2006 tasking memorandum.

8. On November 14, 2006, the Office of Policy notified the DHS FOIA Office that it had completed its search for records responsive to Plaintiffs' FOIA Request, and that no responsive records were located. By letter dated November 28, 2006, the Office of Policy informed Plaintiffs that it had found no records responsive to the FOIA Request. A true and complete copy of the November 28, 2006 letter is attached to this declaration as Exhibit C.

9. The Acting Chief of Staff, who initiated the search in response to the August 4, 2006 tasking memorandum, is no longer employed by DHS, and her files do not detail the search conducted. Accordingly, by memorandum dated March 21, 2007, the Associate Director of the DHS FOIA Office tasked Brian White, the new Chief of Staff of the Office of Policy, with conducting a second search for records responsive to Plaintiffs' FOIA Request.

10. The Office of Policy tasked the second search for responsive documents through its Executive Secretariat. The Office of Policy Executive Secretariat is responsible for managing

records and communications between subcomponents within the Office of Policy. The Executive Secretariat coordinated the search in compliance with its standard operating procedure for conducting FOIA searches.

11. Pursuant to the Office of Policy's standard operating procedures, the Executive Secretariat distributed the FOIA Request to each of the seven subcomponents of the Office of Policy. Those subcomponents were: (1) the Homeland Security Advisory Council, (2) the Office of International Affairs, (3) the Office of Strategic Plans, (4) the Office of Policy/ Development, (5) the Office of the Private Sector, (6) the Office of Immigration Statistics, and (7) the Screening Coordination Office.

12. Further, pursuant to the Office of Policy's standard operating procedure, each subcomponent distributed a copy of the FOIA Request to those employees most likely to have responsive documents, with instructions for them to search for responsive documents and to provide any such documents to the head of each subcomponent. The head of each subcomponent then compiled the answers from all such employees into a response to the Office of Policy Executive Secretariat.

13. Each of the subcomponents reported to the Office of Policy Executive Secretariat that it had not located any responsive documents. Accordingly, on March 29, 2007, the Office of Policy Executive Secretariat reported that none of the subcomponents within the Office of Policy had found any responsive documents.

14. In addition to the standard FOIA search coordinated through the Office of Policy Executive Secretariat, the Office of Policy also conducted a hand search of the classified records in the safe in the Office of the Assistant Secretary for Policy. The Office of the Assistant Secretary for Policy maintains all final Office of Policy documents.

15. Although we do not normally conduct a hand search of the classified materials described in the Office of the Assistant Secretary for Policy in response to FOIA requests, in the interest of ensuring as thorough a search as possible, we did so in this case. All of the classified records in the Office of the Assistant Secretary were reviewed to determine whether any of them were responsive to the request. The FOIA processor hand-searched the safe and reviewed the materials for any documents referring to Ghost/Unregistered/CIA Detainees/Prisoners. No responsive records were found.

16. The searches conducted in this matter were consistent with DHS procedures for responding to requests under the FOIA. All files likely to contain responsive materials were searched.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 30 day of November, 2007.

_____
NICOLE BERTUCCI
FOIA Officer
Office of Policy
Department of Homeland Security