U.S. Department of Homeland Security
Arlington, Virginia 22202



## Homeland Security

*Privacy Office DHS-D3*

May 3, 2006

Ms. Catherine Ronis
WilmerHale
2445 M Street
Washington, DC 20037

Re:  **DHS/OS/PO 06-527/Ronis**

Dear Ms. Ronis:

This is in response to your two Freedom of Information Act (FOIA) requests, both dated April 25, 2006, sent to the Department of Homeland Security (DHS). Our office received your requests on April 26, 2006. Due to the similarity between the two requests, our office aggregated them to be processed under case number **DHS/OS/PO 06-527**. You are seeking information concerning communications, policies, and other records regarding detainees. Specifically, you requested the following:

1. Records relating to the apprehension, transfer, detention, and interrogation of persons within the scope of your request.

2. Current and former places of detention where individuals within the scope of your request have been or are currently held.

3. The names and identities of detainees who fall with in the scope of your request.

4. Any memorandum of understanding, or other record reflecting an agreement or proposed agreement between agencies, or between any agency and any subdivision or official, concerning the handling of ghost or unregistered detainees.

5. Any record reflecting a policy, whether formal or informal, about the reception, detention, or movement of unregistered or ghost detainees.

6. Any memorandum of understanding, or other record reflecting an agreement between any agencies, or between any subdivision or official or any other agency, regarding the transfer of detainees from the custody of one agency to that of another.

7. Any records generated in connection with the reporting requirement under Section 1093(c) of the Ronald W. Reagan National Defense Authorization Act for Fiscal Year 2005, regardless of whether the record was actually submitted in the final report.

8. All records reflecting communications regarding the United States' Second Periodic Report to the Committee Against Torture.

9. All records reflecting communications regarding the United States' Third Period Report to the Human Rights Committee.

10. Any record reflecting communications regarding the negotiation or drafting of the draft Convention on the Protection of all Persons from Enforced Disappearance.

11. Any record reflecting communications with a foreign government, or an agency official of a foreign government, regarding the drafting of the draft Convention on the Protection of all Persons from Enforced Disappearance.

As your law firm represents Amnesty International (AI) and Washington Square Legal Services (WSLS), which houses the International Human Rights Clinic, we have placed you in the "other" fee category. Normally, "other" requesters pay fees for search in excess of two hours and duplication in excess of 100 pages. While you do not necessarily meet the criteria for a fee waiver, we have made the following accommodation to recognize the important mission and substantial public contribution of your clients. The determination has been made to waive search related fees and only charge you the cost of duplication after the first 100 pages.

As it relates to your request for expedited treatment, your request is denied. Pursuant to 5 U.S.C. §552 (a)(6)(E)(i), each agency shall promulgate regulations providing for expedited processing of records. Accordingly, §5.5(d) of the DHS Interim FOIA and Privacy Act regulations, 6 C.F.R. Part 5, addresses the Department's criteria for granting expedited treatment. You do not qualify for either category. Clearly, the lack of expedited treatment in this case will not pose an imminent threat to the life or physical safety of an individual. Your clients are not primarily engaged in the disseminating of information, nor have you detailed with specificity why you feel there is an urgency to inform the public about this subject. This urgency would need to exceed the public's right to know about government activity generally. You did not offer any supporting evidence of an interest of the public that is any greater than the public's general interest in detainees.

This fee category designation and the denial of your request for expedited treatment apply to the response from our office, which processes records for the Office of the Under Secretary for Policy. As it relates to other DHS components, they will address the request for fee waiver and expedition independently.

You have the right to appeal the determination to deny you a waiver of fees and expedited treatment. Should you wish to do so, you must send your appeal within 60 days of receipt of this letter to the following address: Office of General Counsel, Department of Homeland Security, Washington, D.C. 20528. Your envelope and letter should be marked "Freedom of Information Act Appeal."

As you have already submitted your request to the Office of Intelligence & Analysis, U.S.
Immigration & Customs Enforcement (ICE), U.S. Citizenship & Immigration Services (CIS), U.S.
Coast Guard (USCG), and U.S. Customs and Border Protection (CBP), the DHS components of
interest, we are not referring your request to any other DHS components. Each of these
components will provide a direct response to you.

Your request has been assigned reference number **DHS/OS/PO 06-527**. Please refer to this
identifier in any future correspondence. We have queried the appropriate component of DHS for
responsive records. If any responsive records are located, they will be reviewed for determination
of releasability. Per §5.5(a) of the DHS FOIA Regulations, 6 C.F.R. Part 5, the Department
processes FOIA requests according to their order of receipt. We will make every effort to comply
with your request in a timely manner; however, there are currently 62 open requests ahead of
yours. Nevertheless, please be assured that one of the processors in our office will respond to your
request as expeditiously as possible.

Sincerely,

Catherine M. Papoi
Deputy Director, Departmental Disclosure & FOIA