# EXHIBIT #8
# TO
# DEYOUNG DECLARATION

DEC 02 '03 11:38 FR                                                P.02/12

U.S. Department of Justice
Immigration and Naturalization Service

Refer to the following file number:

File No. ███████

Date: October 07, 2002

To:

ARAR, Maher Abdul Hamid, aka.
ARAR, MAAR,
ARAR, Maher Abdul Hamid,
ARAR, Maher" Abd al-Hamid

This concerns your application for admission to the United States at the port of
John F. Kennedy International Airport (JFK), and the notice of temporary inadmissibility (Form I-147)
previously served on you. I have determined that you are inadmissible under:

☐ Section 212(a)(7)(A) (other than clause (ii))
☒ Section 212(a)(3)(B)(i)(V)
☐ Section 212(a)(3)(C)

of the Immigration and Nationality Act (Act).

IT IS ORDERED that you be removed without further inquiry before an immigration judge, in
accordance with section 235(c) of the Act and Title 8, Code of Federal Regulations, part 235.1. If you
enter or attempt to enter the United States for any purpose, without the prior written authorization of the
Attorney General, you will be subject to arrest, removal, and possible criminal prosecution.

The Commissioner of the Immigration and Naturalization Service has determined that your
removal to Syria would be consistent with Article 3 of the United Nations Convention Against Torture and
Other Cruel, Inhuman, or Degrading Treatment or Punishment.

(Signature of Regional Director)

REGIONAL DIRECTOR

Certificate of Service

☐ Interpreter used: NONE

10/8/02 4AM

I acknowledge that a copy of this notice has been given to me, read, and explained to me, and I
understand it.

(Signature of Alien)

DEC 02 '03 11:39 FR                                                              P.03/12

FILE: ███████
IN THE MATTER OF:

ARAR, Maher Abdul Hamid
a/k/a ARAR, Maher
a/k/a ARAR, Maher Abdul Hamid
a/k/a ARAR, Maher 'Abd Al-Hamid)

APPLICANT

In Removal Proceedings under
Section 235(c) of the Immigration
and Nationality Act

### Decision of the Regional Director

#### Introduction

In accordance with my responsibilities as Regional Director, I have, pursuant to section 235(c)(2)(B) of the Immigration and Nationality Act (INA) and 8 C.F.R. § 235.8(b), reviewed the documentation submitted to me by the New York District Director concerning the application of Maher Abdul Hamid Arar (Arar) for admission to the United States. This review has included consideration of both classified and unclassified information concerning Arar.[1] As a result of this review, I have concluded on the basis of classified information that Arar is clearly and unequivocally inadmissible to the United States under INA § 212(a)(3)(B)(i)(V) in that he is a member of an organization that has been designated by the Secretary of State as a Foreign Terrorist Organization, to wit Al-Qaeda, a/k/a al-Qa'ida. In addition, pursuant to section 235(c) of the INA, and after

---

[1] Section 235(c)(2)(B)(ii) of the INA states that a decision under this provision is to be based on "confidential" information. Throughout this decision, for the sake of clarity, the terms classified and unclassified are employed, rather than the term confidential.

consulting with appropriate security agencies of the United States, I have concluded that disclosure of the classified information upon which this decision is based would be prejudicial to the public interest, safety, or security.

## Background

Arar is a native of Syria and a citizen of Canada and Syria. Arar arrived at John F. Kennedy International Airport in New York, New York on September 26, 2002, via American Airlines ▮▮▮▮▮ from Zurich, Switzerland. Upon arrival, Arar presented Canadian passport number ▮▮▮▮▮ and applied for admission to transit to Canada. Upon secondary inspection, it was determined that Arar was the subject of a TECS/NAILS lookout as being a member of a known terrorist organization.

On October 1, 2002, the Immigration and Naturalization Service initiated removal proceedings under section 235(c) of the INA against Arar with service of Form I-147, charging him with being inadmissible to the United States. Specifically, the Service charges Arar with being temporarily inadmissible under INA § 212(a)(3)(B)(i)(V) in that he is an alien who is a member of a foreign terrorist organization.

On October 1, 2002, upon initiating removal proceedings against Arar under section 235(c), the INS, in accordance with 8 C.F.R. § 235.1, provided Arar with 5 days to respond to the charge. On October 1, 2002, the Service served upon Arar all unclassified documents that the Service relied upon in issuing the Form I-147. These documents included: (1) an executed I-147 noticing Arar of the requirement to respond within five

2

days from October 1, 2002, to INS with a written statement and any accompanying information regarding the allegations and the charge of inadmissibility; (2) an attachment to the I-147 alleging Arar to be a member of an organization that has been designated by the Secretary of State as a Foreign Terrorist Organization, to wit: Al-Qaeda, and charging Arar with inadmissibility pursuant to section 212(a)(3)(B)(i)(V) of the INA; (3) a publication issued by the Department of State pursuant to section 219 of the INA listing Al-Qaeda, as a Foreign Terrorist Organization; and (4) a publication from the Executive Office for Immigration Review of free legal service providers in the New York area.

### Arar's Submissions

As of October 7, 2002, Arar failed to provide a written statement and any additional information in response to the charge.

### Evidence of Inadmissibility

The documentation I have reviewed, including information received from other agencies, clearly and unequivocally reflects that Arar is a member of a foreign terrorist organization, to wit: Al-Qaeda, so designated by the Secretary of State pursuant to INA § 219. 66 FR 51088-01 (October 5, 2001).

The information I have reviewed is composed of both classified and unclassified materials. The following is a descriptive inventory of the more significant evidentiary materials that form the basis of my decision.

3

Unclassified

An INS immigration officer interviewed Arar on September 26, 2002 at JFK International Airport regarding his application for admission to the United States. Arar stated that he was a native of Syria and a citizen of Canada and Syria. Arar indicated that he used Canadian passport number [REDACTED] to apply for admission to the United States. Arar informed the immigration officer that he had lived in Tunis, Tunisia for three months prior to his application for admission. Arar denied having any affiliation or link to a terrorist organization.

The FBI interviewed Arar on September 27, 2002 at JFK International Airport. During the interview, Arar admitted his association with Abdullah Al-Malki and Abdullah Al-Malki's brother, Nazih Al-Malki. Arar advised the FBI that he was friendly with Nazih Al-Malki in Syria while they were in school together and that he [Arar] worked with Nazih Al-Malki at Nex Link Communications. Arar also advised the FBI that Al-Malki exports radios and one of his customers was the Pakistani military. Arar also advised that he had three business dealings with Al-Malki. Arar also admitted to the FBI about meeting Abdullah Al-Malki at the restaurant where he and Al-Malki went outside and talked in the rain in October 2001.

During the September 27, 2002 interview at JFK, Arar admitted knowing Ahmam El-Maati.

4

Classified

A detailed discussion of the classified information I relied upon is contained in a separate, Classified Addendum.

Conclusion

Pursuant to section 240(c)(2) of the INA, an alien who is an applicant for admission has the burden of establishing clearly and beyond doubt that he or she is entitled to be admitted and is not inadmissible under section 212. Although Arar has denied the charge of inadmissibility, he has offered no evidence in support of his denial. Based upon all of the information made available to me, both classified and unclassified, I find that Arar is clearly and unequivocally inadmissible under INA § 212(a)(3)(B)(i)(V) in that he is a member of a foreign terrorist organization.

I have determined that Arar is a member of the designated foreign terrorist organization known as Al-Qaeda. Pursuant to section 219 of the INA, this organization could not be designated unless the "terrorist activity or terrorism of the organization threatens the security of United States' nationals or the national security of the United States." Specifically, Al-Qaeda has been found responsible for multiple terrorist attacks upon the United States, and is considered a "clear and imminent threat to the United States."[2]

---

[2] "The most serious international terrorist threat to US interests today stems from Sunni Islamic extremists, such as Usama bin Laden and individuals affiliated with his Al-Qaeda organization. Al-Qaeda leaders, including Usama bin Laden, had been harbored in Afghanistan since 1996 by the extremist Islamic regime of the Taliban. Despite recent military setbacks suffered by the Taliban and the apparent death of Al-Qaeda operational commander Mohammed Atef resulting from a US bombing raid, Al-Qaeda must continue to be viewed as a potent and highly capable terrorist network. The network's willingness and capability to inflict large-scale violence and destruction against US persons and interests—as it demonstrated with the September 11 attack, the bombing of the USS Cole in October 2000, and the bombings of two US Embassies in east Africa in August 1998, among other plots—makes it a "clear and

DEC 02 '03 11:41 FR

As discussed above, and more fully in the Classified Addendum, Arar's membership in this organization bars him from admission to the United States, because he is presumed to share the goals and support methods of an organization which he freely joined and with which he continues to meaningfully associate. This organization has been determined responsible for acts of terrorism against the U.S. in the past, and represents a "clear and imminent threat to the United States."

Based upon the foregoing, and upon the classified information referred to above, I further find that there are reasonable grounds to believe that Arar is a danger to the security of the United States███████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

---

imminent threat to the United States." Statement for the Record of J. T. Caruso, Deputy Executive Assistant Director Counterterrorism /Counter-Intelligence, Federal Bureau of Investigation, On Combating Terrorism: Protecting the United States Before the House Subcommittee on National Security, Veterans Affairs, and International Relations: March 21, 2002. Less than one month ago, the Attorney General determined that Al-Qaeda might be planning specific attacks on the U.S. See Remarks of the Attorney General, Threat Level Press Conference, September 10, 2002.

6

DEC 02 '03 11:41 FR

Accordingly, for the reasons set forth above, I am satisfied that the evidence establishes that Amr is inadmissible, and I hereby ORDER that he be removed from the United States.

_____    J. Scott Blackman
Date                          Regional Director
                              Eastern Region
                              U.S. Immigration and
                              Naturalization Service

7

DEC 02 '03 11:41 FR

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2003, a copy of the foregoing was served by personal service upon the applicant at MDC Brooklyn, NY

witness

TOTAL P.10
TOTAL P.09