# EXHIBIT #36
# TO
# DEYOUNG DECLARATION



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

November 6, 2007

**BY FIRST CLASS MAIL**
**AND FACSIMILE**
Kyle M. DeYoung, Esq.
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, District of Columbia 20006
Facsimile No. (202) 663-6363

        Re: **Amnesty Int'l USA, et al. v. CIA, et al.**
          07 Civ. 5435 (LAP)

Dear Mr. DeYoung:

  We are the Assistant United States Attorneys representing defendants (the "Government") in the above-referenced action, and we write in response to Plaintiffs' letters dated October 24, 2007, and October 29, 2007. At a meeting between the parties on October 19, 2007, the Government made two proposals to Plaintiffs, the first regarding the Department of Homeland Security ("DHS") and the second regarding the Department of State ("State"). This letter addresses Plaintiffs' October 24 and 29 letters responding to our proposals.

  A. **The DHS Proposal**

  At our October 19, 2007 meeting, the parties discussed the status of the Freedom of Information Act ("FOIA") request submitted to DHS by Plaintiffs Amnesty International and Washington Square Legal Services, Inc. ("WSLS"), on April 25, 2006, captioned "Request Submitted Under the Freedom of Information Act for Records Concerning Detainees, including 'Ghost Detainees/Prisoners,' 'Unregistered Detainees/Prisoners,' and 'CIA Detainees/Prisoners'" (the "Ghost Detainee Request"). Plaintiffs stated their belief that, although extensive searching by DHS had located only one document in response to the Ghost Detainee Request, DHS might have additional responsive documents. As a courtesy to Plaintiffs, the Government offered to conduct supplemental searching at DHS, if Plaintiffs could point us to supplemental searches that

might locate responsive documents.* Specifically, we proposed that Plaintiffs identify documents, or sets of documents, that they believed existed and, moreover, that Plaintiffs articulate how such documents might be responsive to their Ghost Detainee Request. As we discussed, if Plaintiffs could identify potentially fruitful areas of supplemental searching, the Government would consider supplementing its initial search with additional searches in such areas, even though our initial search complied with FOIA's requirements.

After reviewing Plaintiffs' letter dated October 24, 2007, the Government has decided not to conduct any supplemental search. Plaintiffs' letter does not identify any appropriate area of searching for documents potentially responsive to the Ghost Detainee Request. Indeed, the letter nowhere quotes from, or even references, the terms of the Ghost Detainee Request. Instead, the letter describes Plaintiffs' beliefs regarding purported government activities and documents, which, by Plaintiffs' own descriptions, fall outside the scope of the Ghost Detainee Request. Not only are the matters described in the letter outside the scope of the request, they also center around the alleged experiences of an individual, Maher Arar, whose name is conspicuously absent from the Ghost Detainee Request. Moreover, the letter also states that it pertains to a FOIA request submitted by Plaintiff Center for Constitutional Rights ("CCR") on December 21, 2004 (the "CCR Request"). The CCR Request, however, was never served on DHS or its components. In any event, neither the CCR Request nor the Ghost Detainee Request makes any mention of Mr. Arar, even though Plaintiff CCR has been representing him in litigation against the government since at least January 2004, i.e., more than two years before Plaintiffs' submission of the Ghost Detainee Request to DHS. See Arar v. Ashcroft, 04 Civ. 249 (E.D.N.Y.) (filed January 22, 2004). As the activities and documents identified in the letter are outside the scope of the Ghost Detainee Request submitted to DHS, the Government declines to conduct Plaintiffs' proposed supplemental search.

**B.    The State Proposal**

Also at our October 19, 2007 meeting, the parties discussed the status of the FOIA request submitted to State by Plaintiff CCR on December 21, 2004, and the Ghost Detainee Request submitted to State by Plaintiffs Amnesty International and WSLS on April 25, 2006. The Government explained that as soon as State received a fee commitment from Plaintiffs Amnesty International and WSLS, State would re-activate its currently suspended search for documents responsive to the Ghost Detainee Request. The Government also conveyed State's desire to streamline its remaining searches and complete them as quickly and efficiently as

---

* At the same October 19, 2007 meeting, the Government informed Plaintiffs that DHS had recently conducted supplemental searching for documents responsive to another FOIA request submitted by Plaintiffs Amnesty International and WSLS on April 25, 2006, captioned "Request Under the Freedom of Information Act for Records Concerning Ghost Detainee Memoranda, Department of Defense Detainee Reporting, Reports to Certain U.N. Committees, and the Draft Convention on Enforced Disappearance." These supplemental searches by DHS located substantial numbers of responsive documents, which are presently being processed.

possible. To that end, given that the CCR Request and the Ghost Detainee Request are substantially similar in scope, the Government suggested that Plaintiffs choose either the CCR Request or the Ghost Detainee Request, and that State would use that one request to guide the remainder of its search. This suggestion was intended to save time both by avoiding duplicative searches and by minimizing potential confusion on the part of searchers who would otherwise be forced to parse subtle differences between the two requests. Plaintiffs indicated that they would like to help facilitate an efficient search, but proposed that instead of choosing one of the two requests, they consolidate the two requests into one document. The Government agreed.

On October 29, 2007, the Government received a document from Plaintiffs that purports to consolidate the CCR and Ghost Detainee Requests. After reviewing this document, the Government has determined that rather than simply consolidating the two requests, Plaintiffs have in fact provided a document that significantly expands the scope of the two requests. In addition, the document includes examples of specific records -- not previously mentioned in the CCR or Ghost Detainee Requests -- some of which clearly fall outside the scope of the CCR and Ghost Detainee Requests. Thus, the Government has decided that it will proceed with a State search using the original CCR Request from December 21, 2004 and the original Ghost Detainee Request from April 25, 2006. Regrettably, such a search will require the additional time that the Government's proposal to consolidate the two requests had been designed to save.

Sincerely,

MICHAEL J. GARCIA
United States Attorney

By: *[signature]*
BRIAN M. FELDMAN
JEANNETTE A. VARGAS
Assistant United States Attorneys
EMILY E. DAUGHTRY
Special Assistant United States Attorney
Telephone Nos. (212) 637-2777,-2678,-1579
Facsimile Nos. (212) 637-2717,-2702