# EXHIBIT #37
# TO
# DEYOUNG DECLARATION

FOIA Update
Vol. XVI, No. 3
1995

*OIP Guidance*

# Determining the Scope of a FOIA Request

In their administration of the Freedom of Information Act, federal agencies devote much time and attention to the possible applicability of FOIA exemptions in order to determine the information to be disclosed. It is necessary that they do so, and to consider even exempt information for possible discretionary disclosure, in order to serve the Act's goal of "maximum responsible disclosure." Attorney General's Memorandum for Heads of Departments and Agencies Regarding the Freedom of Information Act (Oct. 4, 1993), *reprinted in FOIA Update*, Summer/Fall 1993, at 4.

It also is necessary, however, for agencies to pay careful attention to the records and information that they include as responsive to a FOIA request in the first place. After all, if something is not included by an agency for purposes of a FOIA request to begin with, then that alone will mean that it cannot be disclosed in response to that request. Consequently, an agency's interpretation of the particular scope of a FOIA request, and its determinations regarding exactly which information falls within it, are vitally important aspects of FOIA administration.

## Liberal Interpretation of Requests

As a threshold matter, an agency should make sure that it carefully reads and fairly interprets the terms of the FOIA requests that it receives, in order to ensure that it is not unduly limiting the records found responsive to those requests. To be sure, the particular terms of a FOIA request are significant and, in making a FOIA request, a requester is obligated to "reasonably describe" what is being sought. 5 U.S.C. § 552(a)(3). But an agency "must be careful not to read [a] request so strictly that the requester is denied information the agency well knows exists in its files." *Hemenway v. Hughes*, 601 F. Supp. 1002, 1005 (D.D.C. 1985).

In this regard, it is significant that President Clinton has called upon all agencies to heed "both the letter and spirit of the Act." President's Memorandum for Heads of Departments and Agencies Regarding the Freedom of Information Act, 29 Weekly Comp. Pres. Doc. 1999 (Oct. 4, 1993), *reprinted in FOIA Update*, Summer/Fall 1993, at 3. This holds strong applicability to matters of request interpretation -- meaning that FOIA requesters should not be held to the strict letter of their requests when an agency has good reason to conclude that a broader interpretation is more appropriate. *See, e.g., Canning v. United States Dep't of Justice*, No. 92-0463, slip op. at 22 (D.D.C. Nov. 3, 1994) (holding that agency should have construed request as pertaining to more than single subject named, because it had good reason to do so). In short, as the Court of Appeals for the D.C. Circuit recently emphasized, agencies should interpret FOIA requests "liberally" when determining which records are responsive to them. *Nation Magazine v. United States Customs Serv.*, No. 94-5275, 1995 WL 722700, at *3 (D.C. Cir. Dec. 8, 1995).

## The "Scoping" of Responsive Records

A more difficult question about the scope of a FOIA request sometimes can be presented by records that deal with multiple subjects, only one of which pertains to the subject of a particular FOIA request. It is not uncommon for both agency files and individual records within those files to deal with more than a

single subject, possibly even a range of different subjects. In many instances, the multiple subjects of such records will be related in some substantive way, which can bring them all within a requester's evident scope of interest for a given FOIA request.

In other instances, however, there might be no connection between the subjects other than that the agency chose as a matter of administrative convenience to combine them together in a single document, possibly a lengthy one. For example, the State Department frequently aggregates multiple subjects within a document that is transmitted as a single diplomatic communication. Similarly, the records of complex law enforcement investigations sometimes contain several distinct subjects that are addressed as part of an overall area of investigative activity.

The question in such a case is whether the agency should draw a line between the different parts of a multiple-subject record for purposes of processing a FOIA request that pertains to only one of the subjects contained in that document. When it does so, an agency determines that part of the record is "outside the scope" of a request and it does not include it. This sometimes is referred to as the "scoping" of records in response to a FOIA request and it is something not to be done by any agency lightly.

### Underlying Considerations

In determining what should be included within the scope of a FOIA request, agencies must bear in mind the following underlying considerations:

*First,* there is the basic fact that in most situations the FOIA requester will be unfamiliar with the exact nature of the agency's recordkeeping system, its filing practices, and the manner in which its files and records are compiled. FOIA requesters often are entirely "in the dark" about the structure and arrangement of the files and records that an agency will be searching through in order to locate the particular records that are responsive to their FOIA requests. When they formulate their requests, therefore, FOIA requesters are generally using their best efforts to "reasonably describe" the particular records that they are seeking from an agency's files in light of this limited knowledge of what might actually be there.

*Second,* FOIA requesters seeking records on a certain subject often phrase their requests in very broad and all-encompassing terms, with the primary purpose of including any and all records pertaining to the subject or subjects in which they are interested. It is only natural for FOIA requesters to be concerned that records of interest to them might not be included by an agency as responsive to their FOIA requests. Especially when they are operating "in the dark," FOIA requesters tend to sweep broadly in their requests for fear that doing otherwise might unintentionally limit their requests and exclude something that they actually do seek to obtain.

*Third,* agencies tend to maintain their files and compile their records in the manner that is most efficient for them and best facilitates the performance of their primary agency missions. This means that they will combine different subjects within files and records whenever it is efficient for them to do so, even though this can cause some uncertainty and potential inefficiency in processing FOIA requests for records on individual subjects. Agencies should be mindful of this inherent conflict between standard recordkeeping and FOIA-processing practices.

*Fourth,* especially when a broad FOIA request is processed for wide-ranging agency files, there is at least some potential for question about the scope of the records that are responsive to that request. Because only the agency ordinarily is aware of exactly what records exist within its files, it is up to it to recognize a potential scope question and to handle it fairly from both its and the requester's perspective.

*Fifth,* from the FOIA requester's perspective, the primary interest is in obtaining the requested information as fully and as quickly as possible. However, FOIA requesters also are interested in understanding how agencies process their requests and in knowing of any assumption or conclusion that may be reached by an agency about them. Though a requester might not be interested in information pertaining to a subject beyond the stated scope of his or her request, that requester has a strong interest in learning about any determination that may be made regarding its scope -- including the full grounds for it in relation to the particular formats of existing documents. FOIA requesters are interested in being fully informed of all such scope matters and in having the opportunity to address them as a participant in the agency's administrative process.

*Sixth,* an additional consideration for many FOIA requesters is the potential cost involved. In determining the volume of records that are within the scope of a FOIA request, an agency in effect establishes the scope of FOIA fees that potentially will be charged to the requester for that request. In most cases, a FOIA requester will incur a document duplication charge for records processed and disclosed in response to a request, a charge that can range from ten cents per page to several times that amount at some agencies. In some cases, when a request is made for a commercial purpose, even more expensive "document review" charges can be incurred for the documents that are included. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(I). A requester who receives and must pay for pages of documents that were not intended to be within the request's scope can be aggrieved by that agency action as well, so agencies have an obligation not to heedlessly include document pages on superficial grounds.

*Seventh,* from the agency's perspective, there is a practical need to conduct its FOIA operations without any unnecessary administrative burden. While agencies create multiple-subject documents for sound programmatic purposes, they retain an interest in not having their FOIA programs unduly encumbered by that. The "processing" of a record's contents under the FOIA can be a very labor-intensive and time-consuming process, a burden that can be compounded if a FOIA request proceeds to the level of administrative appeal and possibly to litigation. Agencies have a strong interest in not undertaking such heavy burdens unnecessarily.

*Eighth,* for any agency that currently has a heavy backlog of pending FOIA requests, an additional consideration is the importance of its efforts to deal with that backlog and to devote its limited resources to serving its large volume of FOIA requesters as efficiently and economically as reasonably possible. The efficiency of administrative communications with FOIA requesters regarding any scope-of-request matters is especially important to such agencies.

*Ninth,* a final consideration is the importance of the public's trust in the functioning of its government, which comes into play every time that an agency deals with a member of the public on a matter of concern to that person or institution. For many FOIA requesters, their dealings with a federal agency on a FOIA request are a major part of their dealings with the federal government overall, so it is all the more important that agencies communicate forthrightly with FOIA requesters about the details of their requests and about documents that may or may not be included on one stated basis or another.

### Approach to Document "Scoping"

Based upon these considerations, agencies should use the following general approach to any potential "scoping" of a document in response to a FOIA request:

• Within a document page. First and foremost, information should not be determined to be beyond the scope of a request on less than a page-by-page basis. In other words, there should be no "scoping" within any document page. If any of the information on a page of a document falls within the subject matter of

a FOIA request, then that entire page should be included as within the scope of that request. Doing so provides useful context for the FOIA requester, involves no additional duplication cost to the requester, and ordinarily involves only a relatively minimal administrative burden on the agency.

• Within a document. An agency may determine that only part of a multiple-subject document is responsive to a FOIA request (including any document page that is required for meaningful context), but any "scoping" of a document should be undertaken only when the circumstances fully justify such a step. The agency must have a firm basis for reaching the conclusion that the document pages in question deal with a subject that is clearly beyond the scope of the requester's evident interest in the request. An agency can make use of its administrative experience in drawing such conclusions about the FOIA requests that it receives, but its communication with the individual requester is essential in addressing any scope question. While the patterns of such communications may vary from case to case, the requester should be fully informed of any "scoping" determination in all instances and should be given an opportunity to question or disagree with it. In any instance in which a requester disagrees, the document pages involved should be included without question by the agency.

Additionally, before an agency considers "scoping" a document, it should at least preliminarily review the contents of the document pages in question with an eye toward FOIA exemption applicability. In some cases, the potentially "scoped" document pages might contain little or no exempt information, such that they can be as easily included within the FOIA request as not. In such a case, there is no good reason for those pages to be "scoped" unless they are so voluminous that the agency is compelled to do so purely as a cost savings to the requester.

This approach to the potential "scoping" of responsive records should be a workable one for all federal agencies and is consistent with the few judicial precedents to have adjudicated such issues under the FOIA. *See Dettmann v. United States Dep't of Justice*, 802 F.2d 1472, 1474-77 (D.C. Cir. 1986); *Posner v. Department of Justice*, 2 Gov't Disclosure Serv. (P-H) ¶ 82,229, at 82,650 (D.D.C. Mar. 9, 1982); *Dunaway v. Webster*, 519 F. Supp. 1059, 1083-84 (N.D. Cal. 1981).

## Conclusion

In sum, all federal agencies should go as far as they reasonably can to ensure that they include what requesters want to have included within the scopes of their FOIA requests. Agencies can best do so through liberal interpretations of FOIA requests and by limiting their use of document "scoping" to only those instances that are justified by its underlying considerations. In all instances, the key consideration is the need for full and open communication with the FOIA requester, so that the requester can make a fully informed decision about any document "scoping" as part of the agency's administrative process.

Go to: FOIA Update Home Page