# EXHIBIT #42
# TO
# DEYOUNG DECLARATION



U.S. Department of Homeland Security
Washington, DC 20229

**U.S. Customs and Border Protection**

JAN 5 2005

Ms. Ann Beeson
American Civil Liberties Union
National Legal Department
125 Broad Street
New York, New York 10004

Dear Ms. Beeson:

Thank you for your letter of December 08, 2005, to Secretary Michael Chertoff, on behalf of your client, Mr. Khaled El-Masri. In your correspondence, you requested that we review your client's concerns regarding his U.S. Customs and Border Protection (CBP) processing on December 03, 2005, at Hartsfield International Airport. We have recently completed our review of this matter. Please allow me to outline our findings.

First, please allow me to apologize for any rude or unprofessional conduct Mr. El-Masri may have experienced during his CBP processing. Our agency takes all allegations of inappropriate behavior seriously and officers are expected to act in a professional manner and treat all travelers with dignity and respect, regardless of the circumstances of the encounter.

All persons seeking to enter the United States are subject to questioning about their purpose(s) for coming to this country. Our officers have the authority to elicit responses to questions and to request and examine documents for the purpose of resolving or clarifying issues concerning a person's admissibility to the United States. In addition, our officers may also examine personal effects, briefcases, luggage, conveyance, et cetera, when deemed necessary, in order to determine a person's eligibility to enter, pass through, or remain in the United States for any period of time.

Since the tragic events of September 11, 2001, our Nation's ports have been on a heightened state of alert. This unprecedented terrorist threat alert level has resulted in more intensive security measures along our borders. Our inspection procedures are designed to ensure that only people legally entitled to enter the United States do in fact enter the country. These procedures facilitate the entry of all who can readily establish their admissibility. In performing their duties, our officers are also required to determine the nationality of each applicant for admission.

- 2 -

Unfortunately, CBP occasionally inconveniences law-abiding persons in the course of ferreting out those few individuals that are involved in illicit activities. We are especially mindful of how stressful the inspection process may be for persons selected for more protracted inspections. In such cases, we rely on the patience, understanding, and cooperation of the traveling public.

Regarding your request to confirm media reports, CBP has no authority over media sources other than its own. We would advise that you and your client seek additional information or confirmation from appropriate media sources external to CBP.

We cannot guarantee that the next time your client travels to the United States he will not be questioned or delayed again. Each applicant for admission is subject to complete inspection on each arrival in the United States. No one is allowed to enter the United States until he or she has satisfied the examining officer that he or she is either a citizen of the United States or an alien who has overcome all grounds for inadmissibility. In all cases, the applicant bears the burden of proof of admissibility.

Allow me to suggest that if, for any reason in the future, Mr. El-Masri is again dissatisfied with CBP processing, he should ask to speak to a supervisor onsite. A supervisor is always available to address the concerns of travelers.

I appreciate your interest in Customs and Border Protection. If we may offer further assistance, please contact Mr. Authur A.E. Pitts, Sr., Director, Passenger Policies, at (202) 334-1220.

Sincerely,

Robert M. Jacksta
Executive Director
Traveler Security and Facilitation