UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

AMNESTY INTERNATIONAL USA, CENTER
FOR CONSTITUTIONAL RIGHTS, INC.
and WASHINGTON LEGAL SERVICES, INC.,

      Plaintiffs,

      v.

CENTRAL INTELLIGENCE AGENCY,
DEPARTMENT OF DEFENSE, DEPARTMENT
OF HOMELAND SECURITY, DEPARTMENT
OF JUSTICE, DEPARTMENT OF STATE, and
THEIR COMPONENTS

      Defendants.

No. 07 CV 5435 (LAP)

**SUPPLEMENTAL
DECLARATION OF VANIA
T. LOCKETT**

---

I, Vania T. Lockett, hereby declare and state as follows:

1. I am the Associate Director of Disclosure and Freedom of Information Act ("FOIA") Operations within the Privacy Office of the Department of Homeland Security (the "DHS FOIA Office"). I make this declaration in further support of the Department of Homeland Security's Motion for Partial Summary Judgment, in opposition to "Plaintiff's Cross Motion for Partial Summary Judgment and Opposition to Department of Homeland Security's Motion for Partial Summary Judgment," and to supplement my declaration dated November 29, 2007. The statements I make in this declaration are made on the basis of personal knowledge, my review of files within the DHS FOIA Office, and information I have received in the performance of my official duties.

**Receipt Of Plaintiffs' FOIA Request**

2. By letter dated April 25, 2006, Plaintiffs Amnesty International and Washington Square Legal Services, Inc. (collectively, "Plaintiffs") submitted a FOIA request addressed to the DHS FOIA Office, entitled "Request Submitted Under the Freedom of Information Act for

1

Records Concerning Detainees, including 'Ghost Detainees/Prisoners,' 'Unregistered Detainees/Prisoners,' and 'CIA Detainees/Prisoners'" (the "FOIA Request" or "Plaintiffs' FOIA Request"). The FOIA Request stated that it referred to "individuals who were, have been, or continue to be deprived of their liberty by or with the involvement of the United States and about whom the United States has not provided public information." A true and complete copy of the Plaintiffs' FOIA Request is attached as Exhibit A to my declaration of November 29, 2007.

3. Currently, most Department of Homeland Security ("DHS" or the "Department") components have independent FOIA processing responsibilities, and federal regulations instruct FOIA requesters to "write directly to the Department component that maintains those records." 6 C.F.R. 5.3(a). However, where a requester "cannot determine where within the Department to send [a] request," federal regulations permit the individual to send the request to the DHS FOIA Office, id., where my staff will make sure that the request goes to any component we believe would likely maintain responsive records.

4. Plaintiffs did not send the FOIA Request directly to the Office of General Counsel ("OGC") or to the Office for Civil Rights and Civil Liberties ("CRCL"), both of which have independent FOIA processing responsibilities. At the time the DHS FOIA Office received the FOIA Request, DHS also did not identify OGC or CRCL as offices likely to have documents responsive to this request. Thus, the DHS FOIA Office did not refer the request to OGC or CRCL for searching and processing at that time. During the course of processing another FOIA request on behalf of Plaintiffs, however, a handful of documents were identified from OGC and CRCL that were responsive to the FOIA Request.[1] Accordingly, in December 2007, in an abundance of caution, the DHS FOIA Office decided to task OGC and CRCL with searching for

---

[1] The documents were identified while processing the FOIA request submitted by Plaintiffs on April 25, 2006, entitled, "Request Under the Freedom of Information Act for Records Concerning Ghost Detainee Memoranda, Department of Defense Detainee Reporting, Reports to Certain U.N. Committees, and the Draft Convention on Enforced Disappearances."

additional documents responsive to the FOIA Request. This declaration details the resulting OGC search.[2] Details of the CRCL search are described in a separate declaration.

### Description of the Office of the General Counsel

5. The Office of the General Counsel ("OGC") is the office responsible for providing legal counsel to the Secretary and Deputy Secretary of the Department of Homeland Security. The General Counsel of the Department is the chief legal officer of the Department and is responsible for integrating legal services within the Department and ensuring that Departmental activities fully comply with all U.S. laws and regulations. OGC provides legal support to DHS headquarters and is comprised of the following divisions: Immigration and Enforcement; Legal Counsel; Regulatory and Legislative Affairs; General Law; Ethics; and Program Counsel for Intelligence and Analysis, the National Protection Programs, Science and Technology Directorates, and Domestic Nuclear Detection Office and Operations. These divisions are staffed by approximately 77 attorneys. In addition, the General Counsel oversees the principal legal officers in the following DHS operational components: the U.S. Customs and Border Protection, U.S. Immigration and Customs Enforcement, Transportation Security Administration, U.S. Citizenship and Immigration Services, Federal Emergency Management Agency, U.S. Secret Service, U.S. Coast Guard, and Federal Law Enforcement Training Center.

### The Office of the General Counsel's Search

6. On December 14, 2007, all 77 attorneys in the Office of the General Counsel were tasked by email to search for records responsive to the FOIA Request. A copy of the FOIA

---

[2] Although OGC has independent FOIA processing responsibilities, due to the lack of administrative resources in OGC, the DHS FOIA Office currently provides administrative support to process FOIA requests for OGC.

Request itself was included with the email tasking. All attorneys were asked to search their own hard copy and electronic files, emails and classified materials and to respond indicating a positive or negative result.

7. During the course of the search for unclassified materials, OGC attorneys identified thirteen responsive documents that mainly consisted of publicly available reports by non-U.S. Government authors, press articles and press guidance.

8. OGC employees also conducted hand searches of all OGC files of classified materials that might potentially contain documents responsive to the FOIA Request. The reviewers had a copy of the FOIA Request in hand during this review. No responsive documents were found.

8. Each step in handling this FOIA request was consistent with the DHS procedures for responding to requests under the FOIA. All files likely to contain responsive materials were searched.

**Responses and Referrals**

9. By letter dated January 16, 2008, the DHS FOIA Office disclosed three of the thirteen responsive records found in OGC files to Plaintiffs, without any redactions. A true and complete copy of that letter and those records is attached to this declaration as Exhibit A, with the three records labeled Exhibits A (1) – A(3).

10. By letter dated January 31, 2008, the DHS FOIA Office disclosed one additional responsive record, without any redactions, as well as five additional responsive records, with redactions made pursuant to 5 U.S.C. §552 (b)(2) (low) and (b)(6). A true and complete copy of that letter and those records is attached to this declaration as Exhibit B. The six OGC records are

4

Exhibits B (1) – B (6).

11.     By letter dated February 1, 2008, the DHS FOIA Office disclosed one additional responsive record, with redactions also made pursuant to 5 U.S.C. §552 (b)(2) (low) and (b)(6). A true and complete copy of that letter and that record are attached to this declaration as Exhibit C and C(1).

12.     Two of the remaining three records were referred to the Department of State, and one was referred to the Department of Justice, for direct response to Plaintiffs.

<u>Exemptions</u>

**5 U.S.C. 552(b)(6) Personnel and Medical Files and Similar Files the Disclosure of Which Would Constitute a Clearly Unwarranted Invasion of Personal Privacy**

13.     Section 552(b)(6) of Title 5 of the U.S. Code (the "(b)(6) exemption") exempts from mandatory disclosure "personnel and medical files and similar files the disclosure of which could constitute a clearly unwarranted invasion of personal privacy." This exemption protects both government officials and private third parties referenced in government records. The exemption is intended to protect government officials from unwarranted invasions of their personal privacy that would not shed light on government activities, as well as from harassment and annoyance in government officials' private lives due to the conduct of their official duties. The exemption is also intended to protect third parties, whose identities are revealed in government records, from unwarranted invasions of their personal privacy that would not shed light on government activities.

14.     The assertion of the (b)(6) exemption required that each piece of withheld information be scrutinized to determine the nature and strength of the individual's privacy interest in that information. In withholding the information, the individual's privacy interest

must be balanced against the public's interest in disclosure.

15. In this case, in consultation with the Department of Defense ("DOD") and the Department of State pursuant to 6 C.F.R. § 5.4(c), the (b)(6) exemption has been applied to all information regarding DOD employees and to the private e-mail address of a Department of State contractor. It was determined that whatever public interest there might be, if any, in knowing the names and other identifying information regarding the individuals in the relevant records did not outweigh the privacy interests of said individuals.

16. The specific (b)(6) exemptions are as follows. In the OGC record attached as Exhibit C (1), which is an article from Economist.com forwarded by e-mail from a DHS employee to a number of government officials, the names and e-mail addresses of all DOD employees were redacted from pages one and three, and the private e-mail address of a Department of State contractor was also redacted from pages one and three.

**The Previous CCR Request, Which Is Not Part of This Litigation**

17. By letter dated November 4, 2003, co-Plaintiff the Center for Constitutional Rights submitted a FOIA request addressed to the DHS Departmental Disclosure Officer, entitled "Request Submitted Under the Freedom of Information Act (the "CCR Request"). I understand that the CCR Request is not part of this litigation. A true and complete copy of the CCR Request is attached to this declaration as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 4th day of February, 2008.

VANIA T. LOCKETT