U.S. Department of Homeland Security
Arlington, Virginia 22202



Homeland Security

*Privacy Office DHS-D3*

October 31, 2006

Ms. Maria C. LaHood
Center for Constitutional Rights
666 Broadway
New York, NY 10012

Re: **DHS/OS/PO 04-103/LaHood request**

Dear Ms. LaHood:

This acknowledges receipt of your follow up letter to your November 4, 2003, Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated October 2, 2006. You are seeking copies of all documents relating to your client Maher Arar, including the client's arrest, detainment, and interrogation records.

On December 31, 2003, your request was referred to the FOIA Officer for the Office of Inspector General (OIG), William Holzerland, for processing and direct response to you. You can reach the OIG directly at 202-254-4002.

If you need to contact our office again about this matter, please refer to **DHS/OS/PO 04-103/LaHood request**.

Sincerely,

Catherine M. Papoi
Acting Director, Departmental Disclosure & FOIA

# centerforconstitutionalrights

666 broadway new york, ny 10012
t 212 614 6464 f 212 614 6499 www.ccr-ny.org

October 2, 2006

Elizabeth Withnell
Acting Dept. Disclosure Officer
U.S. Dept. of Homeland Security
Washington, D.C. 20258

**RE: FOIA case DHSHQ04-103**

Dear Ms. Withnell:

I write this letter to seek information on the status of our November 4, 2003 Freedom of Information Act request, *see* Exhibit A, with the above reference number, received by your office on December 3, 2003, *see* Exhibit B. On April 15, 2004, the Center for Constitutional Rights (CCR) provided the authorization from our client, Maher Arar, to release any responsive documents to CCR, as requested by your office, *see* Exhibit C. To date, we have received no response to our request for documents.

The Freedom of Information Act provides for a timely response to FOIA requests. *See* 5 U.S.C. § 552(a)(6)(A)(i). As nearly three years have passed since we filed our FOIA request, we ask that you act upon this request as soon as possible or inform us of its status. Should you have any questions, please feel free to contact me at (212) 614-6430. We look forward to your reply.

Sincerely,

Maria C. LaHood

Enclosures (3)



# EXHIBIT A

# centerforconstitutionalrights

666 broadway new york, ny 10012
t 212 614 6464 f 212 614 6499 www.ccr-ny.org

Departmental Disclosure Officer
Department of Homeland Security
Washington, D.C. 20528

November, 4th 2003

**Re: Request Submitted Under the Freedom of Information Act**

Dear Freedom of Information Officer:

This letter constitutes a request ("Request") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The Request is submitted on behalf of the Center for Constitutional Rights (CCR).

This Request is filed simultaneously with the United States Department of Homeland Security (including its component agency the Bureau of Customs and Immigration Enforcement), the Department of State, the Department of Defense and the Central Intelligence Agency.

Through CCR, I represent Maher Arar, a Canadian citizen, living in Ottawa, Canada who was arrested, detained and interrogated by United States government officers before being removed to Syria, via Jordan on October 8, 2002. During his detention in Jordan and Syria, Mr. Arar, alleges that he was tortured. The Syrian government released Mr. Arar from custody on October 5, 2003. Mr. Arar is now resident in Canada.

The records requested are relevant for understanding the circumstances surrounding the government's investigation and detention of Mr. Arar as well as its determination to remove him to Syria, a country with the United States Department of State Human Rights Reports note routinely practices torture on persons within its custody and control.

I am requesting the opportunity to inspect and to copy, if necessary, all records in the possession of the Department, including any officers, divisions or bureaus thereof, on the topics listed below. The term "records" includes any and all reports, statements, examinations, memoranda, correspondence, designs, maps, photographs, microfilms, computer tapes or disks, rules, regulations, codes, handbooks, manuals, or guidelines.

Specifically, I am seeking records on the subjects detailed in the numbered paragraphs below:



### A. Records Relating Solely to the USA

1. All records discussing or referring to any governmental investigation of Maher Arar, or any personal identifier assigned to his name;

2. All records discussing Maher Arar's status or designation by the Department of Justice's Immigration and Naturalization Service (now the Department of Homeland Security's Bureau of Immigration and Customs Enforcement) from the date of his entry into the United States via John F. Kennedy Airport, New York, New York on September 26, 2002 through the present;

3. All records discussing Maher Arar's arrest, detention, incarceration and interrogation by federal officers during the period from September 26, 2002 through the date of his release from custody and detention in Syria on October 5, 2003;

4. All records discussing Maher Arar since his release from Syrian custody on October 5, 2003

### B. Records Relating to Canada

5. All records reflecting discussions about Maher Arar between the United States and Canada prior to his arrest and detention in the United States on September 26, 2002;

6. All records reflecting discussions between the United States and Canada about Maher Arar during the period of his detention and interrogation in the United States between September 26, 2002 and October 8, 2002;

7. All records between the United States and Canada discussing Maher Arar's removal from the United States on or about October 8, 2002;

8. All records reflecting discussions between the United States and Canada about Maher Arar during the period of his transfer to Jordan on and transit through that country on or about October 9, 2002.

9. All records reflecting discussions between the United States and Canada about Maher Arar during the period of Maher Arar's detention and interrogation in Syria

10. All records reflecting discussions between the United States and Canada about Maher Arar since his release from Syrian custody on October 5, 2003.

### C. Records Relating to Jordan

11. All records reflecting discussions between the United States and Jordan about

2

Maher Arar during his transit to Jordan from the United States on or around October 8, 2002.

12. All records reflecting discussions between the United States and Jordan about Maher Arar during his transit through Jordan on or about October 9, 2002;

13. All records reflecting discussions between the United States and Jordan about Maher Arar during his detention and interrogation in Jordan on or around October 9, 2002;

14. All records reflecting discussions between the United States and Jordan about Maher Arar during his transfer from Jordan to Syria on or about October 9, 2002;

**D. Records Relating to Syria**

15. All records reflecting discussions between the United States and Syria about Maher Arar prior to his arrest and detention in the United States on September 26, 2002;

16. All records reflecting discussions between the United States and Syria about Maher Arar during the period of Maher Arar's detention and interrogation in the United States from September 26, 2002 to October 8, 2002;

17. All records reflecting discussions between the United States and Syria about Maher Arar about his removal from the United States on or about October 8, 2002;

18. All records reflecting discussions between the United States and Syria about Maher Arar during the period of Maher Arar's transfer to Jordan and transit through that country on or about October 8, 2003;

19. All records reflecting discussions between the United States and Syria about Maher Arar during the period of Maher Arar's detention and interrogation in Syria from until October 5, 2003;

20. All records reflecting discussions between the United States and Syria about the release of Maher Arar from Syrian custody on October 5, 2003.

**Fee Waiver**

As CCR qualifies as a "representative of the news media," and the records are not sought for commercial use, fees associated with the processing of this Request should be "limited to reasonable standard charges for document duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(II). CCR is an entity that "gathers information of potential interest to a segment of the public" and "uses its editorial skills to turn raw materials into a distinct

3

work, and distributes them to an audience." *National Security Archive v. Department of Defense*, 880 F. 2d 1381, 1387 (D.C. Cir. 1989).

CCR is a legal and public education not-for-profit organization that engages in litigation, legal research, and the production of publications in the fields of civil and international human rights. CCR also publishes newsletters, know-your-rights handbooks, and other similar materials for public dissemination. These materials are available through CCR's Development and Education & Outreach Departments. CCR also operates a website, www.ccr-ny.org, that addresses the issues on which the Center works. The website includes material on topical civil and human rights issues and material concerning CCR's work. All of this material is freely available to the public.

The records requested are not sought for commercial use, and CCR plans to disseminate the information disclosed as a result of this FOIA request through the channels described above.

CCR also requests a waiver of fees on the grounds that disclosure of the requested records is in the public interest and because disclosure "is likely to contribute significantly to the public understanding of the activities or operations of the government and is not primarily in the commercial interest of the requester[s]." 5 U.S.C. § 552(a)(4)(A)(iii). This Request aims at furthering public understanding of government conduct, and specifically to help the public determine whether or not the government's commitment to domestic and international proscriptions against removing individuals to countries which it knows practice torture is honored in practice.

**Expedited Processing**

As there is a "compelling need" for the records requested, CCR seeks expedited processing of this Request pursuant to 49 C.F.R. § 7.31 (c) (1).

The "compelling need" involves CCR, which is an entity "primarily engaged in disseminating information, with an urgency to inform the public of actual or alleged Federal Government activity." 49 C.F.R. § 7.31 (c) (1) (ii).CCR is primarily engaged in disseminating information regarding constitutional and human rights, including in particular, the Federal Government's role in upholding these principles. As indicated above, this information is disseminated by CCR through news briefings, right-to-know handbooks, publications and CCR's website, www.ccr-ny.org.

Furthermore, there is a "particular urgency to inform the public about the government activity in the request, beyond the public's right to know about the government activity generally." 49 C.F.R. § 7.31 (c) (3). The government's investigation, detention and removal of Mr. Arar, a Canadian citizen, to Syria, is of direct importance to the thousands of Canadian citizens who transit through the United States to Canada. The public also has an urgent need to know that the government is following its international and domestic obligations not to remove persons to countries such as Syria where it is more likely than not that they will be subjected to torture.

4

If this Request is denied in whole or in part, we ask that you justify all deletions by reference to specific exemptions of the FOIA. CCR expects you to release all segregable portions of otherwise exempt material. CCR reserves the right to appeal a decision to withhold any information or to deny a waiver of fees.

As indicated above, CCR is applying for expedited processing of this Request. Notwithstanding your determination of that application, CCR looks forward to your reply to the Request within twenty (20) business days, as required under 5 U.S.C. § 552(a)(6)(A)(i).

Thank you for your prompt attention to this matter.

Should you have any questions regarding this request, please contact Steven Watt of the Center for Constitutional Rights on (212) 614 6430.

Under penalty of perjury, I hereby affirm that all the forgoing is true and correct to the best of my knowledge and belief.

Signed by:

_____
Jeffery Fogel, Esq.
Center for Constitutional Rights
666 Broadway,
New York, NY, 10012

# EXHIBIT B

U.S. Department of Homeland Security
Washington, DC 20528



December 31, 2003

Jeffrey Fogel, Esq.
Center for Constitutional Rights
666 Broadway
New York, NY 10012

Dear Mr. Fogel:

    This will acknowledge your Freedom of Information Act request on behalf of Mr. Maher Arar, which was dated November 4, 2003, and received on December 3, 2003. I have assigned your request number DHSHQ04-103 for tracking purposes.

    Because you indicated that you have separately sent a request to the Bureau of Customs and Immigration Enforcement, our search for responsive records will be limited to DHS Headquarters. You state that you represent Mr. Arar. Before we can undertake a search, I must have authorization from him to release any responsive documents to you, assuming DHS maintains such. See 68 Fed. Reg. 4056, 4064-65 (Jan. 27, 2003) (describing requirements for requests for access to records). If you will promptly provide this authorization, we can undertake a search for records. A letter signed under penalty of perjury attesting to his identity and authorizing you access to any responsive records will suffice.

    If you construe my action to be a denial of access, your client has the right to seek an administrative appeal of my determination within sixty (60) days of the date of this letter. You should write to the following address: FOIA/PA Appeals Officer, Department of Homeland Security, Washington, D.C. 20528. Your envelope and letter should be marked "Freedom of Information Act Appeal."

Sincerely,

Elizabeth Withnell
Acting Departmental Disclosure
    Officer

# EXHIBIT C

# centerforconstitutionalrights

666 broadway new york, ny 10012
t 212 614 6464 f 212 614 6499 www.ccr-ny.org

7003 3110 0006 3535 0177

April 15, 2004

Elizabeth Withnell
Acting Dept. Disclosure Officer
U.S. Dept. of Homeland Security
Washington, DC 20258

    Re:    Freedom of Information Act Request
            DHSHQ04-103

Dear Ms. Withnell:

    Enclosed please find an authorization from our client, Maher Arar, certifying his identity and authorizing the Center for Constitutional Rights (CCR) to access any responsive records in the above Freedom of Information Act Request.

    CCR expects you to release all segregable portions of otherwise exempt material. CCR reserves the right to appeal a decision to withhold any information. Should you have any questions regarding this request, please contact Matthew Scott of CCR at (212) 614-6470. Thank you for your prompt attention to this matter.

Sincerely,

Jeffrey E. Fogel, Esq.
Legal Director

**U.S. Postal Service**
**CERTIFIED MAIL... RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here
4/15

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, June 2002    See Reverse for Instructions

7003 3110 0006 3535 0177



AUTHORIZATION OF MAHER ARAR

I, Maher Arar, declare as follows:

1.  I am represented by the Center for Constitutional Rights. I am the individual referenced in the Freedom of Information Act request submitted by the Center for Constitutional Rights, request number DHSHQ04-103.

2.  I hereby authorize the attorneys of the Center for Constitutional Rights to access any responsive records pertaining to this request. I authorize the U.S. Department of Homeland Security to release any and all responsive records to my attorney Jeffrey Fogel and the Center for Constitutional Rights.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this _26_ day of _MARCH_, 2004 in Ottawa, Canada.

_[signature]_
Maher Arar