IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMNESTY INTERNATIONAL USA, CENTER FOR CONSTITUTIONAL RIGHTS, INC., and WASHINGTON LEGAL SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CENTRAL INTELLIGENCE AGENCY, U.S. DEPARTMENT OF DEFENSE, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, and THEIR COMPONENTS, <br><br> Defendants. | Civil Action 07-5435 (LAP) |

## DECLARATION OF PHILIP J. MCGUIRE

I, Phillip J. McGuire, hereby make the following declaration:

1. I am the Director of the United States Army Crime Records Center (the "USACRC"), U.S. Army Criminal Investigation Command (the "CID"), Fort Belvoir, Virginia. I have held this position since September 1, 1995. Prior to my current assignment, I was Deputy Director of the USACRC from March 1, 1993 until assuming the Director's position. I have been a Special Agent member of the CID since 1975.

2. The USACRC is the record holding facility for the CID. The CID is the major U.S. Army command responsible for investigating serious crimes whenever an Army interest exists and when jurisdiction has not been reserved to another agency. The USACRC retains

criminal reports of investigation ("ROI") and Military Police Reports ("MPR") for the U.S. Army.

3. As the USACRC Director, I supervise the Freedom of Information and Privacy Act Division at USACRC. Due to the nature of my official duties, I am familiar with the procedures followed by the USACRC in responding to requests for information from its files pursuant to the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. In connection with my supervisory responsibilities at USACRC, I have supervised CID's consultations with the Central Intelligence Agency (the "CIA") with respect to the above-captioned action. I submit this declaration in support of the CIA's motion for summary judgment in this matter. The statements contained in this declaration are based on personal knowledge and on information provided to me in my official capacity.

4. The CIA sought consultation from CID with respect to a document referred to in the CIA's motion for summary judgment as document no. 249. Document no. 249 originated with the CID, but I understand that the CIA located the document in its files while processing Plaintiffs' FOIA requests.

5. Document no. 249 is an Initial Serious Sensitive Incident Report related to an allegation of detainee abuse, reported on August 12, 2004. The abuse was allegedly committed by Central Intelligence Agency personnel. The document was created by a CID Agent and describes the allegations in general terms and provides the status of the investigation.

6. As explained more fully below, the justification for non-disclosure of portions of this document is pursuant to FOIA Exemptions 2, 6, and 7(C).

**Exemption 2**

7.      Exemption 2 exempts from disclosure information that is "related solely to the internal personnel rules and practices of an agency." Here, Exemption 2 is applied to protect the identification of special agents and their identification numbers in accordance with the internal rules and practices of CID.

**Exemptions 6 and 7(C)**

8.      Exemption 6 exempts from disclosure records or information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The exemption protects individuals from the injury that may result from the unnecessary disclosure of personal information, including individual's names, addresses, and other personal identifying information. To determine whether Exemption 6 applies, we balance the individual's right to privacy against the public purpose to be served by disclosure, i.e., shedding light on the government's performance of its duties and letting citizens know what the government is up to.

9.      Exemption 7(C) exempts from disclosure "record or information compiled for law enforcement purposes, . . . to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." Exemption 7(C) is more protective of privacy information than Exemption 6. Under Exemption 7(C), personal identifying information will only be released if there is a significant public interest at stake and that the privacy information is likely to advance that interest.

10.     CID has redacted personal identifying information from document no. 249 under both Exemption 6 and Exemption 7(C) for various reasons. First, CID has redacted the names of all Department of Defense ("DoD") personnel appearing in the document pursuant to the policy

identified in the Declaration of William T. Kammer, dated February 4, 2008, which was previously submitted in this action. As described in paragraph 3 of that declaration, "it is the policy of the Department of Defense that it will not release, nor authorize any other federal agency to release, lists of names or other personal identifying information of DoD personnel."

11. Moreover, CID has redacted personal identifying information of government personnel appearing in the document – specifically, the names of the drafter and releaser of the document, and the names and identification numbers of special agents – because revealing that information could reasonably be expected to, and would, constitute a clearly unwarranted invasion of personal privacy. Document no. 249 is an investigatory record, and disclosure of identifying information would associate the individuals named with the investigation of the alleged incident. Such disclosure would invade the named individuals' privacy and might subject them to harassment, including targeting for inquiries for unauthorized access to information. Disclosure of this personal identifying information would not, however, shed any light on the government's performance of its duties or what the government is up to.

11. CID has additionally redacted the personal identifying information of the alleged detainee, including the detainee's name, date of birth, and address. Disclosure of the personal identifying information of a detainee alleging abuse could reasonably be expected to, and would, constitute a clearly unwarranted invasion of personal privacy because <u>inter alia</u>, it would expose the individual to public scrutiny as both a detainee and as a victim of alleged abuse.

12. I have carefully reviewed document no. 249 for segregation of non-exempt information, and I have determined that all reasonably segregable information has been released.

I declare under penalty of perjury, the foregoing is true and correct to the best of my knowledge and belief.

Executed this 14th day of April 2008 at the U.S. Army Criminal Investigation Command, Fort Belvoir, Virginia.

PHILLIP J. MCGUIRE
Director, U.S. Army Crime Records Center
U.S. Army Criminal Investigation Command