MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     JEANNETTE A. VARGAS
        BRIAN M. FELDMAN
Assistant United States Attorneys
        EMILY DAUGHTRY
Special Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone Nos. (212) 637-2678/2777
Facsimile Nos. (212) 637-2702/2717

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| AMNESTY INTERNATIONAL USA, CENTER FOR CONSTITUTIONAL RIGHTS, INC., and WASHINGTON SQUARE LEGAL SERVICES, INC., | **ECF CASE** |
| *Plaintiffs*, | |
| v. | 07 CV 5435 (LAP) |
| CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, and THEIR COMPONENTS, | **DECLARATION OF KAREN L. HECKER** |
| *Defendants*. | |

---

I, Karen L. Hecker, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.     I am an Associate Deputy General Counsel in the Office of General Counsel ("OGC") of the United States Department of Defense ("DoD"). In that capacity, I am responsible for, among other things, overseeing litigation involving the DoD. I have held this position since July 2004. In connection with that responsibility, I have supervised DoD's consultations with the Central Intelligence Agency (the "CIA") concerning certain documents located by the CIA in

response to the Freedom of Information Act ("FOIA") requests submitted to the CIA by Plaintiffs in the above-captioned case.  I understand that the documents referred to DoD for consultation under my supervision are referred to in the CIA's Motion for Summary Judgment as Documents 20, 103, 192, and 250.  I submit this declaration in support of the CIA's Motion for Summary Judgment to assert certain FOIA exemptions, on behalf of DoD, over those documents.  This declaration is based on my personal knowledge, information, and belief, and on information disclosed to me in my official capacity.

2.     For the convenience of the Court, I have organized this declaration into three parts: (i) Part I, which describes the documents at issue; (ii) Part II, which explains DoD's assertion of Exemption 5, and (iii) Part III, which explains DoD's assertion of Exemption 6.

## PART I

## DOCUMENT DESCRIPTIONS

3.     **Document 20**.  This document is eight pages in length and consists of a cover sheet indicating the classification of the attached document and an attached draft seven-page memorandum of agreement between the CIA and DoD.  The agreement outlines potential procedures to be used going forward in a specific context.  The agreement is a draft and is marked accordingly.  The date on the document indicates that it was revised on July 2, 2006.  The document contains the classification marking "TOP SECRET/SCI."  It provides facts, analysis and conclusions regarding potential procedures and contains preliminary impressions and recommendations as to what the final product should be.  In several places, it contains italicized text requesting additional information and highlighting the areas that were still under discussion at the time the draft was created.  I understand that the CIA has determined that Document 20 is exempt

from disclosure under FOIA Exemptions 1, 3 and 5. DoD is withholding this document from release in its entirety, pursuant to FOIA Exemption 5, as explained below.

4.      **Document 103**.  This document is twenty pages in length and consists of two one-page routing slips and an 18-page memorandum, including attachments, from the National Security Council.  Document 103 is dated May 17, 2005, and the first two pages of the memorandum bear the classification "CONFIDENTIAL."  As part of the instant litigation, the CIA asked DoD to review a three-page paper, dated May 6, 2005, and its ten pages of attachments, all of which are attached to the memorandum.  The three-page paper was authored by an attorney within DoD OGC and discusses different proposals for a policy under consideration by the Executive Branch and outlines the comments and recommendations of DoD with respect to those proposals.  The three-page paper attaches ten pages, which consist of the proposals under discussion.  I understand that CIA has determined that Document 103 is exempt from disclosure under FOIA Exemptions 1, 3, and 5, and that the Department of State has determined that portions of the document are exempt from disclosure under FOIA Exemption 5.  DoD is withholding the three-page paper and its ten pages of attachments within Document 103 pursuant to FOIA Exemption 5, as explained below.

5.      **Document 192**.  This document is an eleven-page email train discussing intelligence operations.  It is dated October 13, 2004, and each page bears the classification "TOP SECRET." The CIA asked DoD to review the last three pages of this document, which consist of a one page fax cover sheet from an attorney within DoD OGC to an individual employed by the CIA.  This fax cover sheet requests a classification review of a two-page document containing statements regarding details of a CIA intelligence operation.  The two-page document was created by an attorney within DOD OGC and contains factual information about that intelligence operation and

legal opinions from attorneys within the Executive Branch, including DoD. It discusses a policy issue under consideration within the Executive Branch and outlines the recommendations and proposals of personnel involved in the discussion. It is a draft and is marked accordingly. I understand that the CIA has determined that Document 192 is exempt from disclosure under FOIA Exemptions 1, 3, and 5. DoD is withholding this document from release in its entirety, pursuant to FOIA Exemptions 5 and 6, as explained below.

6.     **Document 250**. This document is a one-page transmittal memorandum from a DoD employee requesting a classification review of a document. The memorandum is dated February 16, 2006. I understand that the CIA' search located only the memorandum and not the attachment to it. DoD, however, has located the document that was originally attached to Document 250, and I have reviewed that document. DoD is withholding portions of Document 250 from release, pursuant to FOIA Exemption 6, as explained below. A copy of Document 250, with appropriate redactions, is attached to this declaration as Exhibit A.

## PART II

## EXEMPTION 5

7.     FOIA Exemption 5 provides that FOIA does not apply to inter-agency or intra-agency memoranda or letters that would not be available by law to a private party in litigation with the agency. Documents 20, 103, and 192 are intra-agency or inter-agency records that contain information that is protected from disclosure by the deliberative process and attorney-client privileges.

    A.     **Deliberative Process Privilege**

8.     The deliberative process privilege protects the internal deliberations of the

government by exempting from release pre-decisional documents that reflect advisory opinions, recommendations, analyses, opinions, and discussions prepared to inform or in anticipation of decision-making.

9. Document 20 is a July 2, 2006 draft of a memorandum of agreement that was being considered by CIA and DoD. It is protected from release by the deliberative process privilege because it contains information that reflects the pre-decisional deliberations of DoD and other Executive Branch officials. Specifically, it reflects pre-decisional discussions between Executive Branch officials regarding possible approaches to take with respect to outstanding policy issues regarding this memorandum of agreement, and the document includes candid internal discussions regarding policy issues and recommendations from DoD staff members. This document, and the comments on it, were solicited or generated as part of the process by which policy is formulated. As a non-final draft from July 2006, this document does not indicate whether any policy recommendations were adopted by the decision maker or that the underlying reasoning reflected in the document was adopted. Document 20 is therefore exempt from disclosure under Exemption 5.

10. Public disclosure of Document 20 would reveal the pre-decisional deliberations of Executive Branch officials. The DoD personnel involved in the pre-decisional deliberations reasonably would have expected that their candid discussions and recommendations regarding sensitive national security issues would remain confidential. Release of this document would discourage open and frank discussions among Executive Branch officials in the future, thereby threatening the confidence needed to ensure the candor of future DoD deliberations.

11. The three-page paper and its ten pages of attachments contained within Document 103 contains internal Executive Branch discussions, proposals, and recommendations regarding a

policy issue that was under consideration within the Executive Branch. This information is protected from release by the deliberative process privilege because the information reflects the pre-decisional deliberations of DoD and other Executive Branch officials. Public release of this information would reveal the internal deliberations of government officials and would discourage open and frank discussions that must occur among Executive Branch officials. The three-page paper and its ten pages of attachments within Document 103 are therefore exempt from disclosure under Exemption 5.

12. The last three pages of Document 192 contain internal Executive Branch discussions and recommended conclusions regarding a policy issue that was under consideration within the Executive Branch. This information is protected from release by the deliberative process privilege because the information reflects the pre-decisional deliberations of DoD and other Executive Branch officials. Public release of this information would reveal the internal deliberations of government officials and would discourage open and frank discussions that must occur among Executive Branch officials. The last three pages of Document 192 are therefore exempt from disclosure under Exemption 5.

**B.    Attorney Client Privilege**

13. The attorney-client privilege protects confidential communications between a client and his attorney relating to a matter for which the client has sought legal advice.

14. Document 20, the three-page paper and its ten pages of attachments within Document 103, and the last two pages of Document 192, both contain confidential communications between DoD staff and DoD attorneys. These communications relate to matters for which the attorneys provided legal advice to the personnel within DoD on policy issues under consideration

6

within the Executive Branch. Legal comments on the documents were prepared by and at the direction of DoD attorneys, and the DOD attorneys reasonably would have expected that such comments would be held in confidence; to date, they have been have been held in confidence. Documents 20, the three-page paper and its ten pages of attachments within Document 103, and the last two pages of Document 192, are therefore exempt from disclosure under Exemption 5.

15. Release of the attorney-client communications within these documents would compromise the ability of DoD attorneys to engage in open and frank discussions with DoD staff, thereby threatening the confidence needed to ensure the candor of future DoD deliberations and discussions.

16. I have carefully reviewed Document 20, the three-page paper within Document 103, and the last two pages of Document 192, for potential segregation of non-exempt information, and I have determined that there is no meaningful, reasonably segregable portion of Document 20, the three-page paper within Document 103, or the last two pages of Document 192, that can be released without disclosing information protected under Exemption 5.

## PART III

## EXEMPTION 6

17. Exemption 6 exempts from disclosure records or information in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The exemption protects individuals from the injury that may result from the unnecessary disclosure of personal information, including individual's names, addresses, and other personal identifying information. To determine whether Exemption 6 applies, we balance the individual's right to privacy against the public purpose to be served by disclosure, i.e.,

shedding light on the government's performance of its duties and letting citizens know about the activities of the government.

19. 18.    DoD has redacted from Documents 192 and 250 the names of, or identifying information about, DoD employees, which appear in such documents. Such information, including DoD employees' names, positions within DoD, email addresses, and telephone numbers, are exempt under FOIA Exemption 6 for various reasons.

19.    As an initial matter, DoD has redacted the names of all DoD personnel appearing in the documents pursuant to the policy identified in the Declaration of William T. Kammer, dated February 4, 2008, which was previously submitted in this action. As described in paragraph 3 of that declaration, "it is the policy of the Department of Defense that it will not release, nor authorize any other federal agency to release, lists of names or other personal identifying information of DoD personnel."

20.    Moreover, DoD has redacted personal identifying information of DoD personnel appearing in the documents because revealing that information would reasonably constitute a clearly unwarranted invasion of personal privacy. In the context of the FOIA requests at issue in this case, disclosure of identifying information would associate the individuals named with CIA intelligence activities. Such disclosure would invade the named individuals' privacy and might subject them to, among other things, harassment, including targeting for inquiries for unauthorized access to information. Disclosure of this personal identifying information would not, however, shed any light on the government's performance of its duties. Consequently, because the privacy interests involved outweigh the negligible public interest in disclosure, DoD has determined that the information is properly withheld from release pursuant to Exemption 6.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 21 April 2008

                                                        KAREN L. HECKER, ESQ.