UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AMNESTY INTERNATIONAL USA, CENTER FOR CONSTITUTIONAL RIGHTS, INC., and WASHINGTON SQUARE LEGAL SERVICES, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | ECF Case |
| v. | ) ) | 07 CV 5435 (LAP) |
| CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF JUSTICE, AND DEPARTMENT OF STATE, and THEIR COMPONENTS, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

DECLARATION OF MARGARET P. GRAFELD

I, Margaret P. Grafeld, declare and state as follows:

   1.  I am the U.S Department of State's (the

"Department's") Information and Privacy Coordinator and the

Director of the Department's Office of Information Programs

and Services ("IPS").  In these capacities, I am the

Department official immediately responsible for responding to

requests for records under the Freedom of Information Act

(FOIA), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and

2

other applicable records access provisions.  I have been in the employ of the Department of State since 1974, and have served with the Department's Information Access Program for most of my tenure with the Department.  I am authorized to classify and declassify national security information pursuant to Executive Order ("E.O.") 12958, as amended, and Department of State regulations set forth in 22 C.F.R. §§ 9.7, 9.14.  I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the records in the case files established for the processing of the subject request, or upon information furnished to me in the course of my official duties.  I have read the FOIA requests submitted to the Central Intelligence Agency ("CIA") by the plaintiffs in the above-captioned matter, and submit this declaration in support of the CIA's Motion for Summary Judgment.

2.  The core responsibilities of IPS include:  records access requests made by the public (under the FOIA, the Privacy Act, and the mandatory classification review requirements of E.O.12958, as amended, or the Ethics in Government Act), members of Congress, and other government agencies, and those that have been made pursuant to judicial processes, such as subpoenas, court orders, and discovery requests; records management; privacy protection; national

*Amnesty International USA, et al. v. CIA, et al.*
*Grafeld Declaration*

3

security classification management and declassification review; corporate records archives management; research; operation and management of the Department's Library; and the application of technology that supports these activities.

3.  The purpose of this declaration is to confirm the disposition of one Department of State document and portions of another agency's document referred for consultation to the Department of State by the CIA as part of the CIA's response to the FOIA requests at issue in this lawsuit.

## I. DEPARTMENT OF STATE REVIEW

4.  The Department of State was asked to review documents referred by the CIA in connection with plaintiffs' FOIA requests.  One of the documents referred, document 103, originated with other agencies and contains Department of State information; another document referred, document 82, originated with the Department.

5.  I understand that the CIA, the Office of the Director of National Intelligence ("ODNI"), and the Department of Defense ("DOD") have determined that portions of document 103 are protected from disclosure under FOIA exemptions (b)(1), (b)(3), and (b)(5), and that document 82 is protected from disclosure under FOIA exemptions (b)(1) and (b)(3).  I also understand that CIA, ODNI, and DOD are preparing declarations

*Amnesty International USA, et al. v. CIA, et al.*
*Grafeld Declaration*

4

and that the CIA is preparing a draft Vaughn index supporting the withholding of these documents in full under these exemptions.

6.   I submit this declaration to explain why certain information originating with the Department of State within document 103 also must be withheld under FOIA exemption (b)(5)and why document 82 also must be withheld in its entirety under FOIA exemption (b)(5).  Specifically, the two documents are protected from disclosure because they contain information protected by the deliberative process privilege and the attorney-client privilege.

## II.  EXEMPTION CLAIMED

### FOIA Exemption (b)(5) – Deliberative Process And Attorney Client Materials

7.   Title 5 U.S.C. Section 552(b)(5) states that the FOIA does not apply to:

> Inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency.

8.   This exemption protects information to the same extent it would be protected in the civil discovery context, including information protected by the deliberative process privilege and the attorney-client privilege.  The deliberative process privilege protects the candid views and advice of U.S.

*Amnesty International USA, et al. v. CIA, et al.*
*Grafeld Declaration*

5

Government officials provided in the course of pre-decisional deliberations regarding policy formulation and administrative direction.  Disclosure of material containing such deliberations, or of material on which such deliberations are based, would prejudice the free flow of internal recommendations and other necessary exchanges.  It would severely hamper the ability of responsible officials to formulate and carry out executive branch programs.

9.  As described more fully below, information in documents 103 and 82 has been withheld pursuant to the deliberative process privilege.  The information is pre-decisional and contains selected factual material intertwined with opinion, and its disclosure would inhibit candid internal discussion and the expression of recommendations and judgments regarding current problems and preferred courses of action. There are no reasonably segregable facts that may be disclosed in this deliberative material.

10.  Material has also been withheld from these two documents pursuant to the attorney-client privilege.  The material was prepared by Department of State attorneys in their capacities as legal advisers on matters of international law, providing confidential legal advice on issues of

6

international law, including issues to be discussed at a

National Security Council ("NSC") Deputies Committee meeting.[1]

    11.  The withheld information in documents 103 and 82 is,

accordingly, exempt from release under FOIA exemption (b)(5).


### III. DOCUMENT DESCRIPTIONS

**A.    DOCUMENT 103**

    12.  The Department has sub-divided document 103, which

consists of a memorandum and several attachments, into several

separate sub-documents, in accordance with its standard

procedures for processing documents.  Two of those sub-

documents, which the Department has labeled C4 and C7, contain

materials that must be withheld under FOIA exemption (b)(5).

        1.  Sub-Document C4

    13.  Sub-document C4 is an undated, eight-page document

with no drafting information.  The heading (blurred) on the

first page of the document appears to state that it is a

summary of "Department of State Recommended Changes...."  It

is marked "Sensitive But Unclassified," and "draft."  It was

---

[1] The NSC Deputies Committee is the senior sub-Cabinet
interagency forum for consideration of policy issues affecting
national security.  See National Security Presidential
Directive-1, Organization of the National Security Council
System, February 13, 2001, available at
http://www.fas.org/irp/offdocs/nspd/nspd-1.htm.

*Amnesty International USA, et al. v. CIA, et al.*
*Grafeld Declaration*

7

circulated by the White House Situation Room by facsimile on May 18, 2005, according to the fax date line on the document.

14.   This document was distributed among selected federal agencies within the Executive Branch as part of a group of documents in preparation for consideration at an NSC-chaired Deputies Committee meeting.

15.   It raises five legal issues related to detainees for discussion, describes the then-current practices, and proposes a change or changes for each issue. International law issues are discussed.   The first page is a summary of each of the five issues; the remaining seven pages are detailed discussions of each of the issues and proposed changes in practice.   The particular facts contained in this letter were identified, extracted or highlighted from other potentially relevant facts by the author, in the exercise of his judgment. Accordingly, the disclosure of the facts that were selected for inclusion in this letter would themselves tend to reveal the author's and the Department's deliberative process.   This pre-decisional, draft, deliberative document is therefore exempt from release pursuant to the deliberative process privilege under FOIA exemption (b)(5).

16.   The document also contains confidential legal analysis and advice prepared by Department of State attorneys on issues of international law.   The document is therefore

*Amnesty International USA, et al. v. CIA, et al.*
*Grafeld Declaration*

8

also exempt from release pursuant to the attorney client
privilege under FOIA exemption (b)(5). There is no non-exempt
information in sub-document C4 that may be segregated and
released.

       2.  Sub-Document C7

17. Sub-document C7 is a three-page paper dated
May 6, 2005. I understand that this paper was prepared by the
Department of Defense ("DOD"). The document was circulated
among selected federal agencies within the Executive Branch in
the same manner and at the same time as sub-document C4. It
does not bear any classification or distribution limit.

18. The two paragraphs marked as Part B of sub-document
C7 summarize the Department of State proposals in sub-document
C4, then provide the drafting agency's views on the proposals
for consideration at the Deputies Committee meeting. These
two paragraphs are pre-decisional and part of the deliberative
process and are therefore exempt from release under FOIA
exemption (b)(5). Within these two exempt paragraphs there is
no factual information that may be segregated and released.

**B.  DOCUMENT 82**

19. Document 82 is an eleven-page document, dated
February 9, 2007. It is a letter from the Legal Adviser of
the Department of State to the acting head of the Office of
Legal Counsel at the Department of Justice ("OLC"). It is

9

marked Top Secret, and has additional markings indicating that it is for very limited distribution.

20. This letter provides Department of State comments with respect to a draft, pre-decisional legal opinion prepared by OLC for the CIA relating to the CIA's terrorist detention and interrogation program. The comments are confined to the legal analysis contained in the draft, and the letter does not purport to provide any policy recommendations. The letter is by nature deliberative and pre-decisional because it provides comments on a draft legal opinion. Moreover, it is also deliberative because the Department is not the final decisionmaker with respect to either the contents of an OLC legal opinion or any policy that the CIA might adopt with respect to the issues addressed in the OLC memorandum, as neither OLC nor the CIA fall under the Department's chain of command. The deliberative process privilege also protects the factual information contained in this letter. The particular facts contained in this letter were identified, extracted or highlighted from other potentially relevant facts by the author, in the exercise of his judgment. Accordingly, the disclosure of the facts that were selected for inclusion in this letter would themselves tend to reveal the author's and the Department's deliberative process.

10

21.  Additionally, the document contains confidential legal analysis and advice prepared by Department of State attorneys on the basis of confidential facts on issues of international law and is therefore also exempt from release pursuant to the attorney-client privilege.

22.  Document 82 is properly withheld under FOIA exemption (b)(5).  There is no non-exempt information that may be segregated and released.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this _18th_ day of April 2008.


_____
Margaret P. Grafeld