UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMNESTY INTERNATIONAL USA, CENTER :
FOR CONSTITUTIONAL RIGHTS, INC., and :
WASHINGTON SQUARE LEGAL SERVICES, :    ECF CASE
INC., :

             Plaintiffs,    :    07 CV 5435 (LAP)

      v.

                                **DECLARATION OF DIONE**
CENTRAL INTELLIGENCE AGENCY,    :    **JACKSON STEARNS**
DEPARTMENT OF DEFENSE,    :
DEPARTMENT OF HOMELAND SECURITY, :
DEPARTMENT OF JUSTICE, DEPARTMENT :
OF STATE, and THEIR COMPONENTS,    :

             Defendants.
------------------------------------------------------------ x

I, Dione J. Stearns, declare the following, under the penalty of perjury:

1.    I am an Attorney Advisor in the Department of Justice currently assigned to the Executive Office for United States Attorneys ("EOUSA"), Freedom of Information and Privacy Staff (the "FOIA/Privacy Staff"). The FOIA/Privacy Staff processes all requests received by EOUSA and by all United States Attorneys' Offices nationwide under the Freedom of Information and Privacy Acts ("FOIA/PA") and related regulations. 5 U.S.C. §§ 552-552a; 28 CFR § 16.1, et seq. I submit this declaration in support of the motion of the Central Intelligence Agency (the "CIA") for summary judgment in the above-captioned action. The statements I make in this declaration are made on the basis of my review of the official files and records of EOUSA, my own personal knowledge, or on the basis of knowledge acquired by me through the performance of my official duties.

2. My duties on the FOIA/Privacy Staff include acting as liaison with other Departmental components and overseeing the processing of FOIA/PA requests for records maintained by EOUSA or any of the United States Attorneys' Offices nationwide, including searches for responsive records, determining processing and fee issues, and making determinations regarding release, redaction, or withholding of agency records pursuant to the access and exemption provisions of the Freedom of Information and Privacy Acts. Due to the nature of my official duties, I am familiar with the procedures followed by EOUSA in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.

3. The Central Intelligence Agency (the "CIA") asked EOUSA to review two documents that contain information relating to EOUSA. In this litigation, I understand that CIA has assigned the documents the numbers 18 and 127 and included descriptions of each document in a Vaughn index attached as Exhibit A to the declaration of Ralph S. DiMaio, Information Review Officer for the National Clandestine Service, CIA.

4. I further understand that the CIA determined that document no. 18 is exempt from disclosure under FOIA Exemptions 1, 2, 3, and 5, and that document no. 127 is exempt from disclosure under Exemptions 3 and 5, and that the CIA is preparing a declaration supporting the withholding of such information under these exemptions.

5. I submit this declaration to explain why information relating to EOUSA within documents numbered 127 and 18 must be withheld under Exemption 5 and Exemption 7(A), respectively. Specifically, document no. 127 contains information protected by the deliberative process privilege and the attorney work product doctrine, and document no. 18 contains

information relating to a pending law enforcement investigation, the disclosure of which could reasonably be expected to interfere with that investigation.

## PART I
## DOCUMENTS AT ISSUE

6. Document no. 18 is an eight-page document, which includes a classified two-page letter that originated with the CIA. This declaration only addresses the two-page letter within document no. 18 and does not address the remaining six pages of the document. The letter is undated and is addressed to the Chief of the United States Attorney's Office for the Eastern District of Virginia Criminal Division from an employee of the CIA's Office of Inspector General discussing possible violations of federal law by the subject of an ongoing criminal investigation. The CIA provided a copy of this document to Assistant United States Attorney ("AUSA") Neil Hammerstrom, the Chief of the Terrorism and National Security Unit of the United States Attorney's Office for the Eastern District of Virginia. AUSA Hammerstrom reviewed the letter and informed me that the subject of the letter remains the subject of a pending criminal investigation by the United States Attorney's Office and that the release of information from that letter could reasonably be expected to interfere with that Office's investigation.

7. Document no. 127 is a three-paragraph, one-page memorandum dated September 6, 2005. The memorandum is entitled "Memorandum for the Record" and is authored by a Special Agent of the CIA's Office of the Inspector General. The memorandum records a conversation, regarding ongoing criminal matters, between the Special Agent and an AUSA in the United States Attorney's Office for the Eastern District of Virginia. Paragraphs 1 and 2 of the memorandum reflect the deliberations of the Special Agent regarding the progress of the

referenced matters, and paragraph 2 reveals the thoughts and impressions of the AUSA with respect to an issue presented to him by the Special Agent regarding, <u>inter alia</u>, contemplated interactions with defense counsel in one of the referenced criminal matters. This declaration does not address the contents of paragraph 3 because that paragraph reflects deliberations between the Special Agent and an officer not part of EOUSA.

**PART II**
**EXEMPTION 5**

8.  FOIA Exemption Five exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." This exemption protects information privileged in the civil discovery context, including information protected by the deliberative process privilege and the attorney work product doctrine.

A. **Deliberative Process Privilege**

9.  **The deliberative process privilege** protects the internal deliberations of the Government by exempting from release pre-decisional documents that reflect advisory opinions, recommendations, analysis, opinions, speculation, other non-factual information prepared to assist policymakers in arriving at decisions, or factual information that is inextricably connected to the deliberative material, such that its disclosure would expose or cause harm to the agency's deliberations.

10. EOUSA is withholding paragraphs 1 and 2 of document no. 127 under the deliberative process privilege. These two paragraphs are deliberative because they reflect discussions between a Special Agent and AUSA regarding the progress of an ongoing criminal

matters, and reveal the opinions and recommendations of an AUSA with respect to an inquiry from the Special Agent regarding, inter alia, contemplated interactions with defense counsel in a criminal matter. These two paragraphs are also pre-decisional because they record deliberations between the Special Agent and the AUSA prior to a final decision regarding the issues under discussion regarding the criminal matter. These paragraphs are therefore protected from disclosure under the deliberative process privilege.

### B.      Attorney Work Product Doctrine

11.     In addition to the deliberative process privilege, EOUSA is also withholding paragraph 2 of document no. 127 as protected by the attorney work product doctrine. That doctrine protects from disclosure, inter alia, documents which reflect impressions, conclusions, opinions, or legal theories of a government attorney about ongoing or anticipated litigation. Document no. 127 was drafted because of specific criminal matters, and paragraph 2 of the document contains the impressions, conclusions, and opinions of the AUSA with respect to an inquiry from the Special Agent regarding, inter alia, contemplated interactions with defense counsel in a criminal matter. It is therefore protected from disclosure under the attorney work product doctrine.

### PART III
### EXEMPTION 7(A)

12.     Exemption 7(A) exempts from disclosure "records or information compiled for law enforcement purposes . . . to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." This

exemption protects against the disclosure of law enforcement records, where disclosure could reasonably be expected to harm a pending law enforcement investigation.

13. EOUSA is withholding the two-page letter within document no. 18 pursuant to Exemption 7(A). The letter was compiled for the law enforcement purpose of discussing the possible violations of federal law by the subject of an ongoing criminal investigation.

14. Moreover, any release of information from the letter would be premature due to the harm which could ensue. Specifically, the subject of the letter remains the subject of a pending criminal investigation, and the United States Attorney's Office investigating the subject has informed me that release of any information within the letter would interfere with further investigations or prosecutorial efforts against the subject. If a document, like this letter, were released into the public domain, the information concerning the investigation could reach individuals, including the referenced subject, who remains under investigation. This would allow the subject to critically analyze the documents pertinent to the investigation of himself or herself. Such an individual possesses the unique advantage of knowing the details surrounding the investigation, the identities of the potential witnesses, direct and circumstantial evidence, and could use the released information to his or her advantage.

15. For these reasons, the two-page letter within document no. 18 is exempt from disclosure pursuant to Exemption 7(A).

## PART IV
## SEGREGABILITY

16. Paragraphs 2 1 and 3 2 of document no. 127 and the two-page letter within document no. 18 were evaluated to determine if any information could be segregated and

released. That text, which is being withheld in their entirety, contains no meaningful portions that could be released without destroying the integrity of the text, identifying a third party individual, or interfering with an ongoing investigation.

## CONCLUSION

17. EOUSA handled each step in this matter in a manner entirely consistent with EOUSA procedures and Department of Justice regulations. These procedures and regulations were developed to comply with the access and exemption provisions of the Freedom of Information and Privacy Acts and to ensure an equitable response to all persons seeking access to records under those statutes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of April, 2008.

*[signature: Dione Jackson Stearns]*

Dione Jackson Stearns
Attorney Advisor
EOUSA FOIA/PA Staff