**DOC 126**

# Amnesty International v. CIA, et al.

| | |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0001 |
| **Date of Document:** | 10/21/2004 |
| **Document Type:** | Interview Report |
| **Classification:** | Secret |
| **From/To:** | Created by a CIA/OIG employee |
| **Subject:** | OIG Investigation |
| **Document Pages:** | 2 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) (c)
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This two page document is an interview report documenting an interview of a CIA employee by the CIA Office of Inspector General. It is dated October 21, 2004, and bears the classification mark SECRET, and the control markings for one type of Sensitive Compartmentalized Information. This document is withheld in full pursuant to exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document is withheld in its entirety based on FOIA exemptions b(1) and b(3). This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities of the United States Government. The disclosure of this information could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the names of CIA officers and the location of a CIA station. Disclosure would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document also contains statements from a person who gave statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of

other OIG or Agency responsibilities." Therefore, this statement was made under circumstances where confidentiality could reasonably be inferred. These statements are both privileged and confidential statements made in the course of an intelligence investigation. Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d). In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the interviewer, as well as new recommendations and assessments. These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6). This document contains information that applies to a particular, identifiable individual. Disclosure of this information would constitute an unwarranted invasion of personal privacy. Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c). The document contains personal information regarding the interviewee. Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number**: 07-cv-5435
**Judge's Initials**: LAP

# Amnesty International v. CIA, et al.

|  |  |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0012 |
| **Date of Document:** | 9/6/2005 |
| **Document Type:** | Memo |
| **Classification:** | Unclassified |
| **From/To:** | CIA Employee Memorandum for the Record |
| **Subject:** | Record of Conversation Regarding Access to OIG Records |
| **Document Pages:** | 1 |

**FOIA Exemptions:**
- ☐ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** Portions of this document are withheld pursuant to exemption (b)(3). Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Act of 1949.

The memorandum is exempt in its entirety pursuant to exemption (b)(5). The memorandum discusses issues under consideration within the executive branch, and includes analysis and recommendations by multiple agencies. It therefore reveals internal deliberations of government officials, which are properly withheld under the deliberative process privilege. This document also represents the thoughts, impressions, legal analysis and preparations of an attorney in anticipation of litigation. It is therefore withheld pursuant to the attorney work-product privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 128**

# Amnesty International v. CIA, et al.

| | |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0023 |
| **Date of Document:** | UNDATED |
| **Document Type:** | Memo |
| **Classification:** | Secret |
| **From/To:** | Associate Deputy Director fo Operations to Deputy Director for Operations |
| **Subject:** | Evaluation of Activities of CIA Station |
| **Document Pages:** | 11 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This eleven page document is a memorandum documenting an internal evaluation of a CIA station. It is undated, and the last page appears to be missing, as the last paragraph on the last page appears to have been cut off mid-sentence. The document bears the classification mark SECRET, and the control markings for one type of Sensitive Compartmentalized Information.

This document is withheld in its entirety based on FOIA exemptions b(1) and b(3). This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities of the United States Government. The disclosure of this information could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals CIA cryptonyms, the location of a CIA station, and the activities of that station. Disclosure would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

This document is also withheld in full on the basis of exemption b(5). The memorandum discusses policy issues under consideration within the executive branch, and includes analysis and recommendations of agency officials. It therefore reveals internal deliberations of government officials which are properly withheld in full under the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 129**

# Amnesty International v . CIA, et al.

| | |
|---|---|
| FOIA/PA Request No.: | F-05-00498, F-06-01014, F-06-00994 |
| Document Number: | OIG M/R 0034 |
| Date of Document: | 6/19/2003 |
| Document Type: | Memo |
| Classification: | SCI, Top Secret |
| From/To: | CIA/DO Division Chief to Director of Central Intelligence |
| Subject: | Intelligence Operations |
| Document Pages: | 6 |

**FOIA Exemptions :**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions :**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition :**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This six-page document consists of two cover pages, a three page memorandum, and a one-page signature page. The memorandum bears the classification mark TOP SECRET and the markings for Sensitive Compartmentalized Information. This document is withheld in full on the basis of exemptions b(1), b(2), b(3), and b(5).

The first two pages contain internal routing and distribution information. This information is withheld on the basis of exemptions b(1), b(2), and b(3). These two pages primarily consist of internal distribution information such as filing identifiers, origination markings, handling instructions, and other internal administrative information which is protected from disclosure by exemption b(2). In addition, some of these markers and routing codes would disclose internal organizational data, the name of CIA personnel, and other information that is properly withheld under exemptions b(1) and b(3), as described more fully below.

The three page memorandum is from a senior Agency manager requesting action by the Director of Central Intelligence. It makes policy recommendations related to the conduct of Intelligence Operations, and seeks authorization to undertake a course of action. The memorandum states that it should be routed via three other senior Agency managers, including the Deputy Director of Central Intelligence and the Deputy Director for Operations. The last page is a signer page, which shows that the memoranda was signed by the Deputy Director for Operations but not the Director of Central Intelligence.

These four pages are withheld on the basis of exemptions b(1), b(3), and b(5). This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. The disclosure of this information could reasonably be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. Disclosure of this document would reveal information that is currently

and properly classified.  This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947.  Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

In addition, this is an unsigned memorandum protected by the deliberative process privilege and properly withheld under exemption b(5).  The memorandum contains recommendations to the Director of Central Intelligence and is not signed by him.  Thus, this memorandum consists of the internal deliberations and recommendations of CIA, which are properly withheld under the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 130**

# Amnesty International v. CIA, et al.

FOIA/PA Request No.: F-05-00498, F-06-01014, F-06-00994

Document Number: OIG M/R 0045

Date of Document: 7/21/2003

Document Type: Memo

Classification: Confidential

From/To: Executive Secretary of the NSC to Senior Policymakers

Subject: Summary of a Meeting

Document Pages: 6

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This six-page document consists of three cover pages and a three page memoranda summarizing the results of a policy meeting of the Principals Committee of the National Security Council. The memorandum is addressed to senior Presidential advisors, including the Counsel to the President and the President's Chief of Staff. The memorandum bears the classification mark CONFIDENTIAL. This document is withheld in full on the basis of exemptions b(1), b(2), b(3), and b(5).

The document is withheld in its entirety based on FOIA exemptions (b)(1), (b)(2), (b)(3), and (b)(5).

This document contains information that has been classified in accordance with Sections 1.4(c) and (d) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would reveal intelligence sources and methods, as well as foreign activities of the United States government, whose disclosure reasonably could be expected to cause damage to the national security.

The document is also exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, and titles or other organizational identifiers of CIA components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

The document is also exempt from disclosure based on exemption (b)(5). The document discusses issues under consideration at an executive branch meeting. The document thus reveals the internal deliberations of government officials. The document is therefore also properly withheld in full pursuant to the deliberative process privilege.

This document reflects information or recommendations authored or solicited and received by the President's senior advisors in connection with a decision, or potential decision, to be made by the President. The document is therefore properly withheld in full pursuant to the presidential

communications privilege.

Finally, the cover and routing slips contained within the document are withheld in full pursuant to exemptions (b)(2) and (b)(3), as they represent documents solely created pursuant to internal administrative practices and consisting of administrative and organizational information.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 131**

# Amnesty International v . CIA, et al.

| | |
|---|---|
| FOIA/PA Request No.: | F-05-00498, F-06-01014, F-06-00994 |
| Document Number: | OIG M/R 0056 |
| Date of Document: | 9/11/2005 |
| Document Type: | Interview Report |
| Classification: | Secret |
| From/To: | Created by a CIA/OIG employee |
| Subject: | OIG Investigation |
| Document Pages: | 2 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) (c)
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This two-page document is an Interview Report of an Interview with a CIA employee that was taken during the course of a criminal investigation. The document bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of a CIA station and the activities of that station. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

In addition, this document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under

circumstances where confidentiality could reasonably be inferred. These statements are both privileged and confidential statements made in the course of an intelligence investigation. Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d). In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments. These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6). This document contains information that applies to a particular, identifiable individual. Disclosure of this information would constitute an unwarranted invasion of personal privacy. Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c). The document contains personal information regarding the interviewee. Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 132**

# Amnesty International v. CIA, et al.

| | |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0067 |
| **Date of Document:** | 9/16/2004 |
| **Document Type:** | Memo |
| **Classification:** | SCI, Top Secret |
| **From/To:** | Inspector General to Acting DCI |
| **Subject:** | Issues For DCI Consideration |
| **Document Pages:** | 3 |

**FOIA Exemptions:**
☒ (b) (1)
☒ (b) (2)
☒ (b) (3)
☐ (b) (4)
☒ (b) (5)
☐ (b) (6)
☐ (b) (7) (c)
☐ (b) (7) (d)
☐ (b) (7) (e)
☐ (b) (7) (f)

**Privacy Act Exemptions:**
☐ (d) (5)
☐ (j) (1)
☐ (j) (2)
☐ (k) (1)
☐ (k) (2)
☐ (k) (5)

**Disposition:**
● Denied in Full
○ Partial Release
○ Released in Full
○ Referred to Third Agency

**Document Description:** This three-page document consists of a one page memorandum and two one-page filing identifiers. The memorandum bears the classification mark TOP SECRET and additional markings denoting Sensitive Compartmentalized Information. This document is withheld in full on the basis of exemptions b(1), b(2), b(3), and b(5).

The first page is a one page memorandum from the Inspector General to the Acting Director of Central Intelligence. This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and sources and methods. Disclosure of this document could reasonably be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities, as well as foreign activities of the United States Government. Disclosure of this document would reveal information that is currently and properly classified. This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

This document is also withheld in full on the basis of exemption b(5). The memorandum discusses policy issues under consideration within the executive branch, and includes analysis and recommendations. It therefore reveals internal deliberations of government officials, which are properly withheld under the deliberative process privilege.

The last two pages contain internal filing information. This information is withheld on the basis of exemptions b(1), b(2), and b(3). The two pages primarily consist of internal distribution information such as filing identifiers, origination markings, handling instructions, and other internal administrative information which is protected from disclosure by exemption b(2). In addition, some of these markers and

routing codes would disclose internal organizational data, the name of CIA personnel, and other information that is properly withheld under exemptions b(1) and b(3), as explained above.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 133**

# Amnesty International v. CIA, et al.

| | |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0078 |
| **Date of Document:** | 8/11/2004 |
| **Document Type:** | Interview Report |
| **Classification:** | Secret |
| **From/To:** | Created by a CIA/OIG employee |
| **Subject:** | OIG Investigation |
| **Document Pages:** | 5 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) (c)
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This five-page document is an Interview Report of an Interview with a CIA employee that was taken during the course of an OIG investigation. The document bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of CIA stations, and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

For the same reasons, this document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. In addition, information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This is document also contains statements from a person who gave statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Thus, this statement was made under circumstances where

confidentiality could reasonably be inferred.   These statements are therefore both privileged and confidential statements made in the course of an intelligence investigation.  Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d).  In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments.  These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

    Portions of this document are also withheld under exemption b(6).  This document contains information that applies to a particular, identifiable individual.  Disclosure of this information would constitute an unwarranted invasion of personal privacy.  Thus, those portions are withheld pursuant to exemption b(6).

    Similarly, portions of this document are withheld pursuant to exemption b(7)(c).  The document contains personal information regarding the interviewee.  Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

    There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number** : 07-cv-5435
**Judge's Initials** : LAP

**DOC 134**

# Amnesty International v. CIA, et al.

| | |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0089 |
| **Date of Document:** | 8/10/2004 |
| **Document Type:** | Interview Report |
| **Classification:** | Secret |
| **From/To:** | Created by a CIA/OIG employee |
| **Subject:** | OIG Investigation |
| **Document Pages:** | 3 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) (c)
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This three-page document consists of a two-page draft Interview Report of an Interview with a CIA employee that was taken during the course of an OIG investigation and a one-page email from the Investigator to the Employee following up on an issue from the interview. The Interview Report bears the classification SECRET, and the e-mail bears the classification CONFIDENTIAL. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of the Interview Report could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities, as well as foreign activities of the United States Government. The e-mail is marked CONFIDENTIAL, and disclosure of this portion of this document could reasonably be expected to cause damage to the national security. Specifically, the e-mail tends to reveal certain intelligence sources, methods, and the foreign activities of the United States Government. Disclosure of this document would reveal information that is currently and properly classified.

For the same reasons, this document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. In addition, information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document is a draft. Two paragraphs of the Interview Report contain hand written line edits. The Interview Report thus reveals the confidential thought processes of Executive Branch officials.

Therefore, the document is both pre-decisional and deliberative and withheld in full under Exemption b(5). This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under circumstances where confidentiality could reasonably be inferred. These statements are both privileged and confidential statements made in the course of an intelligence investigation. Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d). In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments. These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6). This document contains information that applies to a particular, identifiable individual. Disclosure of this information would constitute an unwarranted invasion of personal privacy. Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c). The document contains personal information regarding the interviewee. Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 135**

# Amnesty International v . CIA, et al.

| | |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0100 |
| **Date of Document:** | 10/5/2004 |
| **Document Type:** | Interview Report |
| **Classification:** | Secret |
| **From/To:** | Created by a CIA/OIG employee |
| **Subject:** | OIG Investigation |
| **Document Pages:** | 2 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) (c)
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions :**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition :**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This two-page document is an Interview Report of an Interview with a CIA employee that was taken during the course of an OIG investigation. The document bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. Disclosure of this document would reveal information that is currently and properly classified.

For the same reasons, this document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. In addition, information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document is a draft. Two paragraphs of the Interview Report contain hand written line edits. The Interview Report thus reveals the confidential thought processes of Executive Branch officials. Therefore, the document is both pre-decisional and deliberative and withheld in full under Exemption b(5). This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements,

unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under circumstances where confidentiality could reasonably be inferred.  These statements are both privileged and confidential statements made in the course of an intelligence investigation.  Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d).  In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments.  These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6).  This document contains information that applies to a particular, identifiable individual.  Disclosure of this information would constitute an unwarranted invasion of personal privacy.  Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c).  The document contains personal information regarding the interviewee.  Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 136**

# Amnesty International v . CIA, et al.

| | |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0111 |
| **Date of Document:** | 8/21/2005 |
| **Document Type:** | Interview Report |
| **Classification:** | Confidential |
| **From/To:** | Created by a CIA/OIG employee |
| **Subject:** | OIG Investigation |
| **Document Pages:** | 4 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) (c)
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions :**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition :**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This four-page document is an Interview Report of an Interview with a CIA employee that was taken during the course of an OIG criminal investigation. The document bears the classification CONFIDENTIAL. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of a CIA station and the activities of that station. Disclosure of this document would reveal information that is currently and properly classified .

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under circumstances where confidentiality could reasonably be inferred . These statements are both privileged

and confidential statements made in the course of an intelligence investigation. Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d). In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments. These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6). This document contains information that applies to a particular, identifiable individual. Disclosure of this information would constitute an unwarranted invasion of personal privacy. Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c). The document contains personal information regarding the interviewee. Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number**: 07-cv-5435
**Judge's Initials**: LAP

# Amnesty International v . CIA, et al.

| | |
|---|---|
| FOIA/PA Request No.: | F-05-00498, F-06-01014, F-06-00994 |
| Document Number: | OIG M/R 0122 |
| Date of Document: | 3/12/2004 |
| Document Type: | Memo |
| Classification: | SCI, Secret |
| From/To: | Directorate of Operations Manager to Deputy Director for Operations |
| Subject: | Intelligence Operations |
| Document Pages: | 6 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This six-page document consists of a cover page and a five page memorandum. The memorandum bears the classification mark SECRET and additional markings denoting Sensitive Compartmentalized Information. This document is withheld in full on the basis of exemptions b(1), b(2), b(3), and b(5).

The first page contains the handwritten notes of administrative staff relating to internal filing and handling information. This information is withheld on the basis of exemptions b(2), and b(3). The notes on this page primarily consist of internal administrative information which is protected from disclosure by exemption b(2). These notes also contain the names of CIA personnel which are protected from disclosure under exemption b(3) as explained more fully below.

The remaining five pages of this document are a Senior Officer of the Directorate of Operations to the Deputy Director of Operations (DDO). This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities and sources and methods. The disclosure of this information could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal intelligence sources, methods, and activities, as well as the foreign activities and foreign relations of the United States Government. In addition, this document contains the location of a CIA station and the activities of that station. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

This document is also withheld in full on the basis of exemption b(5). The memorandum discusses policy issues under consideration within the executive branch, and includes analysis and recommendations of a Division Chief to the DDO. It therefore reveals internal deliberations of government officials which are properly withheld in full under the deliberative process privilege. This document also contains the confidential legal advice and analysis of an attorney to his client. It therefore is withheld in full pursuant to the attorney-client privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 138**

# Amnesty International v. CIA, et al.

|  |  |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0133 |
| **Date of Document:** | 12/7/2004 |
| **Document Type:** | Interview Report |
| **Classification:** | SCI, Top Secret |
| **From/To:** | Created by a CIA/OIG employee |
| **Subject:** | OIG Investigation |
| **Document Pages:** | 23 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) (c)
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This twenty-three-page document is an Interview Report of an interview with a CIA employee that was taken during the course of an OIG investigation. The document bears the classification TOP SECRET and markings for Sensitive Compartmentalized Information. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under

circumstances where confidentiality could reasonably be inferred. These statements are both privileged and confidential statements made in the course of an intelligence investigation. Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d). In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments. These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6). This document contains information that applies to a particular, identifiable individual. Disclosure of this information would constitute an unwarranted invasion of personal privacy. Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c). The document contains personal information regarding the interviewee. Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 139**

# Amnesty International v . CIA, et al.

| | |
|---:|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0144 |
| **Date of Document:** | 5/16/2006 |
| **Document Type:** | Interview Report |
| **Classification:** | Secret |
| **From/To:** | Created by a CIA/OIG employee |
| **Subject:** | OIG Investigation |
| **Document Pages:** | 4 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) (c)
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This four-page document is an Interview Report of an interview with a CIA employee that was taken during the course of an OIG investigation. The document bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under

circumstances where confidentiality could reasonably be inferred.   These statements are both privileged and confidential statements made in the course of an intelligence investigation.  Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d).  In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments.  These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

        Portions of this document are also withheld under exemption b(6).  This document contains information that applies to a particular, identifiable individual.  Disclosure of this information would constitute an unwarranted invasion of personal privacy.  Thus, those portions are withheld pursuant to exemption b(6).

        Similarly, portions of this document are withheld pursuant to exemption b(7)(c).   The document contains personal information regarding the interviewee.  Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

        There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 140**

# Amnesty International v . CIA, et al.

|  |  |
|---|---|
| FOIA/PA Request No.: | F-05-00498, F-06-01014, F-06-00994 |
| Document Number: | OIG M/R 0155 |
| Date of Document: | 5/24/2005 |
| Document Type: | Interview Report |
| Classification: | Secret |
| From/To: | Created by a CIA/OIG employee |
| Subject: | OIG Investigation |
| Document Pages: | 3 |

**FOIA Exemptions:**
☒ (b) (1)
☐ (b) (2)
☒ (b) (3)
☐ (b) (4)
☒ (b) (5)
☒ (b) (6)
☒ (b) (7) (c)
☒ (b) (7) (d)
☐ (b) (7) (e)
☐ (b) (7) (f)

**Privacy Act Exemptions:**
☐ (d) (5)
☐ (j) (1)
☐ (j) (2)
☐ (k) (1)
☐ (k) (2)
☐ (k) (5)

**Disposition:**
● Denied in Full
○ Partial Release
○ Released in Full
○ Referred to Third Agency

**Document Description:** This three-page document is an Interview Report of an interview with a CIA employee that was taken during the course of an OIG investigation. The document bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under

circumstances where confidentiality could reasonably be inferred. These statements are both privileged and confidential statements made in the course of an intelligence investigation. Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d). In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments. These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6). This document contains information that applies to a particular, identifiable individual. Disclosure of this information would constitute an unwarranted invasion of personal privacy. Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c). The document contains personal information regarding the interviewee. Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 141**

# Amnesty International v. CIA, et al.

| | |
|---:|:---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0166 |
| **Date of Document:** | 5/24/2004 |
| **Document Type:** | Memo |
| **Classification:** | Confidential |
| **From/To:** | From DCI to CIA Staff |
| **Subject:** | Establishment of internal coordination body |
| **Document Pages:** | 2 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☒ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☐ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This two-page document is a memo from the Director of Central Intelligence regarding the creation of an internal administrative group. The document bears the classification CONFIDENTIAL. This document is withheld in full on the basis of exemptions b(1), b(2), and b(3).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals internal agency functions, including component roles and reponsibilities. Disclosure of this document would reveal information that is currently and properly classified.

Portions of this document are also withheld pursuant to exemption b(2). These portions consist of purely internal administrative information of no public value, and are therefore withheld pursuant to exemption b(2).

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 142**

# Amnesty International v . CIA, et al.

| | |
|---|---|
| FOIA/PA Request No.: | F-05-00498, F-06-01014, F-06-00994 |
| Document Number: | OIG M/R 0177 |
| Date of Document: | 11/16/2003 |
| Document Type: | Memo |
| Classification: | Secret |
| From/To: | N/A |
| Subject: | Memo From Field to HQ |
| Document Pages: | 4 |

**FOIA Exemptions:**
☒ (b) (1)
☐ (b) (2)
☒ (b) (3)
☐ (b) (4)
☒ (b) (5)
☐ (b) (6)
☐ (b) (7) (c)
☐ (b) (7) (d)
☐ (b) (7) (e)
☐ (b) (7) (f)

**Privacy Act Exemptions :**
☐ (d) (5)
☐ (j) (1)
☐ (j) (2)
☐ (k) (1)
☐ (k) (2)
☐ (k) (5)

**Disposition :**
● Denied in Full
○ Partial Release
○ Released in Full
○ Referred to Third Agency

**Document Description :** This four page document is draft memo from a field location. The document bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1), b(3) and b(5).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. The disclosure of this information could reasonably be expected to cause serious damage to the national security. In particular, the document tends to certain intelligence sources, methods, and activities. The document reveals CIA cryptonyms, the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclsoure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

This document is also withheld pursuant to exemption b(5). The document contains the opinon, analysis, and recommendations of a Senior DO Officer. To that extent, this memo represents the internal deliberations of the CIA and is withheld in full pursuant to the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

Case Number: 07-cv-5435
Judge's Initials : LAP

# Amnesty International v . CIA, et al.

| | |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0189 |
| **Date of Document:** | 2/9/2005 |
| **Document Type:** | Interview Report |
| **Classification:** | SCI, Top Secret |
| **From/To:** | Created by a CIA/OIG employee |
| **Subject:** | OIG Investigation |
| **Document Pages:** | 2 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) (c)
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** Document OIG M/R 188 was identical to OIG M/R 0133. Therefore, this entry covers OIG M/R 189.

This two-page document is an Interview Report of an interview with a CIA employee that was taken during the course of an OIG investigation. The document bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their

statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under circumstances where confidentiality could reasonably be inferred. These statements are both privileged and confidential statements made in the course of an intelligence investigation. Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d). In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments. These portions of the interview report are properly withheld pursuant to the deliberative process privilege. The document is also a draft, as it is incomplete and contains placeholder markings for the author to fill in additional information. As such, it is properly withheld in full under the deliberative process privilege.

Portions of this document are also withheld under exemption b(6). This document contains information that applies to a particular, identifiable individual. Disclosure of this information would constitute an unwarranted invasion of personal privacy. Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c). The document contains personal information regarding the interviewee. Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number**: 07-cv-5435
**Judge's Initials**: LAP

# Amnesty International v . CIA, et al.

| | |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0199 |
| **Date of Document:** | 8/27/2004 |
| **Document Type:** | Interview Report |
| **Classification:** | Secret |
| **From/To:** | Created by a CIA/OIG employee |
| **Subject:** | OIG Investigation |
| **Document Pages:** | 4 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) c
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This four-page document is an Interview Report of an interview with a CIA employee that was taken during the course of an OIG investigation. The document bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under

circumstances where confidentiality could reasonably be inferred.   These statements are both privileged and confidential statements made in the course of an intelligence investigation.  Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d).  In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments.  It also contains assessments of the statements of the Interviewee by the Interviewer.  These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6).  This document contains information that applies to a particular, identifiable individual.  Disclosure of this information would constitute an unwarranted invasion of personal privacy.  Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c).   The document contains personal information regarding the interviewee.  Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

# Amnesty International v . CIA, et al.

| | |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 210 |
| **Date of Document:** | 9/16/2004 |
| **Document Type:** | Interview Report |
| **Classification:** | Secret |
| **From/To:** | Created by a CIA/OIG employee |
| **Subject:** | OIG Investigation |
| **Document Pages:** | 5 |

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) c
- ☒ (b) (7) d
- ☐ (b) (7) e
- ☐ (b) (7) f

**Privacy Act Exemptions :**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition :**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description :** This five-page document is an Interview Report of an interview with a CIA employee that was taken during the course of an OIG investigation. The document bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under

circumstances where confidentiality could reasonably be inferred.  These statements are both privileged and confidential statements made in the course of an intelligence investigation.  Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d).  In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments.  These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6).  This document contains information that applies to a particular, identifiable individual.  Disclosure of this information would constitute an unwarranted invasion of personal privacy.  Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c).  The document contains personal information regarding the interviewee.  Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 146**

# Amnesty International v. CIA, et al.

**FOIA/PA Request No.:** F-05-00498, F-06-01014, F-06-00994

**Document Number:** OIG M/R 0221

**Date of Document:** 8/30/2004

**Document Type:** Memo

**Classification:** Confidential

**From/To:** Memorandum for the Record

**Subject:** Contact with Agency Employee

**Document Pages:** 2

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) (c)
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This two-page document is memorandum for the record describing a telephone interview of a CIA employee that was taken during the course of an OIG investigation. The document bears the classification CONFIDENTIAL. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under circumstances where confidentiality could reasonably be inferred. These statements are both privileged

and confidential statements made in the course of an intelligence investigation. Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d). In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments. These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6). This document contains information that applies to a particular, identifiable individual. Disclosure of this information would constitute an unwarranted invasion of personal privacy. Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c). The document contains personal information regarding the interviewee. Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

# Amnesty International v. CIA, et al.

|  |  |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0232 |
| **Date of Document:** | 7/17/2004 |
| **Document Type:** | Memo |
| **Classification:** | Secret |
| **From/To:** | Senior CIA Officer to Field Officers |
| **Subject:** | Intelligence Operations |
| **Document Pages:** | 3 |

**FOIA Exemptions:**
☒ (b) (1)
☐ (b) (2)
☒ (b) (3)
☐ (b) (4)
☐ (b) (5)
☐ (b) (6)
☐ (b) (7) (c)
☐ (b) (7) (d)
☐ (b) (7) (e)
☐ (b) (7) (f)

**Privacy Act Exemptions:**
☐ (d) (5)
☐ (j) (1)
☐ (j) (2)
☐ (k) (1)
☐ (k) (2)
☐ (k) (5)

**Disposition:**
● Denied in Full
○ Partial Release
○ Released in Full
○ Referred to Third Agency

**Document Description:** This three-page document is a memorandum from a Senior DO manager to his subordinates. It bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1) and b(3).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. The disclosure of the information in this document could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 148**

# Amnesty International v. CIA, et al.

FOIA/PA Request No.: F-05-00498, F-06-01014, F-06-00994

Document Number: OIG M/R 0243

Date of Document: 6/10/2003

Document Type: Memo

Classification: Top Secret

From/To: CIA/OGC Attorney to CIA/OGC Attorneys

Subject: Intelligence Operations

Document Pages: 2

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☐ (b) (6)
- ☐ (b) (7) (c)
- ☐ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This two-page document is memorandum from one OGC attorney to other OGC attorneys. The document bears the classification TOP SECRET. This document is withheld in full on the basis of exemptions b(1), b(3), and b(5).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. The disclosure of this document could reasonably be expected to cause exceptionally grave damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals CIA cryptonyms, the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949.

This document also contains the confidential legal advice, analysis, conclusions, and discussions of CIA attorneys. This analysis is protected by the attorney-client privilege and is properly withheld in full pursuant to exemption b(5). In addition, this document discusses a particular situation and policy issues under consideration within the executive branch, and includes analysis and recommendations. The document as a whole therefore reveals internal deliberations of government officials, which are properly withheld under the deliberative process privilege.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials :** LAP

**DOC 149**

# Amnesty International v . CIA, et al.

| | |
|---|---|
| **FOIA/PA Request No.:** | F-05-00498, F-06-01014, F-06-00994 |
| **Document Number:** | OIG M/R 0254 |
| **Date of Document:** | 8/8/2005 |
| **Document Type:** | Interview Report |
| **Classification:** | Secret |
| **From/To:** | Created by a CIA/OIG employee |
| **Subject:** | OIG Investigation |
| **Document Pages:** | 3 |

**FOIA Exemptions:**
☒ (b) (1)
☐ (b) (2)
☒ (b) (3)
☐ (b) (4)
☒ (b) (5)
☒ (b) (6)
☒ (b) (7) (c)
☒ (b) (7) (d)
☐ (b) (7) (e)
☐ (b) (7) (f)

**Privacy Act Exemptions :**
☐ (d) (5)
☐ (j) (1)
☐ (j) (2)
☐ (k) (1)
☐ (k) (2)
☐ (k) (5)

**Disposition:**
● Denied in Full
○ Partial Release
○ Released in Full
○ Referred to Third Agency

**Document Description :** This three-page document is an Interview Report of an interview with a CIA employee that was taken during the course of an OIG investigation. The document bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under

circumstances where confidentiality could reasonably be inferred. These statements are both privileged and confidential statements made in the course of an intelligence investigation. Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d). In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments. These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6). This document contains information that applies to a particular, identifiable individual. Disclosure of this information would constitute an unwarranted invasion of personal privacy. Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c). The document contains personal information regarding the interviewee. Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number:** 07-cv-5435
**Judge's Initials:** LAP

**DOC 150**

# Amnesty International v. CIA, et al.

FOIA/PA Request No.: F-05-00498, F-06-01014, F-06-00994

Document Number: OIG M/R 0265

Date of Document: 2/25/2004

Document Type: Memo/Interview Report

Classification: Secret

From/To: Created by a CIA/OIG employee

Subject: OIG Investigation

Document Pages: 3

**FOIA Exemptions:**
- ☒ (b) (1)
- ☐ (b) (2)
- ☒ (b) (3)
- ☐ (b) (4)
- ☒ (b) (5)
- ☒ (b) (6)
- ☒ (b) (7) (c)
- ☒ (b) (7) (d)
- ☐ (b) (7) (e)
- ☐ (b) (7) (f)

**Privacy Act Exemptions:**
- ☐ (d) (5)
- ☐ (j) (1)
- ☐ (j) (2)
- ☐ (k) (1)
- ☐ (k) (2)
- ☐ (k) (5)

**Disposition:**
- ● Denied in Full
- ○ Partial Release
- ○ Released in Full
- ○ Referred to Third Agency

**Document Description:** This three-page document is a report of an interview with a CIA employee that was taken during the course of an OIG investigation. The document is titled "Memorandum for the Record." The document bears the classification SECRET. This document is withheld in full on the basis of exemptions b(1), b(3), b(5), b(6), b(7)(c) and b(7)(d).

This document contains information that has been classified in accordance with sections 1.4(c) of Executive Order 12958, and is protected from disclosure by exemption (b)(1) because it would tend to reveal intelligence activities, sources and methods, as well as foreign activities and the foreign relations of the United States Government. Disclosure of this document could reasonably be expected to cause serious damage to the national security. In particular, the document tends to reveal certain intelligence sources, methods, and activities. The document also reveals the location of CIA stations and the activities of those stations. Disclosure of this document would reveal information that is currently and properly classified.

This document is similarly exempt from disclosure by exemption (b)(3) pursuant to Section 102A(i)(1) of the National Security Act of 1947. Information about CIA official titles, internal organizational data, names, employee numbers, employee telephone numbers, functions, filing information/instructions, and titles or other organizational identifiers of CIA organizational components is also withheld under (b)(3) pursuant to Section 6 of the Central Intelligence Agency Act of 1949. In addition, the names of CIA employees making statements to the Office of Inspector General are withheld pursuant to Section 17(e)(3) of the CIA Act of 1949.

This document also contains statements from a person who gave those statements to the Office of Inspector General under an expectation of confidentiality. OIG regulations state that as a matter of policy OIG does not disclose the identities of persons who speak to OIG or the substance of their statements, unless "such disclosure is determined to be necessary for the full reporting of a matter or the fulfillment of other OIG or Agency responsibilities." Therefore, this statement was made under

circumstances where confidentiality could reasonably be inferred. These statements are both privileged and confidential statements made in the course of an intelligence investigation. Thus, this report is withheld in full under FOIA exemptions b(5) and b(7)(d). In addition, this document contains the past impressions, assessments, recommendations and other analysis of the interviewee with respect to the events recounted to the Interviewer, as well as new recommendations and assessments. These portions of the interview report are properly withheld pursuant to the deliberative process privilege.

Portions of this document are also withheld under exemption b(6). This document contains information that applies to a particular, identifiable individual. Disclosure of this information would constitute an unwarranted invasion of personal privacy. Thus, those portions are withheld pursuant to exemption b(6).

Similarly, portions of this document are withheld pursuant to exemption b(7)(c). The document contains personal information regarding the interviewee. Release of this information could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There is no meaningful, reasonably segregable portion of the document that can be released.

**Case Number**: 07-cv-5435
**Judge's Initials**: LAP