UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMNESTY INTERNATIONAL USA, CENTER FOR CONSTITUTIONAL RIGHTS, INC., and WASHINGTON SQUARE LEGAL SERVICES, INC.,

                 Plaintiffs,

v.

CENTRAL INTELLIGENCE AGENCY, DEPARTMENT OF DEFENSE, DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF JUSTICE, DEPARTMENT OF STATE, AND THEIR COMPONENTS,

                 Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/08

ECF CASE

**STIPULATION AND ORDER BETWEEN PLAINTIFFS AND THE CENTRAL INTELLIGENCE AGENCY REGARDING PROCEDURES FOR ADJUDICATING SUMMARY JUDGMENT MOTIONS**

07 CV 5435 (LAP)

    WHEREAS, Plaintiffs filed a complaint in this action seeking the release of certain records by, inter alia, the Central Intelligence Agency ("CIA") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"); and

    WHEREAS, the allegations in the complaint concern, inter alia, a FOIA request dated December 21, 2004, sent by plaintiff the Center for Constitutional Rights, Inc., to the CIA, and two FOIA requests dated April 25, 2006, sent by plaintiffs Amnesty International USA and Washington Square Legal Services, Inc., to the CIA, (collectively, the "FOIA Requests"); and

    WHEREAS, Plaintiffs filed an additional FOIA request with the CIA seeking specific documents that are known or believed to be in the CIA's possession on December 28, 2007 (the "Specific Documents Request"); and

    WHEREAS, some records responsive to the FOIA Requests will be withheld, in whole or in part, pursuant to 5 U.S.C. § 552(b) and other applicable laws and regulations; and

    WHEREAS, by December 2007, the CIA had identified approximately 7,800 records to be withheld (the "Withheld Records"); and

WHEREAS, after Plaintiffs and the CIA had substantially completed their negotiations regarding the procedures to be followed in litigating issues related to the Withheld Records and had identified a dispute over the CIA's obligations with respect to records related to open investigations of the CIA's Office of Inspector General ("OIG"), the parties learned that, between June 7, 2007 and December 1, 2007, the OIG had completed and closed investigations related to the subject matter of the FOIA Requests, and such files had not been searched or processed previously ("Additional OIG Records"); and

WHEREAS, Plaintiffs and the CIA intend to file motions for summary judgment with respect to CIA's processing of the FOIA Requests; and

WHEREAS, subject to the Court's approval, Plaintiffs and the CIA wish to stipulate to the procedures that will govern the adjudication of those summary judgment motions;

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and the CIA, as follows:

1. The CIA's withholding of records that have been or currently are being litigated in *American Civil Liberties Union v. Dep't of Defense*, No. 04 Civ. 4151 (AKH) *("ACLU v. DOD")*, will not be litigated in this action, except that this limitation shall not apply to those records that the Court in *ACLU v. DOD* has determined to be outside the scope of that litigation.

2. Except as provided in paragraphs 14-17 below, the following schedule will govern the CIA's summary judgment motion: the CIA will file its motion for summary judgment on April 21, 2008; Plaintiffs will file their cross-motion for summary judgment and their opposition to the CIA's motion for summary judgment ("Plaintiffs' Cross Motion") on May 14, 2008 or at a later date if so negotiated; the CIA will file its opposition to Plaintiffs' motion for summary judgment and its reply brief in support of its motion for summary judgment ("CIA

Opposition Brief") by June 13, 2008, or one month after Plaintiffs serve Plaintiffs' Cross Motion, whichever is later; and Plaintiffs will file their reply brief in support of their motion for summary judgment ("Plaintiffs' Reply Brief") by June 27, 2008, or one month after the CIA serves the CIA Opposition Brief, which is later.

3.  The parties agree that in the context of the present litigation only, the term "Operational Files" will be defined as the files of the Directorate of the National Clandestine Service that, as per 50 U.S.C. § 43 1(b)(1), "document the conduct of foreign intelligence or counterintelligence operations or intelligence or security liaison arrangements or information exchanges with foreign governments or their intelligence or security services" as designated by the Director of the CIA.

4.  The CIA will conduct a reasonable search of non-operational files of components within the CIA, and CIA will include in that search any records that originated in Operational Files but are included in the OIG's files with respect to investigations related to the subject matter of the FOIA Requests ("OIG Closed Investigative Files"); provided, however, that the CIA will not process at this time any records from the OIG Investigative Files if the investigation was still on-going as of December 1, 2007 ("Open Investigative Files").

5.  The CIA agrees that the Open Investigative Files are not exempted from search, but the CIA contends that they were categorically exempt from disclosure pursuant to Exemption 7(A). Therefore, as part of the summary judgment briefing set forth above in paragraph 2, the parties will litigate as a threshold matter whether the Open Investigative Files were categorically exempt from disclosure pursuant to FOIA Exemption 7(A), as records compiled for law enforcement purposes the disclosure of which could reasonably be expected to interfere with enforcement proceedings. In limiting the summary judgment motions regarding the Open

Investigative Files to the Exemption 7(A) issue, the parties agree that they do not waive, and fully reserve, all arguments with respect to whether such records fall within the scope of the FOIA Requests or are otherwise exempt from disclosure under FOIA, and all arguments with respect to the process that should be followed in resolving the appropriateness of any FOIA exemption claimed with respect to any record contained in those files. Should the Court determine that these documents are not categorically exempt from disclosure pursuant to FOIA Exemption 7(A), the parties shall negotiate in good faith a schedule for processing the documents and, if necessary, a supplementary round of summary judgment briefing and shall submit a status update concerning the processing and briefing schedule no later than 30 days after the Court's ruling.

6.    After processing the Withheld Records, the CIA asserts that a limited number of records potentially are not "agency" records within the meaning of 5 U.S.C. § 552 and may be subject to a Congressional privilege, and therefore not subject to disclosure under FOIA. Instead of addressing this issue as part of the summary judgment briefing set forth above in paragraph 2, the briefing will be confined to the issue of whether such documents are compelled to be disclosed pursuant to FOIA or whether such documents would otherwise be exempt from disclosure in their entirety pursuant to 5 U.S.C. § 552(b). In limiting the summary judgment motions regarding these documents to this issue, the parties agree that they do not waive, and fully reserve, all arguments with respect to whether such records constitute "agency" records or are otherwise subject to a Congressional privilege and therefore not subject to disclosure under FOIA. Should the Court determine that these documents are not exempt from disclosure in their entirety pursuant to 5 U.S.C. § 552(b), the parties shall negotiate in good faith a schedule for a supplementary round of summary judgment briefing to address the specific issue of whether

these records are properly withheld because they are protected by a Congressional privilege or because they do not constitute "agency" records within the meaning of 5 U.S.C. § 552 and shall submit a status update concerning the schedule for processing and briefing no later than 30 days after the Court's ruling.

7. The CIA has sorted the Withheld Records into the following categories: (a) records identified during the CIA's search of its Office of General Counsel ("OGC Records"); (b) records found in the closed OIG Investigative Files ("OIG Records"); and (c) all other records identified as responsive to the FOIA Requests ("Other Records"). Within these three categories, the Withheld Records will be divided further into the following subsets: (i) emails, (ii) cables, (iii) reports/memoranda and (iv) miscellaneous records, for a total of twelve separate subcategories of records.

8. CIA will identify a sample set of Withheld Records (the "Representative Set"), consisting of 100 OGC Records, 125 OIG Records and 25 Other Records. The 100 OGC Records selected for the Representative Set shall consist of 10 cables, 30 reports/memoranda (which shall be chosen by selecting every other record/memoranda in the OGC subcategory), 17 emails (which shall be chosen by selecting every third email in the OGC subcategory), and 43 miscellaneous records (which shall be chosen by selecting every other miscellaneous document in the OGC subcategory until the total number of OGC Records selected for the Representative Set equals 100). The 125 OIG Records selected for the Representative Set shall consist of 30 cables (25 of which shall be chosen by selecting every 146th cable in the OIG subcategory, and 5 of which shall be chosen by selecting every 728th cable in the OIG subcategory), 50 reports/memoranda (which shall be chosen by selecting every 11th record/memoranda in the OIG subcategory), 20 emails (which shall be chosen by selecting every 127th email in the OIG

subcategory); and 25 miscellaneous records (which shall be chosen by selecting every 60th miscellaneous record in the OIG subcategory until the total number of OIG Records selected for the Representative Set equals 125). The Other Records selected for the Representative Set shall consist of 2 cables, 2 emails, 15 reports/memoranda (which shall be chosen by selecting every other report/memoranda in the Other Records subcategory) and 6 miscellaneous documents (5 of which shall be chosen by selecting every 13th miscellaneous record in the Other Records subcategory, and the sixth of which will be the 31st miscellaneous record in the Other Records subcategory) until the total number of Other Records selected for the Representative Set equals 25).

9.   If the CIA determines that any record selected for inclusion in the Representative Set using the process outlined above in paragraph 6 should not have been included in the set of Withheld Records because such document (a) is releasable in full, (b) is duplicative of another document already included among the Withheld Records, (c) is non-responsive; or (d) must be referred to another federal agency for processing and direct response to the Plaintiffs, the CIA shall then select for inclusion in the Representative Set the next document within that subcategory and notify Plaintiffs each time this process has occurred.

10.   On March 31, 2008, the CIA submitted to Plaintiffs a draft index that includes record descriptions and claimed exemptions for each record in the Representative Set and shall submit a final index on or before April 21, 2008.

11.   Between March 31, 2008, and April 20, 2008, the parties will meet and confer regarding their issues presented by the Representative Set and, if the parties agree, shall narrow the issues to be presented to the Court.

12. The CIA shall sort the Additional OIG Records into (i) emails, (ii) cables, (iii) reports/memoranda and (iv) miscellaneous records. From these Additional OIG Records, the CIA will identify a sample set of 50 records (the "Additional OIG Representative Set"). The parties will negotiate in good faith the manner in which the 50 records will be selected for inclusion in the Additional OIG Representative Set.

13. On May 30, 2008, the CIA shall submit to Plaintiffs a draft index that includes record descriptions and claimed exemptions for each record in the Additional OIG Representative Set and shall submit a final index for all such records challenged by Plaintiffs no later than the date of the CIA's Opposition Brief.

14. By June 4, 2008, the parties will meet and confer to determine which, if any, issues related to the records contained in the Additional OIG Representative Set will be the subject of litigation. Plaintiffs will provide a list to the CIA of challenged Additional OIG Records by June 9, 2008.

15. To the extent that the withholding of any record (or portion thereof) contained in the Additional OIG Representative Set is the subject of litigation (the "Challenged Additional OIG Records"), such withholdings will be addressed in the CIA Opposition Brief. In such circumstances, the Challenged Additional OIG Record shall be deemed included within the ambit of the CIA's motion for summary judgment, and the CIA will be entitled to place into the record evidence supporting its withholdings at the time it files the CIA Opposition Brief to the same extent it is permitted upon initially moving for summary judgment. The fact that the Additional OIG Records were not addressed in the CIA's initial moving papers shall not be deemed a waiver of any rights or arguments the CIA may have with respect to such Additional OIG Records.

16. In the event that there are any Challenged Additional OIG Records that are to be addressed in the CIA's Opposition Brief, the CIA will be entitled to file a sur-reply brief in support of its motion for summary judgment and in opposition to Plaintiffs' cross-motion for summary judgment unless Plaintiffs' Reply Brief merely incorporates by reference the arguments previously made in Plaintiffs' cross-motion and opposition. The sur-reply will be due four weeks after Plaintiffs' Reply Brief is filed.

17. In the event there is at least one Challenged Additional OIG Record, the schedule for filing the CIA Opposition Brief and the Plaintiffs' Reply Brief will be adjusted so that the CIA Opposition Brief and supporting documentation will be due no earlier than June 27, 2008. Once the parties determine the specific documents that will comprise the set of Challenged Additional OIG Records, however, the parties shall negotiate in good faith the additional amount of time the CIA will have to file the CIA Opposition Brief. To the extent the parties cannot agree upon a date for the filing of the CIA Opposition Brief, the issue will be resolved by the Court.

18. The parties shall limit the summary judgment briefing regarding the Withheld Records, Additional OIG Records, and Open Investigative Files, including Vaughn indices and declarations, to the records of the Representative Set, to the categorical exemptions pursuant to paragraphs 5 and 6 above, to the records of the Additional OIG Representative Set, and to the CIA's search obligations. However, should Plaintiffs prevail on any issue, the CIA shall apply such ruling to all substantively similar records (or information contained in such records) responsive to the FOIA Requests.

19. The CIA will not oppose Plaintiffs' application for leave to amend their Complaint in order to include the Specific Documents Request in this litigation. Should

Plaintiffs amend their Complaint to include the Specific Document Request, the parties shall negotiate in good faith a schedule for litigating that request.

20.     The parties agree that nothing within this Stipulation and Order shall entitle Plaintiffs to attorneys fees under 5 U.S.C. 552(a)(4)(E); provided, however, that nothing in this Stipulation and Order shall be deemed to limit the parties' abilities to make arguments regarding attorneys fees with respect to subsequent orders of the Court.

21.     The parties understand and agree that this Stipulation and Order contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

Dated: New York, New York
       April 21, 2008

                                        WASHINGTON SQUARE LEGAL SERVICES, INC.

                              By:       _____
                                        MARGARET L. SATTERTHWAITE, ESQ.
                                        Washington Square Legal Services, Inc.
                                        245 Sullivan Street
                                        New York, New York 10012
                                        Tel. (212) 998-6657

USIDOCS 6643481v1

Dated: Washington, DC
       April 21, 2008

                                          WILMER CUTLER PICKERING HALE AND DORR LLP

                                          Attorney for Amnesty International USA

                      By: _____
                                          KYLE DEYOUNG, ESQ.
                                          Wilmer Cutler Pickering Hale and Dorr LLP
                                          1875 Pennsylvania Avenue, NW
                                          Washington, D.C. 20006

Dated: New York, New York
       _____, 2008

                                          CENTER FOR CONSTITUTIONAL RIGHTS

                    By: _____
                                            GITANJALI S. GUTIERREZ, ESQ.
                                            Center for Constitutional Rights
                                            666 Broadway
                                            New York, New York 10012
                                            Dated: New York, New York ___, 2008

Dated: Washington, DC
_____, 2008

           WILMER CUTLER PICKERING HALE AND DORR LLP

           Attorney for Amnesty International USA

By: _____

           KYLE DEYOUNG, ESQ.
           Wilmer Cutler Pickering Hale and Dorr LLP
           1875 Pennsylvania Avenue, NW
           Washington, D.C. 20006

Dated: New York, New York
April 21, 2008

           CENTER FOR CONSTITUTIONAL RIGHTS

By: *Gitanjali Gutierrez*   PK

           GITANJALI S. GUTIERREZ, ESQ.
           Center for Constitutional Rights
           666 Broadway
           New York, New York 10012
           Dated: New York, New York \_\_\_, 2008

USIDOCS 6643481v1

Dated: New York, New York
April 21, 2008

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York,
                        Attorney for the Central Intelligence Agency

By: _____
                        BRIAN M. FELDMAN
                        JEANETTE A. VARGAS
                        Assistant United States Attorney
                        EMILY DAUGHTRY
                        Special Assistant United States Attorney
                        86 Chambers Street, 3rd Floor
                        New York, New York 10007
                        Tel. (212) 637-2678

SO ORDERED:

_____
United States District Judge

June 9, 2008

USIDOCS 6643481v1