MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:   JEANNETTE A. VARGAS
      PIERRE G. ARMAND
      BRIAN M. FELDMAN
Assistant United States Attorneys
      EMILY DAUGHTRY
Special Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone Nos. (212) 637-2678/2777/2724
Facsimile Nos. (212) 637-2702/2717/2750
Jeannette.Vargas@usdoj.gov
Pierre.Armand@usdoj.gov
Brian.Feldman@usdoj.gov
Emily.Daughtry@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMNESTY INTERNATIONAL USA, CENTER :
FOR CONSTITUTIONAL RIGHTS, INC., and :
WASHINGTON SQUARE LEGAL SERVICES, :     **ECF CASE**
INC., :
    :     ANSWER TO AMENDED
                     Plaintiffs, :     COMPLAINT
    :
                     v. :     07 CV 5435 (LAP)
    :
CENTRAL INTELLIGENCE AGENCY, :
DEPARTMENT OF DEFENSE, :
DEPARTMENT OF HOMELAND SECURITY, :
DEPARTMENT OF JUSTICE, DEPARTMENT :
OF STATE, and THEIR COMPONENTS, :
    :
                     Defendants. :
------------------------------------------------------------ x

        Defendants the Central Intelligence Agency ("CIA"), the United States

Department of Defense ("DOD"), the United States Department of Homeland Security ("DHS"),

the United States Department of Justice ("DOJ"), and the United States Department of State (the

"State Department") and their respective components (collectively, the "defendants"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answer the Amended Complaint (the "complaint") of Amnesty International USA ("Amnesty"), Center for Constitutional Rights, Inc. ("CCR"), and Washington Square Legal Services ("WSLS") (collectively, "plaintiffs") upon information and belief as follows:

      1.     Paragraph 1 of the complaint constitutes plaintiffs' characterization of the nature of this action, to which no response is required.

      2.     Neither admit nor deny the allegations contained in paragraph 2 of the complaint because the allegations are vague and ambiguous. To the extent a response is required, deny the allegations in paragraph 2 of the complaint, except admit and aver that President George W. Bush (the "President") stated in a speech given on September 6, 2006, the text of which is archived at www.whitehouse.gov/news/releases/2006/09/print/20060906-3.html ("President Bush's September 6 Speech" or the "September 6 Speech"), that "a small number of suspected terrorist leaders and operatives captured during the war have been held and questioned outside the United States, in a separate program operated by the Central Intelligence Agency" and "[i]n [certain] cases, it has been necessary to move [some] individuals to an environment where they can be held secretly." Further admit and aver that Secretary of State Condoleezza Rice (the "Secretary of State") stated in a speech given on December 5, 2005, the text of which is archived at www.state.gov/secretary/rm/2005/57602.htm ("Secretary of State Rice's December 5 Speech" or the "December 5 Speech"), that "[f]or decades, the United States and other countries have used 'renditions' to transport terrorist suspects from the country where they

were captured to their home country or to other countries where they can be questioned, held, or brought to justice."

        3.      Neither admit nor deny the allegations contained in paragraph 3 of the complaint because the allegations are vague and ambiguous. To the extent a response is required, deny the allegations in paragraph 3 of the complaint, except admit and aver that the President stated, in his September 6 Speech, that "[m]any specifics of this program, including where these detainees have been held and the details of their confinement, cannot be divulged [because d]oing so would provide our enemies with information they could use to take retribution against our allies and harm our country," and that "procedures were designed to be safe, to comply with our laws, our Constitution and our treaty obligations." Further admit and aver that the Secretary of State stated, in her December 5 Speech, that "there have long been many . . . cases where, for some reason, [a] local government cannot detain or prosecute a suspect, and traditional extradition is not a good option[, and i]n those cases the local government can make the sovereign choice to cooperate in a rendition," but that "[t]he United States does not transport, and has not transported, detainees from one country to another for the purpose of interrogation using torture," and that "[t]he United States has not transported anyone, and will not transport anyone, to a country when we believe he will be tortured." To the extent that plaintiffs seek to characterize "conditions of confinement and interrogation practices" of "a program of detention and interrogation approved by the Director of the Central Intelligence Agency," respectfully refer the Court to Executive Order 13440, Interpretation of the Geneva Convention Common Article 3 as Applied to a Program of Detention and Interrogation Operated by the Central Intelligence Agency, 72 Fed. Reg. 40707 (July 24, 2007).

4.      Paragraph 4 of the complaint constitutes plaintiffs' characterizations of President Bush's September 6 Speech and Secretary of State Rice's December 5 Speech, to which no response is required.  To the extent a response is required, respectfully refer the Court to the text of those speeches for a true and complete statement of their contents.

5.      Deny the allegations in paragraph 5 of the complaint and footnote 1, except admit and aver that (a) the CIA, DOD, the Department of the Army ("Army"), the Department of the Navy ("Navy"), the Department of the Air Force ("Air Force"), the Defense Intelligence Agency ("DIA"), DOJ, the Federal Bureau of Investigation ("FBI"), DOJ's Office of Intelligence Policy and Review ("OIPR"),[1] and the State Department received a FOIA request, dated December 21, 2004, from CCR (collectively, the "CCR FOIA Requests"); that (b) the CIA, DOD, DIA, Army, Navy, the United States Marine Corps (the "Marine Corps"), Air Force, DHS, DHS's Directorate for Policy, the United States Immigration and Customs Enforcement ("ICE"), the U.S. Customs and Border Protection ("CBP"), the United States Citizenship and Immigration Services ("USCIS"), DHS's Office of Intelligence and Analysis ("OIA"), DOJ, the FBI, OIPR, and the State Department received two FOIA requests, dated April 25, 2006, from Amnesty and WSLS, and the United States Coast Guard ("Coast Guard") received two FOIA requests, dated May 15, 2006, from Amnesty and WSLS (collectively, "the Amnesty FOIA

---

[1] OIPR and the Counterterrorism and Counterespionage Sections of DOJ's Criminal Division were recently consolidated to form the National Security Division ("NSD"), whose core mission is to coordinate DOJ's efforts to combat terrorism and protect national security.  The NSD is responsible for assisting the Attorney General and other senior Department and Executive Branch officials in ensuring that the national security-related activities of the U.S. are consistent with relevant law; overseeing terrorism investigations and prosecutions; handling counterespionage cases and matters; obtaining court authorizations for the collection of foreign intelligence under the Foreign Intelligence Surveillance Act ("FISA"); and conducting oversight of intelligence agency compliance with certain national security legal requirements.

Requests"); and that (c) the CIA received a FOIA request, dated December 28, 2007, from Amnesty, WSLS, and CCR (the "CIA Specific Request"); and respectfully refer the Court to the CCR FOIA Requests, the Amnesty FOIA Requests, and the CIA Specific Request (collectively, the "FOIA Requests") for a true and complete statement of their contents.

      6.      Deny the allegations in paragraph 6 of the complaint.

      7.      The first sentence of paragraph 7 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in the first sentence of paragraph 7. The second sentence of paragraph 7 constitutes plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, deny the allegations in the second sentence of paragraph 7.

      8.      Paragraph 8 of the complaint constitutes plaintiffs' allegations as to jurisdiction and venue, to which no response is required. To the extent a response is required, deny the allegations in paragraph 8 of the complaint and respectfully refer the Court to the statutes cited in paragraph 8 of the complaint for a true and complete statement of their provisions.

      9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

      10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

      11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

12. Paragraph 12 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 12 of the complaint, except admit that the CIA is an agency with the meaning of 5 U.S.C. § 552(f)(1).

13. Paragraph 13 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, admit the allegations in paragraph 13 of the complaint.

14. Paragraph 14 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, admit the allegations in paragraph 14 of the complaint.

15. Paragraph 15 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, admit the allegations in paragraph 15 of the complaint.

16. Paragraph 16 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, admit the allegations in paragraph 16 of the complaint.

17. Neither admit nor deny the allegations contained in paragraph 17 of the complaint because the allegations are vague and ambiguous. To the extent a response is required, deny the allegations in paragraph 17 of the complaint, except admit and aver that the President stated, in his September 6 Speech, that "a small number of suspected terrorist leaders and operatives captured during the war have been held and questioned outside the United States, in a separate program operated by the Central Intelligence Agency" and "[i]n [certain] cases, it

has been necessary to move [some] individuals to an environment where they can be held secretly." Further admit and aver that the Secretary of State stated in her December 5 Speech, that "[f]or decades, the United States and other countries have used 'renditions' to transport terrorist suspects from the country where they were captured to their home country or to other countries where they can be questioned, held, or brought to justice."

18. Paragraph 18 of the complaint constitutes plaintiffs' characterizations of the news article and report cited therein, to which no response is required. To the extent a response is required, respectfully refer the Court to the text of those articles for a true and complete statement of their contents.

19. Paragraph 19 of the complaint constitutes plaintiffs' characterizations of the news article and report cited therein, to which no response is required. To the extent a response is required, respectfully refer the Court to the text of those articles for a true and complete statement of their contents.

20. Paragraph 20 constitutes plaintiffs' characterizations of selective quotations from Secretary of State Rice's December 5 Speech, to which no response is required. To the extent a response is required, respectfully refer the Court to the text of the speech for a true and complete statement of its contents.

21. Paragraph 21 of the complaint constitutes plaintiffs' characterizations of the news articles cited therein, to which no response is required. To the extent a response is required, respectfully refer the Court to the text of those articles for a true and complete statement of their contents.

Case 1:07-cv-05435-LAP   Document 72   Filed 06/20/2008   Page 8 of 18

22. Paragraph 22 of the complaint constitutes plaintiffs' characterizations of the news articles cited therein, to which no response is required. To the extent a response is required, respectfully refer the Court to the text of those articles for a true and complete statement of their contents.

23. Paragraph 23 of the complaint constitutes plaintiffs' characterizations of the news articles and reports cited therein, to which no response is required. To the extent a response is required, respectfully refer the Court to the text of those articles and reports for a true and complete statement of their contents.

24. The first sentence of paragraph 24 of the complaint constitutes plaintiffs' characterizations of selective quotations from President Bush's September 6 Speech, to which no response is required. To the extent a response is required, respectfully refer the Court to the text of the speech for a true and complete statement of its contents. The second sentence of paragraph 24 of the complaint constitutes plaintiffs' characterizations of two documents released by the Office of the Director of National Intelligence, entitled "Summary of the High Value Terrorist Detainee Program" and "Biographies of High Value Terrorist Detainees Transferred to the US Naval Base at Guantanamo Bay" respectively, to which no response is required. To the extent a response is required, respectfully refer the Court to the text of those documents for a true and complete statement of their contents.

25. Paragraph 25 of the complaint constitutes plaintiffs' characterizations of President Bush's September 6 Speech and the two documents released by the Office of the Director of National Intelligence, entitled "Summary of the High Value Terrorist Detainee Program" and "Biographies of High Value Terrorist Detainees Transferred to the US Naval Base

-8-

at Guantanamo Bay" respectively, to which no response is required. To the extent a response is required, respectfully refer the Court to the text of the speech and the cited documents for a true and complete statement of their contents.

    26. Paragraph 26 of the complaint constitutes plaintiffs' characterizations of President Bush's September 6 Speech and the two documents released by the Office of the Director of National Intelligence, entitled "Summary of the High Value Terrorist Detainee Program" and "Biographies of High Value Terrorist Detainees Transferred to the US Naval Base at Guantanamo Bay" respectively, to which no response is required. To the extent a response is required, respectfully refer the Court to the text of the speech and the cited documents for a true and complete statement of their contents.

    27. Paragraph 27 of the complaint constitutes plaintiffs' characterizations of the news article cited therein, to which no response is required. To the extent a response is required, respectfully refer the Court to the article for a true and complete statement of its contents.

    28. Paragraph 28 of the complaint constitutes plaintiffs' characterizations of the news report cited therein, to which no response is required. To the extent a response is required, respectfully refer the Court to the news report for a true and complete statement of its contents.

    29. Paragraph 29 and footnote 3 constitute plaintiffs' characterization of their FOIA Requests, to which no response is required. To the extent a response is required, respectfully refer the Court to the FOIA Requests for a true and complete statement of their contents.

30.     Deny the allegations in paragraph 30 and footnotes 4 and 5 of the complaint, except admit and aver that the CIA, DOD, the Army, the Navy, the Air Force, the DIA, DOJ, the FBI, OIPR, and the State Department received the CCR FOIA Requests; that the CCR FOIA Requests contained requests for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A) and expedited processing pursuant to 5 U.S.C. § 552(a)(4)(E); that by letter dated February 2, 2005, the CIA denied CCR's request for a fee waiver and for expedited processing; that by letter dated December 30, 2004, DOD granted CCR's request for a fee waiver and denied CCR's request for expedited processing; that by letter dated April 19, 2006, the Air Force informed CCR that there were no assessable fees; that by letter dated January 21, 2005, the FBI granted CCR's request for expedited processing; that by letter dated March 29, 2005, OIPR granted CCR's request for expedited processing; and that by letter dated January 18, 2005, the State Department granted CCR's request for a fee waiver and denied CCR's request for expedited processing, and respectfully refer the Court to the text of those letters for a true and complete statement of their contents.

31.     Deny the allegations in paragraph 31 and footnotes 6 and 7 of the complaint, except admit and aver that the CIA, DOD, DIA, the Army, the Navy, the Air Force, the Marine Corps, DHS, DHS's Directorate for Policy, ICE, CBP, USCIS, the Coast Guard, OIA, DOJ, the FBI, OIPR, and the State Department received the Amnesty FOIA Requests; that the Amnesty FOIA Requests contained requests for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E); that by letters dated May 5, 2006, DOD denied Amnesty and WSLS's requests for expedited processing; that by letters dated May 10, 2006, the DIA denied Amnesty and WSLS's requests for expedited

processing; that by letters dated June 7, 2006, the Navy waived fees related to the processing of the Amnesty FOIA Requests; that by letter dated June 8, 2006, the Marine Corps waived fees related to the processing of the Amnesty FOIA Requests; that by letter dated May 3, 2006, DHS waived search-related fees for the Amnesty FOIA Requests and denied Amnesty and WSLS's requests for expedited processing; that by letters dated May 11, 2006, ICE waived search-related fees for the Amnesty FOIA Requests and denied Amnesty and WSLS's requests for expedited processing; that by letter dated June 7, 2006, OIPR granted Amnesty and WSLS's requests for expedited processing; and that by letters dated August 25, 2006 and August 29, 2006, the State Department denied Amnesty and WSLS's requests for a fee waiver and for expedited processing; and respectfully refer the Court to the text of those agency decisions for a true and complete statement of their contents.

32. Deny the allegations in paragraph 32 and footnote 8 of the complaint, except admit and aver that the CIA received the CIA Specific Request; that the CIA Specific Request contained a request for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E); that by letter dated January 20, 2008, the CIA denied plaintiffs' requests for expedited processing and granted plaintiffs' request for a fee waiver as a matter of administrative discretion; and respectfully refer the Court to the text of the January 30, 2008 letter for a true and complete statement of its contents.

33. Deny the allegations in paragraph 33 of the complaint.

33. Deny the allegations in paragraph 34 of the complaint.

35. Deny the allegations in paragraph 35 of the complaint.

36.     Deny the allegations in paragraph 36 of the complaint, except admit and aver that by letter dated February 2, 2005, the CIA denied CCR's request for a fee waiver and for expedited processing; that by letter dated December 30, 2004, DOD granted CCR's request for a fee waiver and denied CCR's request for expedited processing; that by letter dated April 19, 2006, Air Force informed CCR that there were no assessable fees; that by letter dated January 21, 2005, the FBI granted CCR's request for expedited processing; that by letter dated March 29, 2005, OIPR granted CCR's request for expedited processing; that by letter dated January 18, 2005, the State Department granted CCR's request for a fee waiver and denied CCR's request for expedited processing; that by letters dated May 5, 2006, DOD denied Amnesty and WSLS's requests for expedited processing; that by letters dated May 10, 2006, the DIA denied Amnesty and WSLS's requests for expedited processing; that by letters dated June 7, 2006, the Navy waived fees related to the processing of the Amnesty FOIA Requests; that by letter dated June 8, 2006, the Marine Corps waived fees related to the processing of the Amnesty FOIA Requests; that by letter dated May 3, 2006, DHS waived search-related fees for the Amnesty FOIA Requests and denied Amnesty and WSLS's requests for expedited processing; that by letters dated May 11, 2006, ICE waived search-related fees for the Amnesty FOIA Requests and denied Amnesty and WSLS's requests for expedited processing; that by letter dated June 7, 2006, OIPR granted Amnesty and WSLS's requests for expedited processing; that by letters dated August 25, 2006 and August 29, 2006, the State Department denied Amnesty and WSLS's requests for a fee waiver and for expedited processing; and that by letter dated January 30, 2008, the CIA denied plaintiffs' request for expedited processing and granted plaintiffs' request for a fee waiver as a

matter of administrative discretion; and respectfully refer the Court to the text of those agency decisions for a true and complete statement of their contents.

   37. Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 36 of the complaint as though fully set forth in this paragraph.

   38. Paragraph 38 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 38 of the complaint.

   39. Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 38 of the complaint as though fully set forth in this paragraph.

   40. Deny the allegations in paragraph 40 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature of plaintiffs' information and beliefs.

   41. Paragraph 41 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 41 of the complaint.

   42. Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 41 of the complaint as though fully set forth in this paragraph.

   43. Paragraph 43 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 43 of the complaint.

   44. Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 43 of the complaint as though fully set forth in this paragraph.

Case 1:07-cv-05435-LAP   Document 72   Filed 06/20/2008   Page 14 of 18

45. Deny the allegations in paragraph 45 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature of plaintiffs' information and beliefs.

46. Paragraph 46 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 46 of the complaint.

47. Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 46 of the complaint as though fully set forth in this paragraph.

48. Paragraph 48 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 48 of the complaint.

49. Repeat and reallege defendants' responses to the allegations in paragraphs 1 through 48 of the complaint as though fully set forth in this paragraph.

50. Deny the allegations in paragraph 50 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the nature of plaintiffs' information and beliefs.

51. Paragraph 51 of the complaint consists of legal conclusions, to which no response is required. To the extent a response is required, deny the allegations in paragraph 51 of the complaint.

52. The allegations in the unnumbered paragraph following paragraph 51 of the complaint and commencing with the word "WHEREFORE" state plaintiffs' request for

relief, to which no response is required. To the extent a response is required, deny that plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

53. The court lacks subject matter jurisdiction over the complaint in whole or in part because plaintiffs failed to exhaust administrative remedies.

### SECOND DEFENSE

54. The complaint should be dismissed in whole or part for failure to state a claim upon which relief could be granted.

### THIRD DEFENSE

55. The complaint should be dismissed to the extent that a search for responsive agency records would significantly interfere with the operation of the defendants' automated systems. See 5 U.S.C. § 552(a)(3)(C).

### FOURTH DEFENSE

56. Defendants have exercised due diligence in processing plaintiffs' FOIA Requests and exceptional circumstances exist that necessitate additional time for the defendants to complete their processing of the FOIA Requests. See 5 U.S.C. § 552(a)(6)(C).

### FIFTH DEFENSE

57. Some or all of the requested documents are exempt from disclosure. See 5 U.S.C. § 552(b).

### SIXTH DEFENSE

58. The Court lacks subject matter jurisdiction over plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

### SEVENTH DEFENSE

59. Some or all of plaintiffs' claims are barred by res judicata or collateral estoppel.

### EIGHTH DEFENSE

60. The complaint should be dismissed to the extent that plaintiffs' requests seek operational files of the CIA and/or the DIA. See 50 U.S.C. §§ 431, 432c.

### NINTH DEFENSE

61. Some of plaintiffs' claims are barred by accord and satisfaction, waiver, and/or estoppel, because plaintiffs agreed to the dismissal of some of their claims by stipulation, including but not limited to the Stipulation, dated November 30, 2007, the Stipulation and Order of Partial Settlement and Dismissal, dated April 2, 2008, and the Stipulation and Order Between Plaintiffs the Central Intelligence Agency Regarding Procedures for Adjudicating Summary Judgment Motions, dated April 21, 2008.

WHEREFORE, the defendants demand judgment dismissing the complaint and granting such other and further relief as this Court deems just and proper, including costs and disbursements.

Dated:      New York, New York
            June 20, 2008

>                 MICHAEL J. GARCIA
>                 United States Attorney for the
>                 Southern District of New York,
>                 Attorney for Defendants
>
> By:      /s/
>                 JEANNETTE A. VARGAS
>                 PIERRE G. ARMAND
>                 BRIAN M. FELDMAN
>                 Assistant United States Attorneys
>                 EMILY DAUGHTRY
>                 Special Assistant United States Attorney
>                 86 Chambers Street, Third Floor
>                 New York, New York 10007
>                 Telephone Nos. (212) 637-2678/2777/2724
>                 Facsimile Nos. (212) 637-2702/2717/2750
>                 Jeannette.Vargas@usdoj.gov
>                 Pierre.Armand@usdoj.gov
>                 Brian.Feldman@usdoj.gov
>                 Emily.Daughtry@usdoj.gov

TO:   Gitanjali Gutierrez
      Center for Constitutional Rights, Inc.
      66 Broadway, Seventh Floor
      New York, New York 10012
      Attorney for Center for Constitutional Rights

      Margaret L. Satterthwaite
      Washington Square Legal Services, Inc.
      International Human Rights Clinic
      245 Sullivan Street
      New York, New York 10012
      Attorney for Amnesty International USA and Washington Square Legal Services, Inc.

CERTIFICATE OF SERVICE

I, Brian M. Feldman, an Assistant United States Attorney for the Southern District of New York, hereby certify that on June 20, 2008, I caused a copy of the foregoing Answer to be served by First Class Mail upon the following:

>   Gitanjali Gutierrez
>   Center for Constitutional Rights, Inc.
>   666 Broadway, Seventh Floor
>   New York, New York 10012
>   Attorney for Center for Constitutional Rights
>
>   Margaret L. Satterthwaite
>   Washington Square Legal Services, Inc.
>   International Human Rights Clinic
>   245 Sullivan Street
>   New York, New York 10012
>   Attorney for Amnesty International USA and
>   Washington Square Legal Services, Inc.

Dated:      New York, New York
            June 20, 2008

                        ___/s/_____
                        BRIAN M. FELDMAN
                        Assistant United States Attorney
                        Telephone No. (212) 637-2777
                        Facsimile No. (212) 637-2717
                        Brian.Feldman@usdoj.gov