## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

AMNESTY INTERNATIONAL USA, CENTER
FOR CONSTITUTIONAL RIGHTS, INC. and
WASHINGTON SQUARE LEGAL SERVICES,
INC.,

          Plaintiffs,

   v.

CENTRAL INTELLIGENCE AGENCY,
DEPARTMENT OF DEFENSE, DEPARTMENT
OF HOMELAND SECURITY, DEPARTMENT
OF JUSTICE, DEPARTMENT OF STATE, AND
THEIR COMPONENTS

          Defendants.

**ECF CASE**

07 CV 5435 (LAP)

## MEMORANDAUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION COMPELLING DOJ AND THE CIA TO COMPLETE PROCESSING OF PLAINTIFFS' FOIA REQUESTS

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF FACTS ....................................................................................3

ARGUMENT ........................................................................................................6

I.   PLAINTTIFS ARE ENTITLED TO A PRELIMINARY INJUNCTION COMPELLING DOJ AND THE CIA TO COMPLETE PROCESSING THE REQUESTED RECORDS ON AN EXPEDITED BASIS. ....................8

II.  DOJ MUST PROCESS PLAINTIFFS' FOIA REQUESTS......................9

    A.  Plaintiffs Are Likely to Succeed on the Merits.................................10

    B.  Irreparable Injury Will Result If Plaintiffs' Request for a Preliminary Injunction Is Not Granted. ...............................................................11

    C.  A Balance of Hardships Clearly Favors Plaintiffs.............................13

III. THE  CIA  MUST  PROCESS  THE  SPECIFIC  DOCUMENTS REQUEST....................................................................................................14

    A.  Irreparable Injury Will Result If Plaintiffs' Request for a Preliminary Injunction Is Not Granted. ...............................................................14

    B.  Plaintiffs Are Likely to Succeed on the Merits.................................15

    C.  A Balance of Hardships Clearly Favors Plaintiffs.............................16

CONCLUSION....................................................................................................17

## **ABBREVIATIONS**

| | |
|---|---|
| AIUSA | Amnesty International USA |
| CCR | Center for Constitutional Rights |
| CIA | Central Intelligence Agency |
| DOJ | Department of Justice |
| EOUSA | Executive Office for United States Attorneys, DOJ |
| FOIA | Freedom of Information Act |
| OIG | Office of Inspector General, DOJ |
| OIPR | Office of Intelligence Policy and Review, DOJ |
| OLC | Office of Legal Counsel, DOJ |
| OPA | Office of Public Affairs, DOJ |
| OPI | Office of Privacy and Information, DOJ |
| WSLS | Washington Square Legal Services |

## TABLE OF AUTHORITIES

**Cases**

*ACLU v. DOD*, 339 F.Supp.2d 501 (S.D.N.Y. 2004) ................................................6, 7, 11

*ACLU v. DOD*, 357 F.Supp.2d 708 (S.D.N.Y. 2005) ........................................................15

*Aguilera v. FBI*, 941 F.Supp. 144 (D.D.C. 1996) ...............................................................7

*Al-Fayed v. CIA*, 2000 U.S. Dist. LEXIS 21476 (D.D.C. Sept. 20, 2000) ..........................8

*Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86 (D.C. Cir. 1986) .................................15

*Cleaver v. Kelley*, 427 F.Supp. 80 (D.D.C. 1976) ...............................................................7

*DOJ v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749 (1989) .................8, 13

*Edmonds v. FBI*, 417 F.3d 1319 (D.C.Cir. 2005) .............................................................11

*Electronic Frontier Foundation v. Office of Director of Nat'l Intelligence*,
    2007 WL 4208311 (N.D. Cal. Nov. 27, 2007) ....................................................7, 11, 12

*Electronic Frontier Foundation v. Office of Director of Nat'l Intelligence*,
    542 F.Supp.2d 1181 (C.D. Cal. 2008) ...........................................................................7

*EPIC v. DOJ*, 416 F.Supp.2d 30 (D.D.C. 2006) .........................................................6, 7, 11

*Fed. Express Corp. v. Fed. Espresso, Inc.*, 201 F.3d 168 (2d Cir. 2000) ...........................9

*Ferguson v. FBI*, 722 F.Supp. 1137 (S.D.N.Y. 1989) .........................................................7

*Gerstein v. CIA*, 2006 WL 3462659 (N.D. Cal. Nov. 29, 2006) .................................7, 12

*Halpern v. DOD*, 181 F.3d 279 (2d Cir. 1999) ...................................................................6

*Jacksonville Port Auth. v. Adams*, 556 F.2d 52 (D.C. Cir. 1977) ....................................14

*Madison Square Garden, L.P. v. NHL*, 2007 U.S. Dist. LEXIS 81446
    (S.D.N.Y. Nov. 2, 2007) ................................................................................................8

*Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157 (2004) .......................6, 11, 12

*Natural Res. Def. Council v. Dep't of Energy*, 191 F.Supp.2d 41 (D.D.C.
    2002) ...........................................................................................................................7, 13

*Payne Enters., Inc., v. United States*, 837 F.2d 486 (D.C. Cir. 1988) ...................... *passim*

*Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976) ...............................................................4

*Ruotolo v. DOJ, Tax Div.*, 53 F.3d 4 (2d Cir. 1995) .........................................................15

*Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) ........................................................ *passim*


**Statutes and Regulations**

28 C.F.R. § 16.5(d)(1)(iv) .................................................................................................. 14

28 C.F.R. § 16.5(d)(4) ........................................................................................................ 10

28 C.F.R. § 16.6(b) ................................................................ 10

32 C.F.R. § 1900, *et seq.* .......................................................... 16

5 C.F.R. § 16.5(c)(2)(iv) .......................................................... 10

5 U.S.C. § 552 ................................................................. 1, 15

5 U.S.C. § 552(a)(4)(B) ..................................................... 6, 8, 14

5 U.S.C. § 552(a)(6)(A)(i) ......................................................... 10

5 U.S.C. § 552(a)(6)(C) ............................................................ 6

5 U.S.C. § 552(a)(6)(E)(iii) .................................................... 6, 10

5 U.S.C. § 552(b) ................................................................. 6

## Other Authorities

Joby Warrick, *Lawmakers Urge Special Counsel Probe of Harsh Interrogation Tactics*, Wash. Post, June 8, 2008, *available at* http://www.washingtonpost.com/wp-dyn/content/article/2008/6/07/AR200806071194_pf.html ................................................................. 12

Letter from Congressman John Conyers to The Honorable Michael Mukasey (July 10, 2008), *available at* http://ccrjustice.org/files/Conyers-Nadler-Delahunt.pdf ................................................................. 12

Letter from Jan Schakowsky, John Conyers, et al., (56 Members of Congress) to The Honorable Michael Mukasey (June 6, 2008), *available at* http://media.washingtonpost.com/wp-srv/politics/documents/mukasey_letter_060708.pdf?sid=ST2008060701260 ................................. 12

Scott Shane, *Waterboarding Focus of Inquiry by Justice Dept.*, N.Y. Times, Feb. 23, 2008, *available at* http://www.nytimes/com/2008/02/23/washington/23justice.html ................................................................. 12

Sen. Judiciary Committee Hearing, "How the Administration's Failed Detainee Policies Have Hurt the Fight Against Terrorism: Putting the Fight Against Terrorism on Sound Legal Foundations," July 16, 2008, *available at* http://judiciary.senate.gov/hearing.cfm?id=3458 ....................................... 12

## PRELIMINARY STATEMENT

Plaintiffs Amnesty International USA ("AIUSA"), the Center for Constitutional Rights ("CCR") and Washington Square Legal Services ("WSLS") (collectively "Plaintiffs") seek an injunction compelling the Department of Justice ("DOJ") and the Central Intelligence Agency ("CIA") promptly to complete the processing of Plaintiffs' requests made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendants' open-ended processing of Plaintiffs' requests undermines FOIA's statutory mandate to provide timely and meaningful information to the public.

On June 7, 2007, Plaintiffs' filed a complaint seeking records concerning the U.S. government's rendition, secret detention and coerced interrogation program, including records related to, *inter alia*, evaluations and authorizations, policies and procedures, identities of individuals and detention locations, activities of private contractors and non-governmental actors, and treatment of, and injuries sustained by, individuals transferred or detained.

The DOJ has not fulfilled its obligations to process Plaintiffs' requests within a statutorily defined time period; the agency has denied Plaintiffs even the most fundamental information they are due. Although DOJ has claimed since November 2007 that it has "completed or nearly completed" its search for responsive records, DOJ and its components have disclosed only a three-page responsive document, which was originally provided in another FOIA case, and a redacted page revealing a citation to a public human rights report. Moreover, DOJ has not produced a *Vaughn* index or a date certain on when a *Vaughn* index will be produced.

The CIA likewise has not upheld its requirements under the FOIA statute. On June 6, 2008, Plaintiffs' amended their complaint to include a list, first provided to the CIA by Plaintiffs on December 28, 2007, of seventeen specifically identified items or categories of items

1

responsive to Plaintiffs' requests and likely to be in the CIA's possession ("CIA Specific Documents Request").     These listed documents, which are publicly known to exist but undisclosed, record possibly unlawful practices or information that the government has acknowledged.     The listed items are plainly responsive to Plaintiffs' requests.     Accordingly, these records should have been identified and processed by the CIA in connection with the requests that have been pending before the CIA since as early as December 2004 and subject to litigation before this Court since June 2007.     The parties remain unable to reach agreement concerning the CIA's processing of the Specific Documents Request pursuant to ¶ 19 of the April 21, 2008 Stipulation and Order Between Plaintiffs and the Central Intelligence Agency Regarding Procedures for Adjudicating Summary Judgment Motions ("April 21, 2008 CIA Stipulation").

Plaintiffs compiled the list as a way to aid the Government in fulfilling the requests precisely due to the government-acknowledged or publicly known nature of the documents.  It is therefore especially troubling that, more than three years after the first request was filed, and more than six months after this CIA Specific Document Request was filed, the CIA has yet to process the records, provide Plaintiffs with the responsive records or justify any withholdings.

Dissemination of the requested information is fundamental to an informed public debate on an important and controversial policy issue.     To prevent any further delay and thus the continued subversion of the statutory purpose of FOIA to ensure prompt disclosure of government records, Plaintiffs respectfully request that the Court (1) order the DOJ to produce or identify all responsive documents within twenty days, including the undisclosed documents known to exist and likely in DOJ custody itemized in Exhibit B; (2) order the CIA to produce or identify items responsive to the CIA Specific Documents Request within twenty days; and (3)

order the DOJ and the CIA to provide Plaintiffs with declarations, as specified in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), stating the justification for any withholdings within thirty days.

**STATEMENT OF FACTS**

<u>**Plaintiffs' FOIA Requests**</u>

At issue in this motion are Plaintiffs' four FOIA requests to DOJ and the CIA regarding the U.S. government's extraordinary rendition, secret detention, and coerced interrogation program. Plaintiffs CCR and Plaintiffs AIUSA and WSLS sent FOIA requests to the CIA and DOJ on December 21, 2004 and April 25, 2006, respectively. Declaration of Gitanjali S. Gutierrez ("Gutierrez Declaration"), ¶¶ 4 & 23, attached hereto as Ex. A, and Attachments A, B & U (AIUSA/WSLS and CCR Requests). The requests seek records concerning rendition and secret detention, including records related to, *inter alia*, evaluations and authorizations, policies and procedures, identities of individuals and detention locations, activities of private contractors and non-governmental actors, and treatment of, and injuries sustained by, individuals transferred or detained. On June 7, 2007, after exhausting their administrative remedies, Plaintiffs filed the instant complaint against, *inter alia*, DOJ and the CIA, seeking the release of documents withheld by the agencies.

<u>**Response from DOJ and its Components**</u>

Over three years ago, by a letter dated January 21, 2005, the Federal Bureau of Investigation ("FBI") notified CCR that the DOJ's Office of Public Affairs ("OPA") had granted CCR's request for expedited processing because the subject matter of the request is "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." *See* Gutierrez Declaration ¶ 31 and

Attachment DD.    Similarly, on June 7, 2006, DOJ's Office of Intelligence Policy and Review ("OIPR") notified AIUSA and WSLS that the OPA had granted their request for expedited processing.  *See* Gutierrez Decl. ¶ 17 and Attachment P.  Despite DOJ's own recognition of the extraordinarily important public interest in the requested documents and the concomitant need for expedited processing, during the three-and-a-half years since DOJ received the first of Plaintiffs' requests, DOJ has only disclosed one partially released document from the FBI, which was previously disclosed in other FOIA litigation; a redacted page from the Office of Privacy and Information ("OIP") that revealed a single citation to a public human rights report; and provided *Glomar* responses from OIPR, s*ee Phillippi v. CIA*, 546 F.2d 1009, 1012-13 (D.C. Cir. 1976).  Gutierrez Decl. ¶¶ 16,18, 26 & 32 and Attachments O, Q, X & EE.

In response to Plaintiffs' FOIA complaint, DOJ confirmed that the requests were referred to six DOJ components: the FBI, the Criminal Division, the Office of Inspector General ("OIG"),[1] OIPR, Executive Office for United States Attorneys ("EOUSA") and OIP.  *See* Letter from Jeannette A. Vargas, Assistant United States Attorney to Hon. Loretta A. Preska dated Nov. 30, 2007, at 5, attached hereto as Exhibit B.  According to the agency, as of November 30, 2007, these components had completed or would soon be completing their searches for responsive records, and DOJ had begun processing the responsive documents.  *Id.*  At that time, DOJ also confirmed that it was processing three specific documents: three May 2005 Office of Legal Counsel ("OLC") opinions authored by Steven Bradbury related to the interrogation of detainees in CIA custody (the "2005 OLC Bradbury Memos").  *Id.*  In November 2007, five months after the complaint was filed and nearly three years since DOJ received the initial relevant FOIA request, the parties could not agree upon a processing schedule and anticipated that DOJ

---

[1] Only the requests from AIUSA and WSLS were referred to the OIG.

scheduling issues would be subject to future negotiations.  *See id.*; *see also* Letter from Kyle M. DeYoung, Wilmer Hale to Hon. Loretta A. Preska dated Nov. 30, 2007, attached hereto as Exhibit C.   During recent negotiations, DOJ continues unreasonably to delay in providing Plaintiffs responsive documents, basic information concerning the results of the agency's search, justification for its nonproduction, or an anticipated date by which it expects to complete processing.   Under these circumstances—resulting from the inherent imbalance of information in FOIA litigation—Plaintiffs are unable to reach agreement with DOJ concerning the schedule for prompt completion of DOJ's processing of the requests.

### Plaintiffs' Specific Document Request to the CIA

During negotiations concerning the CIA's search for responsive documents and the production of the *Vaughn* index, Plaintiffs submitted a list of specific documents known to exist but undisclosed, and likely to be in the CIA's possession, to assist the agency in its document search.   These documents, whose existence has already surfaced in public view, contest the veil of secrecy with which the Government purports shrouds the program.   The list of documents known to exist but undisclosed demonstrates that the CIA possesses documents responsive to Plaintiffs' requests.

The CIA refused to include these specific documents on its *Vaughn* index.   To facilitate expeditious processing of the CIA's responsive documents, Plaintiffs were compelled to file a separate FOIA request on December 28, 2007.   *See* Gutierrez Decl. ¶ 37 and Attachment JJ (CIA Specific Documents Request).[2]

---

[2] The CIA's response to Plaintiffs' December 21, 2004 and April 25, 2006 Requests are currently being litigated in the CIA's pending motion for summary judgment and Plaintiffs' cross-motion for summary judgment.  *See* April 21, 2008 CIA Stipulation.  Plaintiffs seek a timely response to their Specific Document Request in order to consolidate briefing and argument for the CIA first summary judgment motions.

In a letter dated January 20, 2008, the CIA denied Plaintiffs' request for expedited processing for the Specific Documents Request. *See* Gutierrez Decl. ¶ 38 and Attachment KK. The CIA has provided no further substantive response to the Specific Document Request. On June 7, 2008, after exhausting their administrative remedies, 5 U.S.C. § 552(a)(6)(C), Plaintiffs' filed an unopposed application for leave to amend the complaint seeking immediate and expedited processing as well as release of the requested Specific Documents. To date, the CIA has neither produced the Specific Documents nor justified its nonproduction.

## ARGUMENT

An informed citizenry is fundamental to a meaningful democracy. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). In enacting FOIA, Congress "intended to permit citizens access to information in the possession of the federal government that is unnecessarily sheltered from public view." *Halpern v. DOD*, 181 F.3d 279, 284-85 (2d Cir. 1999). Moreover, FOIA's statutory scheme, and the case law elucidating it, recognizes that the public's need for information is often time sensitive. *See, e.g.,* 5 U.S.C. § 552(a)(6)(E)(iii); *ACLU v. DOD*, 339 F.Supp.2d 501, 504 (S.D.N.Y. 2004); *EPIC v. DOJ*, 416 F.Supp.2d 30, 40 (D.D.C. 2006).

Although FOIA's exemptions to disclosure embody government interests in competition with the public interest in disclosure, *see* 5 U.S.C. § 552(b), the statute does not provide the Executive unfettered discretion in balancing those interests or in determining a timeline for the processing of requests. *See* 5 U.S.C. § 552(a)(4)(B). "FOIA imposes no limits on courts' equitable powers in enforcing its terms." *Payne Enters., Inc., v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (citation omitted). In cases where, as here, "the glacial pace at which defendant agencies have been responding to plaintiffs' requests shows an indifference to the commands of

FOIA, and fails to afford accountability of government that the act requires," *ACLU*, 339 F.Supp.2d at 504-05, the courts must compel the Government to process document requests within a time certain. *Payne Enters.*, 837 F.2d at 494. The courts' "duty" to prevent "unreasonable delays in disclosing non-exempt documents," *id.*, is sufficiently important that courts have entertained and granted motions to compel production of documents and *Vaughn* indices even when the subject matter of the requested records touches upon purported national security issues. *See ACLU*, 339 F.Supp.2d at 501 (ordering the government to produce responsive documents and *Vaughn* index within 30 days); *EPIC*, 416 F.Supp.2d at 30 (ordering the government to process documents and produce *Vaughn* index within 30 days); *Electronic Frontier Foundation v. Office of Director of Nat'l Intelligence*, 2007 WL 4208311 (N.D. Cal. Nov. 27. 2007) (ordering the government to process documents in 20 days while denying as premature motion to compel *Vaughn* index in 10 additional days); *Electronic Frontier Foundation v. Office of Director of Nat'l Intelligence*, 542 F.Supp.2d 1181 (C.D. Cal. 2008) (ordering the government to produce a first set of responsive documents in two weeks, and all other responsive documents as well as *Vaughn* index in three weeks); *see also Ferguson v. FBI*, 722 F.Supp. 1137 (S.D.N.Y. 1989) (ordering government to process particular requested documents within 85 days, and to produce *Vaughn* index 32 days thereafter); *Natural Res. Def. Council v. Dep't of Energy*, 191 F.Supp.2d 41, 43 (D.D.C. 2002) (granting expedited motion for release of responsive records and *Vaughn* index); *Aguilera v. FBI*, 941 F.Supp. 144 (D.D.C. 1996) (ordering the government to process documents and produce *Vaughn* index within 30 days); *Cleaver v. Kelley*, 427 F.Supp. 80 (D.D.C. 1976) (ordering the government to process documents and produce *Vaughn* index within 3 weeks); *Gerstein v. CIA*, 2006 WL 3462659 (N.D. Cal. Nov. 29, 2006) (ordering the government to process documents in 30 days, while

7

denying without prejudice motion to compel *Vaughn* index). *Cf. Al-Fayed v. CIA*, 2000 U.S. Dist. LEXIS 21476 (D.D.C. Sept. 20, 2000) (denying preliminary injunction when plaintiffs filed FOIA requests one to three months prior to filing the complaint and did not satisfy the factors meriting injunctive relief).

The DOJ and CIA's refusals to disclose promptly responsive documents and complete processing of the remainder of Plaintiffs' requests should be immediately enjoined. The district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *See* 5 U.S.C. § 552(a)(4)(B); *see also Payne Enters.*, 837 F.2d at 494. The Court must review the agencies' decisions *de novo* and the agencies bear the burden of justifying their actions. 5 U.S.C. § 552(a)(4)(B); *see also DOJ v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 755 (1989) ("Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action,' and directs the district courts to 'determine the matter *de novo*.'" (quoting 5 U.S.C. §552(a)(4)(B))).

I.    **PLAINTTIFS ARE ENTITLED TO A PRELIMINARY INJUNCTION COMPELLING DOJ AND THE CIA TO COMPLETE PROCESSING THE REQUESTED RECORDS ON AN EXPEDITED BASIS.**

In order to prevail on a motion for a preliminary injunction, Plaintiffs must show that:

> (1) absent such relief, it will suffer irreparable injury; and (2) either
> (a) a likelihood of success on the merits, or (b) sufficiently serious
> questions going to the merits and a balance of hardships tipping
> decidedly towards the moving party.

*Madison Square Garden, L.P. v. NHL*, 2007 U.S. Dist. LEXIS 81446, at *15 (S.D.N.Y. Nov. 2, 2007) (citation omitted); *see also Fed. Express Corp. v. Fed. Espresso, Inc.*, 201 F.3d 168, 173

(2d Cir. 2000).    Consideration of these factors in this case firmly establishes Plaintiffs' entitlement to injunctive relief.

## II.    DOJ MUST PROCESS PLAINTIFFS' FOIA REQUESTS.

This FOIA action seeks the expedited processing and release of DOJ records concerning the Administration's program of rendition, secret detention and coerced interrogation.   DOJ has expressly acknowledged that at least some of the requested information is of such "widespread and exceptional media interest" that it falls squarely within the narrow category for which Congress has mandated expedited processing.   Accordingly, on January 21, 2005 and, again, on June 7, 2006, DOJ granted Plaintiffs' requests for such expeditious treatment.   Nonetheless, in violation of FOIA and its own regulations, DOJ has failed to complete processing of Plaintiffs' request, or to even identify a date by which it expects to complete its processing.   Because the information at issue concerns a matter of extraordinary public interest—the Justice Department's role in the rendition, secret detention and coerced interrogation program—and DOJ's protracted open-ended and noncommittal processing violates the agency's obligations under FOIA and impedes the public's ability to examine the Justice Department's conduct, Plaintiffs seek the Court's expedited consideration of this matter.   Specifically, Plaintiffs' request that the Court enter an order compelling DOJ to complete its processing, to disclose the requested records within twenty days and to provide a *Vaughn* index justifying nonproduction within thirty days. Plaintiffs have also attached a list of records known to exist but undisclosed, and likely to be in the possession of DOJ, or provided by DOJ to Congress, to assist in and expedite the agency's processing. *See* July 17, 2008 DOJ List of Known to Exist but Undisclosed Documents, attached hereto as Exhibit D.

### A.    Plaintiffs Are Likely to Succeed on the Merits.

In view of Plaintiffs' statutory entitlement to the expeditious processing of its requests, Plaintiffs' likelihood of prevailing on the merits is high.   To assess Plaintiffs' likelihood of success, the Court must consider whether DOJ has processed Plaintiffs' FOIA requests expeditiously and within the time frame provided in FOIA and the DOJ regulations. According to FOIA and DOJ's own regulations, the agency "shall determine within 20 days . . . after receipt of . . . [a] request whether to comply with such request and shall immediately notify the person making such request of such determination." 5 U.S.C. § 552(a)(6)(A)(i); *see also* 28 C.F.R. § 16.6(b).   When, as here, the agency grants expedited treatment, FOIA obligates the agency to process the request "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii); 28 C.F.R. § 16.5(d)(4).

Here, DOJ determined three-and-a-half years ago that Plaintiffs' first request, and two years ago that Plaintiffs' second and third requests, were entitled to expedited processing due to the subject matter of the requests. *See* Gutierrez Decl.   ¶ 31 and Attachment DD  (FBI stating the OPA "determined that your request for expedited processing under [5 C.F.R. § 16.5(c)(2)(iv)] should be granted, thereby concluding that the subject matter of your request is in fact a 'matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence'"); Gutierrez Decl. ¶ 17 and Attachment P (OIPR informing Plaintiffs that the request for expediting processing was granted).   Plaintiffs have tolerated long delays and protracted negotiations.   But DOJ has far exceeded the amount of time to which it is entitled.   The agency's noncommittal status updates, and the parties' inability to reach agreement concerning the schedule for completion of the processing, suggest the likelihood of ongoing delay.   As DOJ conceded, Plaintiffs are entitled to expedited processing and, accordingly, the Court should order DOJ immediately to complete its

processing and release the requested records, including the attached list of documents known to exist but undisclosed.

**B.    Irreparable Injury Will Result If Plaintiffs' Request for a Preliminary Injunction Is Not Granted.**

Unless this Court enjoins DOJ's unlawful failure to comply with its obligation to expedite the processing of Plaintiffs' request, Plaintiffs will suffer irreparable harm. The very nature of the right that Plaintiffs seek to vindicate—processing of FOIA requests to inform the current public debate concerning the propriety of the government's actions—depends upon timeliness. As the Supreme Court has made clear, public awareness of the government's actions is "a structural necessity in a real democracy." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. at 172. "Not only is public awareness a necessity, but so too is *timely* public awareness." *EPIC*, 416 F.Supp.2d at 40 (emphasis in original). For this reason, Congress has "evinced an increasing concern over the timeliness of disclosure, recognizing that delay in complying with FOIA request may be 'tantamount to denial.'" *ACLU*, 339 F.Supp.2d at 504 (quoting H. Rep. No. 93-876, at 6 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6267, 6271); *see also EPIC*, 416 F.Supp.2d at 35 ("'[U]nreasonable delays in disclosing non-exempt documents violates the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses.'" (quoting *Payne Enters.*, 837 F.2d at 494 (alteration in original))). The 1996 amendments to FOIA created the statutory right to expedition in certain cases, "underlin[ing] Congress['s] recognition of the value in hastening release of certain information." *Edmonds v. FBI*, 417 F.3d 1319 (D.C.Cir. 2005). DOJ's ongoing and open-ended delay in processing Plaintiffs' requests constitutes a cognizable, irreparable harm: the continuing loss of the value of expedited processing. *See EPIC*, 416 F.Supp.2d at 40-41 (recognizing the loss of the value of expedited processing as "harm [that] will likely be irreparable"); *Electronic Frontier Foundation*, 2007 WL 4208311, at *6 (same).

Moreover, absent a preliminary injunction, DOJ's failure to process Plaintiffs' requests in a timely manner will preclude Plaintiffs from disseminating information vital to the more recent and ongoing public debate surrounding the propriety of the Administration's rendition, secret detention and enhanced interrogation program. This, too, would constitute cognizable, irreparable harm. *See Electronic Frontier Foundation*, 2007 WL 4208311, at *7 (finding that "irreparable harm can exist in FOIA cases . . . [when] ongoing public and congressional debates about issues of vital national importance 'cannot be restarted or wound back'" (quoting *Gerstein*, 2006 WL 3462659 at *4). Indeed, these questions have already generated, and continue to inspire, intensive public debate.[3] The public oversight mechanism provided by FOIA is central to meaningful public debate on critical policy issues such as these. *See Nat'l Archives & Records Admin.*, 541 U.S. at 171-172.

---

[3] *See, e.g.*, Sen. Judiciary Committee Hearing, "How the Administration's Failed Detainee Policies Have Hurt the Fight Against Terrorism: Putting the Fight Against Terrorism on Sound Legal Foundations," July 16, 2008 (evaluating the impact of the administration detention and interrogation policies), *available at* http://judiciary.senate.gov/hearing.cfm?id=3458; Letter from Congressman John Conyers to The Honorable Michael Mukasey (July 10, 2008) (requesting that a special counsel be appointed to investigate and prosecute any violation of federal criminal laws related to the rendition of Canadian citizen Maher Arar to Syria by U.S. personnel), *available at* http://ccrjustice.org/files/Conyers-Nadler-Delahunt.pdf; Letter from Jan Schakowsky, John Conyers, *et al.*, (56 Members of Congress) to The Honorable Michael Mukasey (June 6, 2008) (requesting that a special counsel be appointed to "investigate whether the Bush Administration's policies regarding the interrogation of detainees have violated federal criminal laws," including the authorization for and implementation of CIA interrogation practices), *available at* http://media.washingtonpost.com/wp-srv/politics/documents/mukasey_letter_060708.pdf?sid= ST2008060701260; Scott Shane, *Waterboarding Focus of Inquiry by Justice Dept.*, N.Y. Times, Feb. 23, 2008, *available at* http://www.nytimes/com/2008/02/23/washington/23justice.html (discussing Justice Department inquiry into the legal authorization for waterboarding and potential public disclosure of an unclassified version of its final report); Joby Warrick, *Lawmakers Urge Special Counsel Probe of Harsh Interrogation Tactics*, Wash. Post, June 8, 2008, *available at* http://www.washingtonpost.com/wp-dyn/content/article/2008/6/07/AR2008 06071194_pf.html (reporting that "[n]early 60 House Democrats yesterday urged the Justice Department to appoint a special counsel to examine whether top Bush administration officials may have committed crimes in authorizing the use of harsh interrogation tactics" again CIA detainees).

As Plaintiffs seek information to contribute to the public debate on the Administration's rendition, secret detention and coerced interrogation program, DOJ must disclose the requested records expeditiously. *See Payne Enters.*, 837 F.2d at 494 ("[S]tale information is of little value . . . ."). Even DOJ has acknowledged that there is an urgent need to inform the public about the Justice Department's role in this program. *See* Gutierrez Decl. ¶ 17 & 31 and Attachments P & DD. Because public scrutiny of the government's rendition, secret detention and coerced interrogation program remains heightened, Plaintiffs will be irreparably harmed unless the Court acts now, "when it [is] still possible to grant effective relief," and before "all opportunity to grant the requested relief [is] foreclosed." *Local Lodge No. 1266, Int'l Ass'n of Machinists and Aerospace Workers v. Panoramic Corp.*, 668 F.2d 276, 290-91 (7th Cir. 1981).

Courts have long recognized their role in preventing delays of the sort that "may well result in disclosing the relevant documents after the need for the information in the formulation of national . . . policy has been overtaken by events." *Natural Res. Def. Council*, 191 F.Supp.2d at 43 (granting expedited motion for release of responsive records and *Vaughn* index). This Court must prevent such delay here.

### C. A Balance of Hardships Clearly Favors Plaintiffs.

The balance of hardship on the government as weighed against the public interest clearly favors granting injunctive relief. After Plaintiffs' requests have been pending for two to three-and-a-half years, the Justice Department cannot argue that it will be burdened by a schedule or by complying with the law. The relief Plaintiffs seek requires nothing more than what the law already mandates—and what DOJ already conceded was warranted—the expedited processing of Plaintiffs' FOIA requests.

Expedited processing will serve the public interest by furthering FOIA's core purpose to "shed[] light on an agency's performance of its statutory duties." *Reporters Comm. for Freedom*

13

*of the Press*, 489 U.S. at 773. "[T]here is an overriding pubic interest . . . [in] an agency's faithful adherence to its statutory mandate." *Jacksonville Port Auth. v. Adams*, 556 F.2d 52, 58-59 (D.C. Cir. 1977). In this case, where the requests involve a "matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence," 28 C.F.R. § 16.5(d)(1)(iv), the public interest at stake is particularly significant.

The public interest and balance of hardships favors the issuance of an order directing DOJ immediately to process and release the requested information within twenty days, and to serve on Plaintiffs a *Vaughn* index ten days later.

## III.    THE CIA MUST PROCESS THE SPECIFIC DOCUMENTS REQUEST.

As the agency overseeing the rendition, secret detention and coerced interrogation program in which Plaintiffs are interested, the CIA's failure to process Plaintiffs' requests denies the public of its ability to participate meaningfully in the debate on the legality of the program. Despite Plaintiffs' cooperation with the CIA in providing a list of specific documents known to exist and likely to be in the CIA's possession, and then on the government's insistence filing a new FOIA request for these documents, the CIA has failed to produce or justify its nonproduction of the Specific Documents. The CIA's delay in disclosing documents responsive to Plaintiffs' Specific Document Request should be immediately enjoined. *See* 5 U.S.C. § 552(a)(4)(B); *see also Payne Enters.*, 837 F.2d at 494.

### A.    Irreparable Injury Will Result If Plaintiffs' Request for a Preliminary Injunction Is Not Granted.

Plaintiffs will suffer irreparable injury absent an order from this Court requiring the CIA to immediately process the Specific Documents Request, release requested documents, and justify withholdings. Plaintiffs are public interest organizations that share a core mission to

14

provide the public with information critical to shaping government policies and practices related to, *inter alia*, human rights. The CIA's unwarranted delay in disclosing responsive documents frustrates Plaintiffs' mission to provide the public with timely and relevant information critical to the public's ability to understand and evaluate the propriety of the current practices of the government, in particular the rendition, secret detention and enhanced interrogation program. *See Payne Enters.*, 837 F.2d at 494 (finding that organization that relies "'heavily and frequently on FOIA' to conduct work that is 'essential to the performance of certain of their primary institutional activities'" demonstrates sufficient injury to warrant equitable relief in the face of agency delay in the release of requested records (quoting *Better Gov't Ass'n v. Dep't of State*, 780 F.2d 86, 93 (D.C. Cir. 1986))). Allowing the CIA further to delay disclosure of documents pertaining to current issues of widespread public debate would irreparably injure Plaintiffs by precluding them from providing their particular perspective to the public on these important national policy issues.

### B.    Plaintiffs Are Likely to Succeed on the Merits.

Under FOIA, an agency must conduct an adequate search for documents responsive to a request, and then either disclose responsive documents or provide a justification for their nondisclosure. 5 U.S.C. § 552; *see also Ruotolo v. DOJ, Tax Div.*, 53 F.3d 4, 8-9 (2d Cir. 1995) (agency must show "'that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements'" (citation omitted)). The CIA's failure to disclose or justify the withholding of documents responsive to Plaintiffs' Specific Documents Request violates FOIA. Accordingly, Plaintiffs are likely to succeed on the merits of their claim.

### C.    A Balance of Hardships Clearly Favors Plaintiffs.

The balance of hardships tips decidedly in Plaintiffs' favor.  FOIA not only recognizes that the public interest is served by disclosure of government records, but that there is a public interest in prompt disclosure.  *ACLU v. DOD*, 357 F.Supp.2d 708, 712 (S.D.N.Y. 2005).  When agency records shed light on controversial government practices, ongoing delays in releasing requested records frustrate the public interests served by the statute.

In addition, the CIA's ongoing delay causes Plaintiffs—and the public that they seek to inform—significant hardships.  As the Court is aware, the adequacy of the CIA's response is the subject of summary of judgment motions pending before this Court.  Without concrete deadlines from this Court, negotiations over the Specific Documents Request will run into the preexisting briefing schedule, resulting in an entirely different track for litigating the Request, burdening the Court and the parties with needless inefficiency.  Moreover, Plaintiffs will lose the ability to have any claims related to the Specific Documents adjudicated along with their other claims against the CIA in a timely manner.  Conversely, the CIA cannot claim any burden posed by its compliance with the FOIA statute and regulations, 32 C.F.R. § 1900, *et seq.*  In light of the significant interests set forth by Plaintiffs' and the corresponding lack of equities in the CIA's failure to disclose records responsive to Plaintiffs' FOIA request, the Court should issue a preliminary injunction and grant the requested relief.

## CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that this Court grant Plaintiffs' Motion for Preliminary Injunction and order (1) DOJ and its components to complete processing and release the all responsive documents, including the priority list set forth in Exhibit B, within twenty days; (2) the CIA to process Plaintiffs' Specific Document Request within twenty days; and (3) DOJ and the CIA to provide Plaintiffs with declarations, as specified in *Vaughn v. Rosen*, stating the justification for any withholdings within thirty days.   Alternatively, Plaintiffs respectfully request that the Court promptly schedule a status conference for the purpose of issuing a scheduling order for the completion of DOJ's processing of Plaintiffs' requests and production of a *Vaughn* index and for the CIA's processing of the Specific Documents Request and production of a *Vaughn* index.

Respectfully submitted,

<table>
<tr>
<td>

Margaret L. Satterthwaite (MS-3953)
Martha Johnstone (MJ-0979)
WASHINGTON SQUARE LEGAL
  SERVICES, INC.
International Human Rights Clinic
245 Sullivan Street
New York, NY 10012
Tel: (212) 998-6657
Fax: (212) 995-4031
Email: margaret.satterthwaite@nyu.edu

*Attorneys for Amnesty International USA and*
*Washington Square Legal Services, Inc.*

</td>
<td>

   /s/Gitanjali S. Gutierrez
Gitanjali S. Gutierrez (GG-0122)
Emilou MacLean (EM-0121)
Shayana Kadidal (SK-1278)
CENTER FOR CONSTITUTIONAL
  RIGHTS, INC.
666 Broadway, 7th floor
New York, NY 10012
Tel: (212) 614-6485
Fax: (212) 614-6499
Email: ggutierrez@ccrjustice.org

*Attorneys for Center for Constitutional*
*Rights, Inc.*

</td>
</tr>
</table>

Dated: July 18, 2008