# Exhibit A

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

---

AMNESTY INTERNATIONAL USA, CENTER
FOR CONSTITUTIONAL RIGHTS, INC. and
WASHINGTON SQUARE LEGAL SERVICES,
INC.,

        Plaintiffs,

    v.

CENTRAL INTELLIGENCE AGENCY,
DEPARTMENT OF DEFENSE, DEPARTMENT
OF HOMELAND SECURITY, DEPARTMENT
OF JUSTICE, DEPARTMENT OF STATE, AND
THEIR COMPONENTS,

        Defendants.

**ECF CASE**

07 CV 5435 (LAP)

---

## DECLARATION OF GITANJALI S. GUTIERREZ

Gitanjali S. Gutierrez, pursuant to penalty of perjury under 28 U.S.C. § 1746, does hereby state the following:

1.    I am an attorney with the Center for Constitutional Rights ("CCR), one of three co-Plaintiffs in the above-captioned matter. The other co-Plaintiffs are Amnesty International USA ("AIUSA") and Washington Square Legal Services ("WSLS").

2.    Between the Plaintiffs, there are four requests filed under the Freedom of Information Act ("FOIA") at issue in this litigation. Three requests were directed to multiple government agencies, including the Department of Justice ("DOJ") and the Central Intelligence Agency ("CIA"), and the fourth was exclusively directed at the CIA.

3.    In the four requests ("Plaintiffs' Requests"), Plaintiffs sought records concerning (1) the "apprehension, transfer, detention, and interrogation" of persons who have been detained by the United States under secret or irregular conditions, (2) the locations that have been used for such detention, and (3) the names and identities of detainees.

**FOIA Requests of Co-Plaintiffs AIUSA and WSLS**

4.    Plaintiffs AIUSA and WSLS sent two requests ("AIUSA and WSLS Requests") to DOJ on April 25, 2006.  One request sought the locations and identities of secret or irregular detainees, and records related to their "apprehension, transfer, detention, and interrogation."  The other request sought memoranda of understanding, reports, and documents created related to U.S. reports to various international bodies related to ghost or unregistered detainees.  A copy of these letters from AIUSA Deputy Director Curt Goering and WSLS Co-Director of the International Human Rights Clinic Margaret L. Satterthwaite to Patricia D. Harris, Management Analyst, FOIA/PA Mail Referral Unit, DOJ are attached hereto as Attachments A and B, respectively.

5.    In a letter dated May 12, 2006, from Ronald Deacon, Director of Facilities and Administrative Services Staff, Justice Management Division, DOJ to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, DOJ acknowledged receipt of the AIUSA and WSLS Requests and informed the requesters that their requests were referred to the Office of Information and Privacy ("OIP"); the Criminal Division ("CRM"); the Federal Bureau of Investigation ("FBI"); the Office of the Inspector General ("OIG"); the Office of Intelligence Policy & Review ("OIPR"); and the Executive Office for U.S. Attorneys ("EOUSA").  A true and correct copy of this letter is attached hereto as Attachment C.

6.      In a letter dated May 25, 2006, from Melanie Ann Pustay, Deputy Director, OIP to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, OIP advised that the WSLS and AIUSA FOIA requests were incorrectly forwarded to OIP, and that since WSLS and AIUSA were also requesting documents from the FBI and OIPR, that those components would respond directly.   A true and correct copy of this letter is attached as Attachment D.

7.      In letters dated May 18, 2006, from David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, FBI to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLA, the FBI provided AIUSA and WSLS with three redacted pages of responsive documents.  A true and correct copy of these letters are attached hereto as Attachments E and F.

8.      In a letter dated July 17, 2006, AIUSA and WSLS appealed.  A true and correct copy of this letter is attached hereto as Attachment G.

9.      In a letter dated July 20, 2006, from Priscilla Jones, Chief of Administrative Staff, OIP to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, tOIP acknowledged receipt of the appeal to the FBI.  A true and correct copy of this letter is attached hereto as Attachment H.  No further response was received from the FBI.

10.     In a letter dated May 24, 2006, from William G. Stewart II, Acting Assistant Director, Freedom of Information & Privacy Staff, EOUSA to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, EOUSA acknowledged receipt of AIUSA and WSLS's requests and assigned them a file number.  Mr. Stewart also informed the requesters of EOUSA's final determination that disclosure of any responsive records would violate the

Privacy Act, 5 U.S.C. § 552a, and would be exempt under 5 U.S.C. § 552(b)(6) and/or (b)(7)(C). A true and correct copy of this letter is attached hereto as Attachment I.

11.    In a letter dated July 21, 2006, AIUSA and WSLS appealed.  A true and correct copy of this letter is attached hereto as Attachment J.

12.    In a letter dated August 3, 2006, from Priscilla Jones, Chief of Administrative Staff, OIP to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, OIP acknowledged receipt of the appeal.  A true and correct copy of this letter is attached hereto as Attachment K.

13.    In a letter dated October 30, 2006, from Daniel J. Metcalfe, Director of OIP to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, OIP advised that EOUSA had misinterpreted the FOIA request as soliciting information on specific individuals, and remanded the request to the component.  A true and correct copy of this letter is attached hereto as Attachment L.

14.    In a letter dated November 8, 2006, from William G. Stewart II, Acting Assistant Director, FOIA Privacy Staff, EOUSA to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, EOUSA acknowledged receipt of the AIUSA and WSLS request.  A true and correct copy of this letter is attached hereto as Attachment M.

15.    In a letter dated November 27, 2006, from William G. Stewart II, Acting Assistant Director, FOIA Privacy Staff, EOUSA to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, EOUSA advised that the AIUSA and WSLS request was denied, with fourteen documents withheld in full pursuant to 5 U.S.C. §§ 552(b)(2), (b)(5) & (b)(7)(C).  A true and correct copy of this letter is attached hereto as Attachment N.

16.     In a letter dated April 2, 2007, from Janice Galli McLeod, Associate Director, OIP to Kyle DeYoung, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, OIP advised Plaintiffs that on further review, a portion of one document, citing to media reports, was determined disclosable. The one redacted page, citing to a *New York Times* article on the ghost detention program, was attached to the letter. A true and correct copy of this letter is attached hereto as Attachment O.

17.     In a letter dated June 7, 2006, from GayLa D. Sessoms, FOIA Coordination, OIPR to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLA, OIPR acknowledged receipt of AIUSA and WSLS's requests and informed the requesters that their request for expedited processing was granted. A true and correct copy of this letter is attached hereto as Attachment P.

18.     In a letter dated October 30, 2006, from James Baker, Counsel for Intelligence Policy, National Security Division, DOJ to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, the National Security Division advised that OIPR had become the Office of FISA Operations and Intelligence Oversight, and refused to confirm or deny the existence of the records requested. A true and correct copy of this letter is attached as Attachment Q.

19.     In a letter dated December 22, 2006, WSLS and AIUSA appealed. A true and correct copy of this letter is attached as Attachment R.

20.     In a letter dated April 18, 2007, from Janice Galli McLeod, Associate Director, OIP to Kyle M. DeYoung, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, the OIP affirmed the National Security Division's actions. A true and correct copy of this letter is attached as Attachment S.

21.     In a letter dated June 30, 2006, from Thomas J. McIntyre, Chief of the FOIA/PA Unit, DOJ Criminal Division to Catherine K. Ronis, Wilmer Hale Attorney and formerly Counsel to AIUSA and WSLS, the Criminal Division acknowledged receipt of the WSLS and AIUSA FOIA requests. A true and correct copy of this letter is attached as Attachment T. No further response was received from the Criminal Division.

22.     No response was received from the OIG.

**FOIA Request of Co-Plaintiff CCR**

23.     Plaintiff CCR sent a FOIA request ("CCR Request") to the DOJ on December 21, 2004, and identical FOIA requests to the FBI and the OIPR. The CCR Request sought records related to various aspects of the CIA program of secret detention, including proxy detention, enhanced interrogation, and extraordinary rendition. A true and correct copy of the request from then CCR Deputy Legal Director Barbara Olshansky to the FBI is attached hereto as Attachment U.[1]

24.     In a letter dated March 4, 2005, from Ronald Deacon, Director of Facilities and Administrative Services Staff, Justice Management Division, DOJ to Barbara Olshansky, former CCR Deputy Legal Director, DOJ acknowledged receipt of the CCR Request and informed CCR that its request was referred to OIP, the Criminal Division, OIPR, and EOUSA. A true and correct copy of this letter is attached hereto as Attachment V.

25.     In a letter dated March 18, 2005, from Thomas J. McIntyre, Chief of the Freedom of Information Act/Privacy Unit, DOJ Criminal Division to Barbara Olshansky, former CCR Deputy Legal Director, the Criminal Division acknowledged receipt of the CCR request. A true and correct copy of this letter is attached hereto as Attachment W.

---

[1] The FOIA requests to DOJ and OIPR are not attached as attachments; however, aside from the addressees, these are identical to the FBI FOIA request.

6

26.     In a letter dated March 29, 2005, from James A. Baker, OIPR Counsel for Intelligence Policy to Barbara Olshansky, former CCR Deputy Legal Director, the OIPR acknowledged receipt of the CCR request and asserted that the office "neither confirm nor deny the existence of" responsive records.  A true and correct copy of this letter is attached hereto as Attachment X.

27.     In a letter dated May 31, 2005, CCR Staff Attorney Rachel Meeropol appealed OIPR's *Glomar* response.  A true and correct copy of this letter is attached hereto as Attachment Y.

28.     In a letter dated June 3, 2005, from Priscilla Jones, Chief of Administrative Staff, OIP to Rachel Meeropol, CCR Staff Attorney, OIP acknowledged receipt of CCR's appeal.  A true and correct copy of this letter is attached hereto as Attachment Z.

29.     In a letter dated July 5, 2005, from Richard L. Huff, Co-Director, OIP to Rachel Meeropol, CCR Staff Attorney, OIP affirmed OIPR's actions. A true and correct copy of this letter is attached hereto as Attachment AA.

30.     In letters dated December 30, 2004, from David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, FBI to Barbara Olshansky, former CCR Deputy Legal Director, the FBI acknowledged receipt of CCR's request and assigned it two case numbers based upon the subject of the requests, dividing the request to include records related to "treatment of detainees" and "interrogation centers for detainees" respectively.  True and correct copies of these letters are attached hereto as Attachments BB and CC.

31.     In a letter dated January 21, 2005, from David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, FBI to Barbara

Olshansky, former CCR Deputy Legal Director, the FBI informed CCR that the Office of Public Affairs ("OPA") granted CCR's request for expedited processing with respect to the portion of CCR's request defined by the FBI as seeking records related to "Interrogation Centers for Detainees." In granting expedited processing, the FBI "conclude[ed] that the subject matter of [the] request is in fact a 'matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence.'" A true and correct copy of this letter is attached hereto as Attachment DD.

32.     In a letter dated May 27, 2005, from David M. Hardy, Section Chief, Record/Information Dissemination Section, Records Management Division, FBI to Barbara Olshansky, former CCR Deputy Legal Director, the FBI provided their response to the portion of CCR's request defined by the FBI as related to "interrogation centers for detainees." The FBI located a single document consisting of three pages of redacted information.[2] A true and correct copy of this letter is attached hereto as Attachment EE. The FBI provided no response to the other portion of the CCR request, defined by the FBI as related to "treatment of detainees."

33.     In a letter dated March 15, 2005, from Marie A. O'Rourke, Assistant Director, EOUSA, Freedom of Information/Privacy Act Staff, EOUSA to Barbara Olshansky, former CCR Deputy Legal Director, EOUSA acknowledged receipt of CCR's request and assigned it three file numbers, 05-747, 05-748, and 05-749. Ms. O'Rourke also informed Plaintiff that all records were withheld on privacy grounds pursuant to 5 U.S.C. § 552(b)(6) and/or (b)(7)(C) in response to the portion of the CCR FOIA request referenced as 05-749 and defined by EOUSA as referring to "Third Parties (Unregistered Detainees and Program Violators." A true and correct copy of this letter is attached hereto as Attachment FF.

---

[2] The document was previously processed and released in another pending case, *ACLU v. DOD*, Civ. Action No. 04-4151 (AKH) (S.D.N.Y.).

34.    In letters dated May 6, 2005, from Marie A. O'Rourke, Assistant Director, Freedom of Information/Privacy Act Staff, EOUSA to Barbara Olshansky, former CCR Deputy Legal Director, EOUSA notified CCR of its final determination that no records had been revealed in response to the portions of the CCR FOIA request referenced as 05-747 and 05-748 and defined by EOUSA as referring to "Unregistered detainees (Policies Program)/Director's Ofc" and "Unregistered detainees (Policies Program)/CTD." True and correct copies of these letters are attached hereto as Attachments GG and HH.

35.    In a letter dated April 22, 2005, from Ronald Deacon, Director of Facilities and Administrative Services Staff, Justice Management Division, DOJ to Barbara Olshansky, former CCR Deputy Legal Director, DOJ informed CCR that OIP and the Criminal Division did not have any responsive records and that his office referred CCR's request to the FBI. A true and correct copy of this letter is attached hereto as Attachment II.

**Litigation**

36.    Co-Plaintiffs CCR, AIUSA and WSLS filed a joint complaint on June 7, 2007 against, *inter alia*, DOJ and the CIA.

**Co-Plaintiffs' Fourth FOIA Request**

37.    During their negotiations subsequent to the commencement of litigation, co-Plaintiffs submitted a list of specific documents known to exist and likely to be in the CIA's possession and asked that these documents be included in the *Vaughn* index but remain outside the sample. After the CIA refused to do so, in order to facilitate expeditious processing, on December 28, 2007, Plaintiffs jointly filed a separate FOIA request for these documents ("CIA Specific Documents Request"). The CIA Specific Documents Request sought seventeen specific documents known or believed to exist and be in the CIA's possession, and believed to be

responsive to Plaintiffs' original requests. A copy of the letter from WSLS Co- Director of the International Human Rights Clinic Margaret L. Satterthwaite to the CIA Information and Privacy Coordinator is attached hereto as Attachment JJ.

38.     In a letter dated January 30, 2008, from Scott Koch, CIA Information and Privacy Coordinator to Margaret L. Satterthwaite, WSLS Co-Director of the International Human Rights Clinic, the CIA approved the fee waiver request and denied expedited processing for Plaintiffs' CIA Specific Documents request. A copy of this letter is attached hereto as Attachment KK.

39.     After receiving no substantive response to the CIA Specific Documents Request despite numerous inquiries, Plaintiffs' amended their Complaint on June 6, 2007 to include this request in the above-captioned litigation, with consent by the CIA. April 21, 2008 Stipulation and Order Between Plaintiffs and the Central Intelligence Agency Regarding Procedures for Adjudicating Summary Judgment Motions ("Stipulation"), ¶ 19, attached as Exhibit H to Declaration of Ralph J. DiMaio, CIA Motion for Summary Judgment.

40.     Despite repeated requests since June 6, 2007, Plaintiffs have not received a response to their CIA Specific Documents Request and the parties have been unable to reach an agreement concerning the timing of the processing of this request pursuant to ¶ 19 of the Stipulation.

41.     Per Local Civil Rule 6.1(d), I state that no prior request for the same or similar relief has been made.


Dated: July 18, 2008
       New York, NY


                                        GITANJALI S. GUTIERREZ

10