# Attachment K




*Recd. Aug 7, 06*

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

AUG − 3 2006

Ms. Catherine K. Ronis
Wilmer, Cutler, Pickering, Hale & Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

     Re: Request No. 06-1500

Dear Ms. Ronis:

     This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on July 26, 2006.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-2647**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                         Sincerely,

                         Priscilla Jones
                         Chief, Administrative Staff

# Attachment L

*Received 11/2/06*
*QS.*



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                                    *Washington, D.C. 20530*

**OCT 3 0 2006**

Catherine K. Ronis, Esq.
Wilmer, Cutler, Pickering,
  Hale & Dorr, LLP                              Re:    Appeal No. 06-2647
1875 Pennsylvania Avenue, NW                              Request No. 06-1500
Washington, DC  20006                                    BVE:CL

Dear Ms. Ronis:

    You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to records pertaining to United States Government policies
and procedures for managing security detainees.  I see that EOUSA initially misinterpreted your
April 25, 2006 request letter to be a request for records on specific individuals held as security
detainees by the United States Government.

    After carefully considering your appeal, I am remanding your request to EOUSA for a
correct search for responsive records.  If EOUSA locates responsive records through this search,
it will send any and all releasable portions of them to you directly, subject to any applicable fees.
You may appeal any future adverse determination made by EOUSA.

    If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                     Sincerely,

                                     Daniel J. Metcalfe
                                     Director

# Attachment M

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

NOV - 8 2006

Request Number: 06-3655                    Requester: Catherine K. Ronis

Subject:  "Ghost" Detainees (policies)

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number. Please give us this number if you write about your request.  If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process.  Requests for "all information about myself in criminal case files" are usually Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver.  Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you.  Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.  Please do not send any payment at this time!  If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees.  After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you.  Without such payment, your request file will be closed without further action.

Sincerely,

*William G. Stewart*

William G. Stewart II
Acting Assistant Director

Form No. 001 -6/05

# Attachment N

*Received 11/24/06*

*a9.*

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

NOV 2 7 2006

Requester: Catherine K. Ronis                    Request Number: 06-3566

Subject of Request: "Ghost" Detainees (policies)

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [   ] partial release [ X ] full denial.

Enclosed please find:

___ page(s) are being released in full (RIF);
___ page(s) are being released in part (RIP);
14 page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

Section 552                                                      Section 552a

[   ] (b)(1)      [   ] (b)(4)      [   ] (b)(7)(B)          [   ] (j)(2)
[ X ] (b)(2)      [ X ] (b)(5)      [ X ] (b)(7)(C)          [   ] (k)(2)
[   ] (b)(3)      [   ] (b)(6)      [   ] (b)(7)(D)          [   ] (k)(5)
_____      [   ] (b)(7)(A)   [   ] (b)(7)(E)          [   ] _____
_____                       [   ] (b)(7)(F)

[   ] In addition, this office is withholding grand jury material which is retained in the District.

Form No. 021- no fee - 2/06

[  ]    A review of the material revealed:

[ ]     _ page(s) originated with another government component.  **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:

[   ]    There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[   ]    Please note that your original letter was split into separate files ("requests"), for processing purposes, depending on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

This is the final action on this above-numbered request.  You may **appeal** this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure(s)

(Page 2 of 2)

Form No. 021 - no fee -2/061/06

## EXPLANATION OF EXEMPTIONS

### FOIA: TITLE 5, UNITED STATES CODE, SECTION 552

(b) (1)    (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information complied in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

# Attachment O



**U.S. Department of Justice**

Office of Information and Privacy

_____

Telephone: (202) 514-3642                              Washington, D.C. 20530


APR - 2 2007


Kyle DeYoung, Esq.
Wilmer, Cutler, Pickering, Hale and Dorr, LLP     Re:     Appeal No. 07-0516
1875 Pennsylvania Avenue, NW                                Request No. 06-3655
Washington, DC  20006                                       JTR:SJV

Dear Mr. DeYoung:

      You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to records pertaining to what have been termed "ghost
detainees."

      After carefully considering your appeal, and as a result of discussions between EOUSA
personnel and a member of my staff, I am releasing to you a portion of one page of the
responsive document, a copy of which is enclosed.

      The page being released in part is page five of fourteen of the Homeland Security and
Terrorism Summary for December 2, 2005. This document is a collection of summaries and
citations to public sources consisting mainly of newspaper articles, non-governmental
organizations' publications, publicly available police reports, and similar publications.
Additionally, the document contains some internal law enforcement agencies' brief reports on
terrorism related activities. Following discussions between EOUSA and a member of my staff, I
have determined that portions of the enclosed page, as well as the remaining thirteen pages of the
document, are non-responsive to your request. See, e.g., St. Andrews Park, Inc. v. U.S. Dep't. of
the Army Corps of Eng'rs, 299 F. Supp. 2d, 1264 (S.D. Fla. 2003) (determining that in a long
string of e-mail communications, each e-mail is a separate document).

      If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552a(a)(4)(B).

                                         Sincerely,


                                         Janice Galli McLeod
                                         Associate Director


Enclosure

NON - RESPONSIVE

**(U) Rights Group Lists 26 It Says U.S. Is Holding in Secret Abroad**
**(U)** Human Rights Watch has released a list of 26 "ghost detainees" it says are being held
incommunicado by the United States at secret foreign prisons. Source: New York Times
<http://www.nytimes.com/2005/12/02/international/europe/02detainees.html?th&emc=th> - Dec 2,
05. Link to list: Human Rights Watch
<http://hrw.org/english/docs/2005/11/30/usdom12109_txt.htm>.

NON - RESPONSIVE

# Attachment P

**U.S. Department of Justice**

Office of Intelligence Policy and Review

_____

*Washington, D.C. 20530*

JUN ~7 2006

Catherine K. Ronis
Counsel to Amnesty International USA
WilmerHale
2445 M Street, NW
Washington DC 20037

Re: FOIA/PA # 06-32 & 06-33

Dear Ms. Ronis:

This is to acknowledge receipt of your letters dated April 25, 2006 seeking access to (1) records concerning the "apprehension, transfer, detention, and interrogation of ghost detainees/prisoners, unregistered detainees/prisoners, CIA detainees/prisoners and Other Governmental Agency Detainees, and (2) any memorandum of understanding, or other record reflecting an agreement or proposed agreement between agencies, or between any agency and any subdivision or official, concerning the handling of ghost or unregistered detainees." You also requested expedited processing of your Freedom of Information Act requests, and the Office of Public Affairs granted your request for expedited treatment. Accordingly, your request will be reviewed ahead of others routinely processed on a first-in, first-out basis.

If you have any questions concerning your request, feel free to contact me on (202) 616-5460.

Sincerely,

GayLa D. Sessoms
FOIA Coordinator

# Attachment Q

*Received 11/1/06*

*25*



**U.S. Department of Justice**

National Security Division

---

*Washington, D.C. 20530*

OCT 30 2006

Catherine K. Ronis
Wilmer Hale
2445 M Street, NW
Washington, DC 20037

Re: FOIA/PA # 06-32 and 06-33

Dear Ms. Ronis:

    This responds to your April 25, 2006 Freedom of Information Act (FOIA) requests to the Office of Intelligence Policy and Review (OIPR) seeking access to (1) records concerning the "apprehension, transfer, detention, and interrogation of ghost detainees/prisoners, unregistered detainees/prisoners, CIA detainees/prisoners and Other Governmental Agency Detainees, and (2) any memorandum of understanding, or other records reflecting an agreement or proposed agreement between agencies, or between any subdivision or official, concerning the handling of ghost or unregistered detainees." You also requested expedited processing of your FOIA request and a waiver of processing fees. Both requests were granted and your request has been reviewed ahead of others routinely processed on a first-in, first-out basis without any cost to you.

    The Office of FISA Operations and Intelligence Oversight (formerly OIPR) provides advice to the Attorney General and United States intelligence agencies regarding questions of law and policy that relate to U.S. intelligence activities; performs review functions of certain intelligence activities; and prepares and presents applications for electronic surveillance and physical search to the United States Foreign Intelligence Surveillance Court pursuant to the Foreign Intelligence Surveillance Act (FISA). We maintain copies of all FISA applications, as well as requests for approval of various foreign intelligence and counterintelligence collection techniques such as physical searches. However, we did not search these records in response to your request because the existence or nonexistence of such records on specific persons or organizations is properly classified under Executive Order 12958, as amended. To confirm or deny the existence of such materials in each case would tend to reveal which persons or organizations are the subjects of such requests. Accordingly, we can neither confirm nor deny the existence of records responsive to your request pursuant to 5 U.S.C. § 552(b)(1).

We have conducted a search of our policy files as well as the electronic communications (e-mail) and office files of senior management and did not locate any records responsive to your request. If you are not satisfied with this response you may administratively appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. Both the letter and envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

James A. Baker
Counsel for Intelligence Policy