# Exhibit C

WILMERHALE

November 30, 2007

Kyle M. DeYoung

+1 202 663 6785 (t)
+1 202 663 6363 (f)
kyle.deyoung@wilmerhale.com

**Via Facsimile**

The Honorable Loretta A. Preska
United States District Court Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: *Amnesty International USA v. Central Intelligence Agency, et al.*, 07 Civ. 5435 (LAP)

Dear Judge Preska:

We represent plaintiffs Amnesty International USA ("Amnesty"), Washington Square Legal Services ("WSLS"), and the Center for Constitutional Rights ("CCR") in the above-captioned matter. Pursuant to the Freedom of Information Act ("FOIA"), plaintiffs have requested records from several federal agencies concerning the rendition and secret detention of individuals in connection with the U.S. government's anti-terrorism efforts. Although three years have now passed since CCR submitted its FOIA request, and more than eighteen months have passed since Amnesty and WSLS submitted their joint requests, several agencies have yet to complete even an initial processing of plaintiffs' requests. Plaintiffs filed the present action on June 7, 2007 in an effort to ensure that defendant agencies promptly process plaintiffs' requests and release responsive records, as required by law.

On October 24, 2007, this Court held a scheduling conference and directed the parties to try to reach agreement on the schedule for each agency to complete the processing of plaintiffs' requests, including providing a *Vaughn* index of records claimed to be exempt from disclosure, and for summary judgment briefing where necessary. Plaintiffs consented to the government's request that this Court extend the deadline for filing the parties' updates until November 30, 2007.

The purpose of this letter is to apprise the Court of the parties' progress in reaching agreement on scheduling-related issues. We are pleased to report that the parties have reached agreement on processing and briefing schedules for the Department of Homeland Security. A list of agreed-upon dates is attached. A number of important issues, however, remain unresolved. Although further negotiation between the parties may well produce agreement on some of these issues, plaintiffs believe that guidance from the Court may be necessary on other issues in order to ensure that the processing of plaintiffs' FOIA requests is not subject to further delay. Despite lengthy negotiations with the government regarding the CIA, a disagreement regarding the processing of certain files has prevented us from reaching a final agreement at this time. In addition, plaintiffs remain deeply concerned about the slow pace of the Department of State and Department of Defense. We discuss each agency in turn.

WILMERHALE

The Honorable Loretta A. Preska
November 30, 2007
Page 2

## DEPARTMENT OF HOMELAND SECURITY

Plaintiffs Amnesty and WSLS filed two FOIA requests with the DHS in April 2006. The first request seeks records pertaining to rendition and secret detention (the "General Request"). The second request focuses specifically on records pertaining to certain memoranda and reports relating to ghost detainees (the "Specific Request"). Plaintiff CCR did not file a FOIA request with the DHS.

The DHS and its component agencies initially responded that they had failed to locate any records responsive to either request, except for a single document found at a Customs and Border Patrol sub-office. In our preliminary discussions with the government in September of this year, the parties tentatively agreed to summary judgment briefing on the DHS no-records determinations starting on November 30. However, on October 19, 2007, the government informed plaintiffs' that the DHS had recently discovered thousands of records responsive to plaintiffs' Specific Request in offices that the agency had apparently failed to search during its initial processing efforts. Given the number of records involved, the government stated that it would be unable to complete the processing of the Specific Request or produce a *Vaughn* index by November 30. As a result, the parties have agreed to a bifurcated briefing schedule for the DHS.

The General Request

Plaintiffs believe that the DHS possesses records that are responsive to the General Request beyond the single redacted record it released and that the DHS has not properly interpreted the General Request or conducted a reasonable search for responsive records. Accordingly, the parties have agreed to brief the adequacy of the agency's response to plaintiffs' General Request on the following schedule:

November 30, 2007:  Defendant's brief in support of motion for summary judgment due
January 4, 2008:    Plaintiffs' opposition (and brief in support of cross-motion for summary judgment) due
February 4, 2008:   Defendant's opposition/reply brief due
February 15, 2008:  Plaintiffs' reply brief due

In an effort to focus this round of briefing on those DHS component entities for which a failure to locate responsive records is most troubling, plaintiffs have stipulated that we will not challenge the adequacy of the searches conducted by two DHS components—U.S. Citizenship and Immigration Services and the Coast Guard. Plaintiffs have also agreed not to litigate the exemptions claimed on the single DHS document that the agency has located and released (in partially redacted form).

WILMERHALE

The Honorable Loretta A. Preska
November 30, 2007
Page 3

Plaintiffs had hoped that it would be possible to avoid litigating the adequacy of the agency's response to the General Request entirely by having the DHS conduct a limited supplemental search for responsive documents. Specifically, at the government's request, plaintiffs provided the DHS with a short list of specific records known or believed to be in the possession of the agency which the DHS has failed to locate. The DHS, however, declined to search for those records and instead took the position that the records on plaintiffs' list did not fall within the scope of plaintiffs' request. This issue will be addressed in greater detail in the parties' summary judgment briefing.

<u>The Specific Request</u>

The parties have agreed that the DHS will complete its processing of the Specific Request and provide a *Vaughn* index to plaintiffs by February 29, 2008. The parties intend to enter into discussions at that time in an attempt to narrow the issues that will be presented to the Court at summary judgment. Summary judgment briefing will then proceed on the following schedule:

| | |
|---|---|
| March 14, 2008: | Defendant's brief in support of motion for summary judgment due |
| April 14, 2008: | Plaintiffs' opposition (and brief in support of cross-motion for summary judgment) due |
| May 14, 2008: | Defendant's opposition/reply brief due |
| May 28, 2008: | Plaintiffs' reply brief due |

In order to facilitate the prompt processing of the request, the parties have agreed that the DHS will be required to provide detailed justifications for only a representative sample of the records it withholds (400 records out of approximately 1500 records withheld). The parties intend to set out the details of their scheduling and sampling agreement in a joint stipulation.

Finally, the government has indicated that some of the records located by the DHS in response to plaintiffs' Specific Request are releasable in full. However, although the agency's search was completed at least six weeks ago, the DHS has thus far failed to disclose any of these records to plaintiffs or commit to a specific release date. If the DHS does not release these documents in the very near term, plaintiffs respectfully submit that the Court's assistance may be necessary to assure prompt disclosure.

**CENTRAL INTELLIGENCE AGENCY**

After lengthy negotiations, the parties have regrettably been unable to agree to a schedule for the CIA to complete its processing of plaintiffs' requests. The parties had reached a tentative agreement regarding the CIA, but an apparent misunderstanding between the plaintiffs and the government regarding certain CIA files has prevented this agreement from becoming final.

WILMERHALE

The Honorable Loretta A. Preska
November 30, 2007
Page 4

Under the tentative agreement, CIA would commit to complete its processing of the requests and provide plaintiffs with a *Vaughn* index of 250 sampled documents by March 31, 2008. The parties intended to enter into discussions at that time in an attempt to narrow the issues that will be presented to the Court at summary judgment. To help narrow those issues, the parties also agreed that the CIA need not include in its sampling population those records that are within the population of records at issue in the *ACLU* FOIA litigation currently pending in this Court before Judge Hellerstein.

The parties further agreed that summary judgment briefing would proceed on the following schedule:

| | |
|---|---|
| April 14, 2008: | Defendant's brief in support of motion for summary judgment due |
| May 14, 2008: | Plaintiffs' opposition (and brief in support of cross-motion for summary judgment) due |
| June 13, 2008: | Defendant's opposition/reply brief due |
| June 27, 2008: | Plaintiffs' reply brief due |

In addition, Plaintiffs had informed the government that they intend to file an additional FOIA request with the CIA seeking a small number of specific documents that are known or believed to be in the CIA's possession. Plaintiffs decided to take this step after the CIA refused to provide assurances that the agency would include these specific documents in its *Vaughn* index. Plaintiffs' have agreed to copy the government on their request with the understanding that the government will help to shepherd the request through the administrative process with an eye toward litigating any disputed issues as part of the agreed-upon CIA briefing schedule.

The misunderstanding that has prevented the finalization of this agreement concerns open investigation files of the CIA Office of Inspector General ("OIG"). Both parties understood that the CIA has not processed the OIG open investigation files as part of its response to plaintiffs' requests and that the CIA will not include these documents in the population of records to be sampled under the tentative agreement. The government thought that this understanding indicated that plaintiffs had agreed not to challenge the CIA's decision to exclude these records from processing at any time. However, plaintiffs thought that this dispute was a merits issue related to the adequacy of the agency's response and that it would be addressed at the summary judgment briefing stage.

Regrettably, the parties did not discover the extent of this misunderstanding until today. After both parties made their respective positions clear, the government indicated that the CIA is likely not willing to proceed with the processing of plaintiffs' request as had been tentatively agreed before this issue came to light. It is plaintiffs' view that this dispute should not impact, and certainly should not further delay, the CIA's processing of responsive records that it has already compiled. We agreed to continue our negotiations regarding the CIA next week. If the parties

**WILMERHALE**

The Honorable Loretta A. Preska
November 30, 2007
Page 5

are unable to reach an agreement in the near future, plaintiffs respectfully submit the Court's assistance may be necessary to assure prompt processing of plaintiffs' request.

## DEPARTMENT OF STATE

The parties have not reached agreement on a schedule for the DOS. There are two areas of particular concern to plaintiffs, and we respectfully submit that the Court's intervention may be necessary to ensure that the agency honors its statutory obligations.

First, plaintiffs have been informed that the DOS does not intend to finish processing plaintiffs' FOIA requests until the end of July 2008—some nine months from now. The DOS had suspended its search pending a commitment from plaintiffs Amnesty and WSLS to pay the necessary processing fees. Plaintiffs provided that commitment on October 29, 2007. CCR's request, which was filed three years ago, has never been affected by the fee issue. Yet plaintiffs have been told that approximately two thirds of the relevant DOS offices still have not been searched in response to the CCR request and that no documents will be released, pursuant to any of the requests, before the July 2008 date mentioned above. In our view, these lengthy delays are entirely inconsistent with both the letter and spirit of FOIA and require a judicial remedy.

Second, plaintiffs have serious concerns about whether the DOS is interpreting plaintiffs' FOIA requests in good faith and conducting a reasonable search for responsive records. At the government's request, and in an effort to facilitate the efficient processing of plaintiffs' requests, plaintiffs drafted a consolidated guidance document for the DOS to use in place of the separate CCR and Amnesty/WSLS general requests. The DOS, however, rejected the guidance document, explaining, without any elaboration or suggestions for revision, that the document expanded the scope of plaintiffs' requests. Plaintiffs strongly believe that the document did no such thing and fear that the agency's decision to reject the document means that the DOS is now conducting its search based upon an erroneous and unduly narrow reading of plaintiffs' requests. Plaintiffs have made clear that we would like to resolve any disputes regarding the agency's interpretation of the requests before the DOS completes its searches for responsive documents. Otherwise the agency's conduct will cause significant inefficiencies and could result in even further delay because the agency may ultimately need to conduct an entirely new search to locate records that it wrongly excluded the first time around.

Plaintiffs expect a response from the government addressing the DOS's interpretation of plaintiffs' requests in the next week and hope that the parties can reach agreement. However, Plaintiffs respectfully submit that it may be necessary for the Court to help assure the speedy and accurate processing of plaintiffs' requests if the parties are unable to resolve these issues in the near future.

WILMERHALE

The Honorable Loretta A. Preska
November 30, 2007
Page 6

### DEPARTMENT OF JUSTICE

The parties have engaged in only limited discussion regarding the DOJ and have not agreed to a processing schedule. Plaintiffs understand that the DOJ continues to process their requests, but plaintiffs have not received an estimated completion date. Plaintiffs' position is that the lengthy delays in processing their requests are unacceptable and that the DOJ should be required to complete its processing as promptly as possible. We anticipate that DOJ scheduling issues will be subject to future negotiations between the parties.

The parties have agreed that the DOJ will include in its *Vaughn* index three Office of Legal Counsel memoranda, the existence of which was recently acknowledged by the government in the *ACLU* FOIA litigation.

### DEPARTMENT OF DEFENSE

The parties have engaged in only limited discussion of the DOD and have not agreed to a processing schedule. Plaintiffs have received no estimate of when the DOD will complete its search but understand that the government plans to include an update on the DOD in its report to the Court. Plaintiffs' position is that the agency's lengthy processing delays are unacceptable and that the DOD should be required to complete its search as promptly as possible.

We look forward to receiving further guidance from the Court on these outstanding issues.

Sincerely,

Kyle DeYoung
WilmerHale

Margaret Satterthwaite
International Human Rights Clinic
Washington Square Legal Services, Inc.

Emi Maclean
Center for Constitutional Rights, Inc.

WILMERHALE

The Honorable Loretta A. Preska
November 30, 2007
Page 7

cc:  Jeannette Vargas, Esq.
     Brian Feldman, Esq.
     Emily Daughtry, Esq.
     United States Attorney's Office
     Southern District of New York
     86 Chambers Street
     New York, NY 10007

WILMERHALE

The Honorable Loretta A. Preska
November 30, 2007
Page 8

## NEGOTIATED BRIEFING DATES

| Date | Filing |
|---|---|
| November 30, 2007: | Defendant's brief in support of motion for summary judgment on DHS general request issues |
| January 4, 2008: | Plaintiffs' opposition (and brief in support of cross-motion for summary judgment) on DHS general request issues |
| February 4, 2008: | Defendant's opposition/reply brief on DHS general request issues |
| February 15, 2008: | Plaintiffs' reply brief on DHS general request issues |
| February 29, 2008: | *Vaughn* index for DHS specific request |
| March 14, 2008: | Defendant's brief in support of motion for summary judgment on DHS specific request issues |
| April 14, 2008: | Plaintiffs' opposition (and brief in support of cross-motion for summary judgment) on DHS specific request issues; |
| May 14, 2008: | Defendant's opposition/reply brief on issues DHS specific request issues; |
| May 28, 2008: | Plaintiffs' reply brief on DHS specific request issues |