*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*

*New York, New York 10007*

July 30, 2008

BY HAND
Hon. Loretta A. Preska
United States District Judge
United States District Courthouse
500 Pearl Street
New York, New York 10007

      Re: <u>Amnesty International USA v. Central Intelligence Agency</u>, 07 CV 5435 (LAP)

Dear Judge Preska:

      In accordance with the Court's instructions during the telephonic status conference held on July 22, 2008, the United States Department of Justice ("DOJ") and the Central Intelligence Agency ("CIA") respectfully submit this letter brief in opposition to the plaintiffs' motion for a preliminary injunction. Moreover, the Government further submits this letter pursuant to Section 2.A of Your Honor's Individual Practices, in order to request a pre-motion conference in anticipation of the filing of a motion for a partial stay of processing of the Supplementary CIA FOIA Request, or alternatively, leave from the Court to file its motion for a stay immediately, without the need for a pre-motion conference.

      The instant litigation initially involved three separate Freedom of Information Act ("FOIA") requests that were submitted to the United States Department of Defense ("DOD"), the United States Department of State (the "State Department"), DOJ, CIA and the United States Department of Homeland Security ("DHS") (collectively, the "Government") between December 2004 and April 2006 (the "Initial Requests"). Less than two months ago, on June 6, 2008, plaintiffs amended their complaint to add an additional claim regarding a FOIA request submitted to CIA on or about December 28, 2007, in which plaintiffs sought seventeen specific records or categories of records (the "Supplementary CIA FOIA Request"). The Government filed its answer to the amended complaint on June 20, 2008.

      To date, the Government has completed its processing of more than 10,000 records responsive to the Initial Requests. The Government has provided the plaintiffs with three separate *Vaughn* indices, totaling more than 500 pages and describing 700 records, has filed two motions for summary judgment, and has provided the Court with in excess of 15 declarations in support of those motions. All issues pertaining to DHS's response have either been adjudicated or resolved consensually between the parties. Moreover, with the exception of a single request for a one-week extension of time, the Government has met each of the numerous negotiated deadlines in this litigation. Indeed, summary judgment briefing with respect to CIA's response to the Initial Requests would now be complete, and the issues raised by that motion fully submitted to the Court, had plaintiffs not requested a two-month extension of time for the filing of their opposition brief, due to the withdrawal of their counsel.

In essence, through the guise of a preliminary injunction motion, the relief plaintiffs are seeking is for this Court to set a schedule for summary judgment briefing. Plaintiffs maintain that they require the extraordinary relief of a preliminary injunction in order to obtain timely disclosure of documents from DOJ and CIA responsive to the Initial Requests. *See* Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction Compelling DOJ and the CIA to Complete Processing of Plaintiffs' FOIA Requests ("Memo") at 9-15. As the Government informed both the plaintiffs and the Court in its status report of November 2007, most of the records identified by DOJ as responsive to the FOIA requests are classified and withheld pursuant to Exemption 1. Similarly, the Government has also informed the plaintiffs that CIA has asserted a *Glomar* response with respect to the majority of the Supplementary CIA FOIA Request. Accordingly, the issue with which the parties are presently grappling is not when DOJ and CIA will release a substantial number of responsive records to the plaintiffs,[1] but when these agencies will be prepared to file summary judgment motions justifying their withholdings.

Moreover, as detailed below, plaintiffs' motion for a preliminary injunction is at odds with the negotiated agreements that have governed the scheduling of summary judgment motions in this litigation. Plaintiffs' papers simply fail to mention that, in October 2007, it was plaintiffs who explicitly elected to prioritize the processing and briefing of CIA records over those of DOJ. Relying in good faith upon the agreement reached with the plaintiffs regarding prioritization, the Government committed to an aggressive schedule for completing the processing of records located by CIA and for filing CIA's summary judgment motion, based upon its understanding that issues related to DOJ would await the completion of CIA briefing.

In light of this record, and for the reasons set forth below, plaintiffs' accusations of unreasonable delay are unfounded and, and the motion for a preliminary injunction should be denied. Instead, the Government respectfully submits that the Court adopt the summary judgment briefing schedule proposed herein.

**I.    The Government's Proposed Schedule for Summary Judgment Briefing Concerning CIA's Response to the Supplementary CIA FOIA Request**

In their preliminary injunction motion, plaintiffs seek an order requiring CIA to process the Supplementary CIA FOIA Request within 20 days of the date of the order, and to provide the plaintiffs with declarations and a *Vaughn* index stating the justification for any withholdings within 30 days of the date of the order. As explained in more detail below, the Government respectfully requests that the Court deny this motion, and instead enter an order providing that CIA's summary judgment motion with respect to its response to the Supplementary CIA FOIA Request, except for its response to two distinct categories of the request, will be due on October 31, 2008.

As an initial matter, plaintiffs' precipitous filing of the instant preliminary injunction motion with respect to the Supplementary CIA FOIA Request was unwarranted and unnecessary.

---

[1] Based upon a preliminary review of the documents identified by DOJ as responsive to the Initial Requests, it would appear that the only documents that potentially may be released to the plaintiffs are media reports, court filings, and other publicly available materials.

On June 13, 2008, more than a month before the plaintiffs filed the instant motion, the Government informed the plaintiffs that CIA would complete its processing of the Supplementary CIA FOIA Request, and would be prepared to file a summary judgment brief with respect to its response to that request, in late October. The Government received no response from the plaintiffs to this proposal, other than the filing of the instant motion.

      The late October date proposed informally by the Government to plaintiffs is reasonable. As the Government has informed the plaintiffs, with respect to the majority of the seventeen categories of records sought by the plaintiffs, CIA is asserting a *Glomar* response, pursuant to which it will neither confirm nor deny the existence of responsive records. *See, e.g.*, *Phillippi v. CIA*, 546 F.2d 1009, 1011-12 (D.C. Cir. 1976).[2] With respect to five of the remaining six categories, however, CIA is still in the process of searching for responsive records, with the exception of two categories of records addressed *infra*.[3] CIA therefore requires some additional time to complete its search and then to conduct a classification review and otherwise process any responsive records that it locates. CIA estimates that it can complete its search for, and processing of, responsive records, as well as prepare declarations supporting any withholdings from such documents, within the next twelve weeks.

      Moreover, in determining a reasonable schedule for summary judgment briefing regarding the Supplementary CIA FOIA Request, it bears noting that CIA's opposition to plaintiff's pending cross-motion for summary judgment with respect to the Initial Requests is currently due on August 29, 2008. As discussed in more detail *infra*, that summary judgment motion will potentially resolve the majority of the substantive issues raised by this FOIA litigation. As a practical matter, the Government cannot feasibly turn to briefing a second summary judgment motion until its opposition papers are filed on August 29.

      Plaintiffs' sole justification for seeking an earlier summary judgment date is that it would allow the Court to adjudicate it jointly with CIA's pending motion for summary judgment with respect to the Initial Requests. *See* Memo at 16. Plaintiffs assert, without explanation, that it would cause them "significant hardships" to litigate the two CIA summary judgment motions

---

[2] Specifically, CIA is asserting *Glomar* responses with respect to all of the categories except numbers 1, 2 and 11-14.

[3] Although the Government does not subscribe to the plaintiffs' characterization of this record, the Government believes that plaintiffs intend to describe the CIA Office of the Inspector General's May 7, 2004 Special Review Report ("Special Review") in category 1 of the Supplementary CIA FOIA Request. As we have previously informed the plaintiffs, this record has already been released in redacted form to plaintiff CCR in another case, *American Civil Liberties Union v. Dep't of Defense*, No. 04 Civ. 4151 (AKH). The propriety of the redactions of that document have been the subject of extensive litigation in that case, including an *in camera* review by Judge Hellerstein. As the parties have stipulated that CIA's withholding of records that have been the subject of litigation in *ACLU v. DOD* will not be relitigated in this action, *see* Stipulation at ¶ 1, and as CCR is a plaintiff in the *ACLU* action, the Government understands that any withholding of information from the Special Review will not be litigated in the present action.

separately. *Id.*

It is unclear how plaintiffs' proposed schedule, however, would result in the Court's joint adjudication of the two separate CIA motions for summary judgment. CIA filed its motion for summary judgment with respect to the Initial Requests in April 2008. That motion will be fully submitted on September 15, 2008. Even under plaintiffs' proposed schedule, it would be many months before briefing with respect to the Supplementary CIA FOIA Request would be completed. If plaintiffs were seriously interested in having these motions heard together, it is difficult to understand why they waited until June 2008 — more than two months after CIA had filed its motion for summary judgment pursuant to a schedule that had been negotiated in January 2008 — to amend their complaint to include a challenge to CIA's response to the Supplementary CIA FOIA Request.[4]

In any event, plaintiffs offer no explanation for why summary judgment briefing for these distinct motions should be joined. The two motions will address entirely different issues. CIA's pending motion for summary judgment concerns CIA's justification for its withholding of documents responsive to the Initial Requests under various FOIA exemptions, principally Exemptions 1, 3, 5 and 7(A). In contrast, CIA's contemplated summary judgment motion with respect to the Supplementary CIA FOIA Request will focus on the propriety of CIA's *Glomar* responses. Plaintiffs have made no showing as to what "significant hardship" they would face if these motions are not heard together.

There has been one recent development regarding CIA's response to the Supplementary CIA FOIA Request of which the Government wishes to advise the Court. The Government, on behalf of John H. Durham, who has been appointed the Acting United States Attorney for the Eastern District of Virginia with respect to the federal criminal investigation into the destruction of certain videotaped interrogations of detainees by CIA, intends to file a motion for a partial stay of CIA's processing of the Supplementary CIA FOIA Request. Specifically, the Government will be seeking a stay with respect to CIA's search for and processing of documents responsive to categories 11 and 13, as that processing could interfere with the pending federal criminal investigation.

The Government does not anticipate that this stay application will have any effect on the parties' ability to adjudicate CIA's response to the remaining fourteen categories of the Supplementary CIA FOIA Request. Moreover, regardless of whether the Government's partial stay motion is granted, CIA is prepared to go forward with summary judgment briefing with respect to the Supplementary CIA FOIA Request on October 31, 2008. In the event that the Government's application for a partial stay is denied, however, CIA would need to begin its search for responsive documents shortly in order to meet this deadline. Accordingly, the Government respectfully requests leave from this Court to file its motion for a stay without the need for a pre-motion conference, and an expedited schedule for resolving its stay application, so that this issue may be resolved as soon as possible.

---

[4] The plaintiffs could have amended their complaint to add their claim regarding the Supplementary CIA FOIA Request at any time after January 29, 2008. *See* 5 U.S.C. § 552(a)(6)(C)(i).

Accordingly, with respect to the Supplementary CIA FOIA Request, the Government respectfully requests that the Court deny the instant motion for a preliminary injunction. Further, the Government respectfully proposes that the Court enter a scheduling order pursuant to which CIA would file its summary judgment motion with respect to the Supplementary CIA FOIA Request by October 31, 2008, excepting those two categories of the Supplementary CIA FOIA Request for which the Government intends to seek a stay of processing.

II.   **The Government's Proposal for Adjudicating Issues Arising in Connection with DOJ's Response to the Initial Requests**

Plaintiffs also seek an order requiring DOJ to complete its processing of the Initial Requests within 20 days of the date of the order, and to provide the plaintiffs with declarations and a *Vaughn* index stating the justification for any withholdings within 30 days of the date of the order. The Government respectfully requests that the Court deny this aspect of plaintiffs' motion as well.

A.   **DOJ Has Not Unreasonably Delayed in Processing the Initial Requests**

In September and October 2007, the parties engaged in a protracted series of negotiations to determine how best to proceed with respect to the myriad issues raised by this litigation. Given the nature of the subject FOIA requests, and the classified nature of the responsive documents, the focus at these early meetings was not on the processing of documents to be released to the plaintiffs, but rather on the order in which the five defendant agencies would file motions for summary judgment justifying their withholding of records. As DHS was already prepared to move forward, it was agreed that the DHS summary judgment briefing would proceed first.

With respect to DOJ, the Government informed the plaintiffs in these September and October meetings that, after the DHS summary judgment briefing was complete, the Government would be prepared to file summary judgment motions with respect to either CIA or DOJ. The Government indicated, however, that it would not be able to proceed with summary judgment motions for both agencies simultaneously. The Government offered to prioritize the processing and summary judgment briefing for whichever of those two agencies the plaintiffs preferred.

The reasons for the Government's position were twofold. First, given the nature of the subject FOIA requests, the vast majority of the responsive DOJ records were to be referred to CIA for processing, as CIA was the original classifying authority for the information contained in the records. *See* 28 C.F.R. § 16.4(e) ("Whenever a request is made for a record containing information that has been classified . . . the receiving component shall refer the responsibility for responding to the request regarding that information to the component or agency that classified the information . . . ."). Accordingly, the complex and time-consuming work of conducting classification reviews, as well as preparing a *Vaughn* index and/or supporting declarations with respect to the Exemption 1 withholdings, would fall primarily upon CIA for both sets of motions. Second, given the number of documents and the complexity of the issues involved, counsel for the Government could not commit itself to filing two summary judgment briefs simultaneously.

Plaintiffs subsequently informed the Government that it chose to prioritize the briefing of the CIA summary judgment motion over that of DOJ.

The Government informed the Court of the parties' agreement regarding the order of briefing, both at the status conference held on October 24, 2007, and in our November 30, 2007, status letter to the Court, which is attached as Exhibit A to this letter. This agreement then was memorialized in the Stipulation and Order Between Plaintiffs and the Central Intelligence Agency Regarding Procedures for Adjudicating Summary Judgment Motions, which was entered on June 9, 2008 ("Stipulation"). Pursuant to the terms of the Stipulation, which had been agreed to in principle in the fall of 2007, CIA committed its resources to processing approximately 10,000 classified records. CIA met each of its processing deadlines, providing the plaintiffs with two separate *Vaughn* indices, describing a total of 300 sampled records, and filing its motion for summary judgment on April 21, 2008. That motion is scheduled to be fully submitted on September 15, 2008.

At the October 24, 2007 status conference, the Court instructed the parties to consensually negotiate a schedule for briefing issues related to DOJ. In that regard, it was the Government, and not the plaintiffs, who first raised the issue of DOJ scheduling in a conference call that took place on June 4, 2008. Indeed, from November 2007 until June 2008, the plaintiffs did not once seek an update from the Government as to the status of DOJ's processing of records, nor did they seek to negotiate a schedule for the briefing of a DOJ summary judgment motion. During the June 4 conference call, counsel for the Government indicated that, as CIA summary judgment briefing was nearing completion, the time was ripe for the parties to discuss how DOJ should be handled. The Government reiterated this request during a June 13, 2008, conference call, and suggested that the parties schedule a meeting. By letter dated July 2, 2008, the Government renewed this request.

Plaintiffs, however, waited more than a month to respond to these invitations. Indeed, it was not until July 14, 2008, that plaintiffs consented to meet with the Government to discuss DOJ and CIA scheduling issues. This meeting was then scheduled for July 22, 2008.

Given the six months of silence from plaintiffs as to DOJ, and plaintiffs' month-long delay in agreeing to a meeting to discuss DOJ-related issues, the Government was taken entirely by surprise when, four days before the scheduled meeting, the plaintiffs filed the instant motion for a preliminary injunction.[5] In light of the Court's admonition that scheduling issues should be resolved consensually by the parties, however, the Government went forward with the planned July 22 meeting, at which time the Government made a detailed presentation regarding the status of DOJ's search and processing efforts, including the specific offices searched, the search methods employed, the search terms used, and the numbers of documents identified as potentially responsive.

As the Government made clear in October 2007 both to the plaintiffs and to the Court, had plaintiffs wished to proceed first with the DOJ summary judgment briefing, the Government stood ready in October 2007 to prioritize the processing of DOJ records. The Government left

---

[5] In light of this record, plaintiffs' assertion that, "during recent negotiations, DOJ continues unreasonably to delay in providing Plaintiffs responsive documents, basic information concerning the results of the agency's search, justification for its nonproduction, or an anticipated date by which it expect to complete processing," Memo at 5, is both baffling and disingenuous.

this choice to the plaintiffs, and they elected to prioritize processing of CIA records. They should not now be allowed to complain that the Government should instead have expedited the processing of DOJ records. Nor should the Government be penalized for proceeding in good faith in accordance with the agreement that it had reached with the plaintiffs.

### B. The Government's Proposal Regarding DOJ Summary Judgment Briefing

As explained further below, the Government respectfully requests that the plaintiffs' motion for a preliminary injunction be denied, and that the Court instead enter an order scheduling summary judgment briefing with respect to the adequacy of the DOJ's search for responsive records to commence on September 30, 2008.

As discussed *supra*, pursuant to its agreement with the plaintiffs, the Government prioritized the classification review and processing of the approximately 10,000 records identified by CIA as responsive to the Initial Requests. CIA did not complete its classification review and processing of this enormous volume of documents until May 30, 2008. Accordingly, it was only then that CIA turned to the classification review of documents referred to the CIA by DOJ. To date, CIA has only completed its classification review of a handful of these referred records. DOJ estimates that approximately 300-400 additional records will require classification review by CIA.[6]

Completion of this review has been complicated, however, by the Supreme Court's June 12, 2008, decision in *Boumediene v. Bush*. 128 S. Ct. 1229 (2008). In *Boumediene*, the Supreme Court held that aliens designated as enemy combatants and detained at the United States Naval Station at Guantanamo Bay, Cuba, have the right of habeas corpus. *Id.* This decision has had unanticipated effects on CIA's ability to move forward expeditiously with further classification reviews of records responsive to the Initial Requests.

On July 11, 2008, Judge Hogan of the United States District Court for the District of Columbia entered a scheduling order governing the consolidated habeas proceedings pending before that Court. A copy of that Order is attached as Exhibit B. Pursuant to that Order, the United States is required to file factual returns and motions to amend factual returns on a rolling basis at a rate of at least 50 returns per month. The first 50 factual returns are due on August 29, 2008.

The factual returns and the exhibits appended thereto will need to undergo classification review by CIA. CIA has dedicated a number of its staff, including original classifying authorities and employees from the Office of the Chief Information Officer and the Office of General Counsel, to the task of conducting the mandated classification reviews of the factual returns and exhibits on an expedited basis, in order to comply with Judge Hogan's order. Although this work has just begun, CIA estimates that its commitments with respect to processing documents for the habeas litigation will substantially interfere with its ability to conduct classification review of records responsive to the Initial Requests for at least the next four months. Accordingly, it would

---

[6] DOJ currently does not have a total count of responsive records, as some records will likely prove to be duplicative, and as some components and offices have tabulated the responsive records located by page, rather than by document.

not be feasible for CIA to complete the classification review of the outstanding DOJ records before the end of the year. Until such time as the classification review is complete, DOJ will be unable to defend its Exemption 1 withholdings in a summary judgment motion.

Even absent this unanticipated conflict, however, it is the Government's position that the time-consuming task of conducting a classification review with respect to the records located by DOJ would be best deferred until after the Court resolves the pending CIA summary judgment motion. That motion, which will be fully submitted to the Court on September 15, 2008, will also resolve most of the issues that would be litigated in a DOJ summary judgment motion, including the Exemption 1 withholding issues. Given the nature of the information sought by the Initial Requests, the responsive information contained in the DOJ-located records will be classified for substantially the same reasons as the information contained in the CIA-located records. It would be enormously inefficient and burdensome for DOJ to proceed with summary judgment briefing when these same issues are already before the Court and will soon be ripe for resolution.

In moving for summary judgment with respect to its responses to the Initial Requests, CIA has asserted that almost all of the records responsive to the Initial Requests are properly withheld in their entirety pursuant to Exemptions 1 and 3 of the FOIA, because the information requested by the plaintiffs — information regarding the CIA's Terrorist Detention and Interrogation Program, and specifically information regarding where detainees had been held, the details of their confinement, the employment of alternative interrogation methods and other operational details related to the program — are all classified Top Secret, Sensitive Compartmented Information. *See* Declaration of Ralph S. Dimaio, dated April 21, 2008, at ¶ 114 (Docket No. 54).

In opposing CIA's motion for summary judgment and cross-moving for summary judgment, the plaintiffs have argued that CIA's *Vaughn* indices and declarations are insufficiently detailed. *See* Opposition to the Central Intelligence Agency's Motion for Summary Judgment and Memorandum of Law in Support of Plaintiffs' Cross Motion for Partial Summary Judgment at (Docket No. 76). The plaintiffs have also challenged CIA's Exemption 1 and 3 withholdings on substantive grounds, arguing that information pertaining to the Terrorist Detention and Interrogation Program is not properly withheld because its activities "fall outside the scope of CIA's statutory authority and were proscribed by law at the time the acts were committed." *Id.* at 30. The plaintiffs therefore have moved for an order (i) requiring CIA to provide a new *Vaughn* index that provides the court with additional detail regarding the withheld documents; (ii) holding that CIA did not properly withhold information pursuant to Exemptions 1 and 3, and (iii) requiring CIA to reprocess all of its records and to disclose the information that the plaintiffs allege was improperly withheld.

Essentially, plaintiffs are proposing that DOJ and CIA engage in the labor- and time-intensive task of conducting classification reviews of records and drafting *Vaughn* indices, before the Court even resolves the threshold question of what standards should govern their efforts. For example, if plaintiffs were to prevail in any of their substantive challenge to CIA's withholdings of records pursuant to Exemption 1, CIA, having just completed its review of DOJ records, would almost certainly be forced to turn around and reprocess those same records again, applying the standards set forth in any Court order issued with respect to the CIA records. Nothing in FOIA requires the Government to engage in burdensome reviews that might well prove to be

superfluous. Similarly, it makes little sense for the DOJ and CIA to create a *Vaughn* index that will be similar in substance to the *Vaughn* index submitted in support of CIA's summary judgment motion, when the Court is considering the sufficiency of that *Vaughn* index in a pending motion.

Moreover, adjudicating the DOJ summary judgment motion without first resolving CIA's summary judgment motion would be a waste of judicial resources. As substantially the same type of information regarding the CIA's Terrorist Detention and Interrogation Program is at issue in the records, any motion for summary judgment filed by the DOJ will largely be duplicative of the CIA summary judgment motion. It makes no sense for the Court to address these same issues repetitively in a series of summary judgment motions filed by each of the defendant agencies. Rather, the Government respectfully submits that the more efficient course would be to resolve the threshold issues regarding the sufficiency of the agencies' *Vaughn* index and declarations, as well as the propriety of the Government's assertion of Exemptions 1 and 3 with respect to classified information pertaining to the CIA's Terrorist Detention and Interrogation Program, in the context of CIA's summary judgment motion. The parties would then be able to apply these rulings going forward to similar information in other agency records.

Accordingly, with respect to DOJ's response to the Initial Requests, the Government respectfully requests that the Court deny plaintiff's motion for a preliminary injunction. There are, however, issues that are ripe for resolution and that would serve to substantially advance this litigation. For example, DOJ is poised to go forward with a summary judgment motion with respect to the adequacy of its search for responsive records as early as September 30, 2008. DOJ is also prepared to complete its processing of any unclassified documents and to release any such unclassified records that are not subject to other FOIA exemptions in short order. DOJ therefore proposes that the Court enter an order limiting the scope of summary judgment briefing to adequacy of the search issues, until such time as the Court resolves CIA's motion for summary judgment.

### III. Plaintiffs' Motion for an Injunction Requiring the DOJ and CIA to Provide *Vaughn* Indices Prior to the Filing of a Summary Judgment Motion Should be Denied

In their preliminary injunction motion, plaintiffs also seek an order requiring both DOJ and CIA to produce *Vaughn* indices to the plaintiffs within 30 days. This aspect of the plaintiffs' motion should also be denied.

Plaintiffs have no statutory entitlement to the production of a *Vaughn* index under the FOIA. *See* 5 U.S.C. § 552. Rather, a *Vaughn* index is simply one procedural mechanism pursuant to which the Government can meet its burden of proving at summary judgment that a withheld record or portion thereof is exempt from disclosure. *See Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *cf. Schwarz v. United States Dep't of Treasury*, 131 F. Supp. 2d 142, 147 (D.D.C. 2000) ("Plaintiff is advised that there is no requirement that an agency provide a "search certificate" or a "Vaughn" index on an initial request for documents. The requirement for detailed declarations and *Vaughn* indices is imposed in connection with a motion for summary judgment filed by a defendant in a civil action pending in court."). The Government can also meet this burden, however, through the submission of detailed declarations or affidavits, or, in rare cases, by submitting documents for *in camera* inspection. *See Miscavige*, 2 F.3d at 368.

Accordingly, courts routinely deny motions seeking to compel the production of *Vaughn* indices prior to the submission of summary judgment briefs. *See, e.g.*, *Vaughn v. United States*, 936 F.2d 862, 868-69 (6th Cir. 1991); *Electronic Frontier Foundation v. Office of the*

*Director of National Intelligence*, No. C 07-5278, 2007 WL 4208311 (N.D. Cal. Nov. 27, 2007); *Gerstein v. CIA*, No. C-06-4643, 2006 WL 3462659 (N.D. Cal. Nov. 29, 2006); *Bassiouni v. CIA*, 248 F. Supp. 2d 795 (N.D. Ill. 2003); *Pyne v. Commissioner*, No. 98-00253, 1999 WL 112532 (D. Hawaii Jan. 6, 1999); *Payne v. United States Dep't of Justice*, Civ. No. 95-2968, 1995 WL 601112 (E.D. La. 1995); *Ferguson v. FBI*, 722 F. Supp. 1137, 1144-45 (S.D.N.Y. 1989) (granting motion for *Vaughn* index for documents produced by FBI in redacted form more than five years previously, but denying as premature motion for *Vaughn* index for records responsive to second FOIA request that had not yet been processed); *Stimac v. United States Dep't of Justice*, 620 F. Supp. 212, 213 (D.D.C. 1985) ("[T]he preparation of a *Vaughn* index would be premature before the filing of dispositive motions. Because the court's resolution of any dispositive motions and affidavits which might be filed with regard to plaintiff's claim against EOUSA could moot a *Vaughn* index motion, plaintiff's motion for preparation of a *Vaughn* index will be denied without prejudice as untimely and premature."). *But see Electronic Frontier Foundation v. Office of the Director of National Intelligence*, 542 F. Supp. 2d 1181, 1185 (C.D. Cal. 2008) (ordering production of *Vaughn* index upon finding that FOIA request entitled to expedited review); *Electronic Privacy Information Center v. Department of Justice*, 416 F. Supp. 2d 30, 39-40 (D.D.C. 2006) (same); *ACLU v. Department of Defense*, 339 F. Supp. 2d 501, 505 (S.D.N.Y. 2004) (ordering the production of a *Vaughn* index within 30 days, but further holding that, if the government was unable to comply with the ordered schedule, ongoing production of responsive documents would be taken into account in relation to any request for an enlargement of time); *Natural Resources Defense Council v. Department of Energy*, 191 F. Supp. 2d 41, 42 (D.D.C. 2002) (granting motion for production of *Vaughn* index where government agency not opposed to providing index of withheld records); *Aguilera v. FBI*, 941 F. Supp. 144, 149 (D.D.C. 1996) (granting motion for production of *Vaughn* index where plaintiff had shown "exceptional and urgent need" for expedition in light of pending criminal proceedings); *Cleaver v. Kelley*, 427 F. Supp. 80, 81-82 (D.D.C. 1976) (same).

* * *

Under the schedule proposed by the Government, CIA's opposition brief to the pending cross-motion for summary judgment would be filed on August 29, 2008; DOJ would file its motion regarding the adequacy of its search on September 30, 2008; and CIA would file its summary judgment motion with respect to the Supplementary CIA FOIA Request on October 31, 2008. In other words, the Government is proposing a schedule pursuant to which it would file three substantial briefs, as well as innumerable supporting declarations, in a matter of nine weeks. This is an ambitious schedule that would permit for the immediate adjudication of many of the outstanding issues that are ripe for review, but that would also accommodate the Government's legitimate and reasonable concerns.

In conclusion, the Government respectfully requests that the Court (i) deny the plaintiffs' motion for a preliminary injunction; (ii) schedule the DOJ's motion with respect to the adequacy of the DOJ search for responsive records for September 30, 2008; (iii) schedule the CIA's motion for summary judgment with respect to all non-stayed portions of the Supplementary CIA FOIA Request for October 31, 2008; and (iv) permit the Government to file its motion for a partial stay without the need for a pre-motion conference, and enter an expedited schedule for the resolution

of that motion. The Government further respectfully requests that the Court order that this letter be docketed.

        Respectfully,

        MICHAEL J. GARCIA
        United States Attorney

By:   ___/s/_____
      JEANNETTE A. VARGAS
      BRIAN M. FELDMAN
      PIERRE G. ARMAND
      Assistant United States Attorneys
      EMILY E. DAUGHTRY
      Special Assistant United States Attorney
      Tel. No.: (212) 637-2678/2777/2724/1579
      Fax. No.: (212) 637-2702

cc:    **BY ELECTRONIC MAIL AND FIRST CLASS MAIL**
      Gitanjali S. Gutierrez
      Emilou MacLean
      Center for Constitutional Rights
      666 Broadway, Seventh Floor
      *Attorneys for Plaintiff Center*
      *for Constitutional Rights*

      Margaret Satterthwaite
      Martha J. Johnstone
      Washington Square Legal Services, Inc.
      International Human Rights Clinic
      245 Sullivan Street
      New York, New York 10011
      *Attorneys for Plaintiffs Washington*
      *Square Legal Services, Inc., and*
      *Amnesty International USA*